# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | |
|---|---|
| H & L FARMS, LLC; SHAUN HARRIS and AMIE HARRIS, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| SILICON RANCH CORPORATION; SR LUMPKIN, LLC; INFRASTRUCTURE AND ENERGY ALTERNATIVES, INC.; IEA CONSTRUCTORS, LLC; and WESTWOOD PROFESSIONAL SERVICES, INC., | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

Civil Action No.: 4:21-cv-00134-CDL

## CONFIDENTIALITY AGREEMENT AND CONSENT PROTECTIVE ORDER

It is hereby stipulated and agreed by and between the respective parties hereto and their counsel and ordered by the Court, that

1. This Confidentiality Agreement and Consent Protective Order ("Agreement") governs the production and handling of documents, testimony, interrogatory responses and other information (collectively "discovery materials") produced by the parties in connection with this lawsuit.

2. A party producing discovery materials in response to a discovery request (hereinafter the "Producing Party"), may designate as "Confidential" any

1

discovery materials which it in good faith believes to contain commercially sensitive or proprietary information. The Producing Party shall mark, label, or stamp the document as "CONFIDENTIAL" on the face of the document. The "Confidential" stamp will not obliterate or obfuscate any information on the document.

3. Notwithstanding the designation of discovery materials as "Confidential," the restrictions of this Protective Order shall not apply to discovery materials that are:

    (a) Otherwise publicly available; or

    (b) Provided to one or more of the parties from a source other than the Producing Party provided that such source did not:

        (i) Receive the discovery materials in question or the information contained therein under any confidentiality or other restriction; or

        (ii) Provide the discovery material in question or the information contained therein to the Producing Party under such restriction.

4. In the event that a party to this agreement objects to or disagrees with the Producing Party's designation of any item as confidential and subject to this Protective Order, that party shall send a written notice to counsel for the Producing Party specifying the item(s) in question. Should the parties fail to reach agreement,

the Producing Party must, within thirty (30) days of receiving a written notice specifying the documents or information in question, file a Motion to Preserve Confidential Status. Any item in dispute shall continue to be treated as confidential and subject to this Order until such time as the court rules that it is not. Should the designating party fail to file, within thirty (30) days of receiving such written notice, a motion with the Court to preserve the confidential status of such document or information, the document or information shall be deemed not confidential. It will be the burden of the Producing Party to prove that such items are entitled to confidentiality and/or protection.

5. Designation of a portion of a deposition transcript (including exhibits) as confidential shall be made by a statement to such effect on the record in the course of the deposition or, within thirty (30) days after receipt of the deposition transcript, counsel for the Producing party shall identify by page and line number the specific portion of the transcript or material that the Producing party intends to designate as confidential or subject to this Protective Order in a written letter served to all counsel of record. During those thirty days, the entire deposition transcript, including exhibits, shall be deemed confidential. However, all deposition transcripts or portions thereof designated as confidential or subject to this Protective Order shall be subject to the challenge provisions set forth above in Section 4 of this Protective Order.

6. Designation of discovery materials produced in a non-paper media or electronic form (e.g. video or audio recordings, computer disks, computer hard drives, thumb drives, etc.) may be made by any means practicable, including producing the materials in an envelope or container marked "CONFIDENTIAL," or by making the Confidential designation in the text of a transmittal email or message accompanying a drop box containing such materials.

7. Access to all materials designated Confidential and produced for inspection or received in this lawsuit shall be limited to counsel of record for the named parties, in-house counsel and the firms of counsel of record, including any employees of in-house counsel and/or firms of counsel of record, except as stated below.

8. Discovery materials designated as Confidential also may be disclosed to:

(a) The parties to this action, including such employees, agents and/or representatives of the parties as are necessary for the prosecution or defense of this litigation;

(b) Any expert (including both consulting and/or testifying experts);

(c) Any person testifying at a deposition or at any hearing in this litigation, provided that questioning that person about confidential materials is within the scope of F.R.C.P. 26(b)(1);

    (d)    Other persons who may be designated by written consent of the Producing Party or pursuant to a court order;

    (e)    Any disclosure to any such persons as set forth in paragraphs (a)–(d) above shall be made only upon the following terms and conditions:

        (i) Such persons must agree to abide by the terms of this Confidentiality Agreement and Consent Protective Order as evidenced by his or her signature on the form annexed hereto as Exhibit A ("Agreement Concerning Material Covered By the Confidentiality Agreement and Consent Protective Order"). Counsel shall maintain each executed Agreement Concerning Material Covered By the Confidentiality Agreement and Consent Protective Order. Should anyone decline to execute the Confidentiality Agreement, the parties will work together to find an alternative means of protecting confidential information, such as redaction.

9.    All discovery materials designated as Confidential shall be used by the party receiving such discovery material (hereinafter the "Receiving Party") solely for the purposes of conducting this litigation. The material designated Confidential may

be used by either party for any appropriate purpose at trial or other hearing, subject to evidentiary objections, if any, and for any legitimate purpose during discovery. The Receiving Party and all persons acting by, through, or on behalf of the Receiving Party of material designated Confidential pursuant to the terms of this Protective Order are prohibited from using such designated materials for any purpose other than for purposes of this litigation.

10. Any party seeking to tender, submit, or file Confidential information with the Court under seal shall, after conferring with opposing counsel, submit a motion to file under seal explaining the nature of the documents to be filed under seal and the reasons filing under seal is necessary. The parties will work together to find alternative means of protecting confidential information, such as redaction.

11. Upon request by the Producing Party, within 60 days after final conclusion of all aspects of this litigation by settlement, trial, or final appeal, Stamped Confidential Documents shall be destroyed. Upon request, Counsel of record shall make certification of compliance herewith.

12. The inadvertent failure of a Producing Party to designate discovery materials as Confidential shall not be deemed to be a waiver of the party's right to so designate such discovery materials and correct any inadvertent failure to designate any material as Confidential.

13. The production of such documents, depositions, or information shall

not constitute a waiver of any privilege or other claim or right of withholding or Confidentiality that it may have.

14. Entering into, agreeing to and/or producing materials or otherwise complying with the terms of this Agreement shall not:

    (a) Prejudice in any way the rights of the Producing Party to object to the production of documents it considers not subject to discovery; or

    (b) Prejudice in any way the rights of a party to seek a determination of whether particular discovery materials should be produced.

15. No part of the restrictions imposed by this Protective Order may be terminated, except by written agreement executed by counsel of record for each designating party, or by an order of the Court for good cause shown. The termination of this litigation shall not automatically terminate this Protective Order.

16. The parties agree that this Protective Order may be executed in a number of counterparts, each of which shall be considered an original instrument, but all of which together shall be considered one and the same instrument.

It is SO ORDERED, this the 28th day of February, 2022.

                                      s/ Clay D. Land
                                      Clay D. Land
                                      United States District Judge

| **CONSENTED TO:** | **CONSENTED TO:** |
|---|---|
| Alycen A. Moss<br>Georgia Bar No. 002598<br>Danielle C. Le Jeune<br>Georgia Bar No. 134222<br>COZEN O'CONNOR<br>The Promenade, Suite 400<br>1230 Peachtree Street, N.E.<br>Atlanta, GA  30309<br>Telephone: (404) 572-2052<br>Facsimile:   (877) 728-1396<br>E-mail:   amoss@cozen.com<br>          dlejeune@cozen.com<br>*Attorneys for Defendants Silicon Ranch Corporation and SR Lumpkin, LLC* | C. Cooper Knowles<br>Georgia Bar No. 426699<br>Law Office of C. Cooper Knowles, LLC<br>750 Hammond Drive<br>Building 12, Suite 200<br>Sandy Springs, GA 30328<br>Telephone: (770) 668-2081<br>Facsimile:<br>E-mail:   cknowles@cckfirm.com<br>*Attorney for Plaintiffs* |

| **CONSENTED TO:** | **CONSENTED TO:** |
|---|---|
| James E. Butler, Jr.<br>Georgia Bar No. 099625<br>Daniel E. Philyaw<br>Georgia Bar No. 877765<br>Caroline E. Walker<br>Georgia Bar No. 511349<br>Butler Prather LLP<br>2719 Buford Highway<br>Atlanta, GA 30324<br>Telephone:  (706) 322-1990<br>Facsimile:   (706) 323-2962<br>E-mail:   jim@butlerprather.com<br>E-mail:   dan@butlerprather.com<br>E-mail:   caroline@butlerprather.com<br>*Attorneys for Plaintiffs* | C. Frederick Overby<br>Georgia Bar No. 555845<br>Overby Law Office, P.C.<br>Post Office Box 1975<br>Columbus, GA 31902<br>Telephone: (706) 327-0300<br>Facsimile:   (706) 320-0053<br>E-mail:   fredoverby@overbylaw.com<br>*Attorney for Plaintiffs* |

| **CONSENTED TO:** | **CONSENTED TO:** |
|---|---|
| _____ | _____ |
| Kent T. Stair | Ryan Wilhelm – Ga. Bar No. 759059 |
| Georgia Bar No. 674025 | Martin A. Shelton – Ga. Bar No. 640749 |
| Melissa L. Bailey | Keith M. Kodosky – Ga. Bar No. 404814 |
| Georgia Bar No. 804341 | |
| Jordan N. Teich | |
| Georgia Bar No. | LEWIS BRISBOIS BISGAARD & SMITH LLP |
| Corey R. Mendel | 600 Peachtree Street NE, Suite 4700 |
| Georgia Bar No. 604149 | Atlanta, Georgia 30308 |
| Copeland, Stair, Kingma and Lovell LLP | 404.476.2009 |
| 191 Peachtree Street, NE, Suite 3600 | Ryan.Wilhelm@lewisbrisbois.com |
| Atlanta, GA 30303-1740 | Martin.Shelton@lewisbrisbois.com |
| Telephone: (404) 522-8220 | Keith.Kodosky@lewisbrisbois.com |
| Facsimile: (404) 523-2345 | *Attorneys for IEA Defendants* |
| E-mail: kstair@cskl.law | |
| E-mail: mbailey@cskl.law | |
| E-mail: jteich@cskl.law | |
| E-mail: cmendel@cskl.law | |
| *Attorneys for Defendant Westwood Professional Services, Inc.* | |