IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| H & L FARMS, LLC; SHAUN HARRIS and AMIE HARRIS, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>) |
| SILICON RANCH CORPORATION; SR LUMPKIN, LLC; INFRASTRUCTURE AND ENERGY ALTERNATIVES, INC.; IEA CONSTRUCTORS, LLC; and WESTWOOD PROFESSIONAL SERVICES, INC., | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No.: 4:21-cv-00134-CDL |
| Defendants. | )<br>) |

## DEFENDANTS SILICON RANCH CORPORATION AND SR LUMPKIN, LLC'S NOTICE OF NON-PARTIES POTENTIALLY AT FAULT PURSUANT TO O.C.G.A. § 51-12-33

Defendants Silicon Ranch Corporation and SR Lumpkin, LLC ("Defendants"), hereby file this notice designating the fault of non-parties in this action pursuant to O.C.G.A. §51-12-33(d). Defendants state the following non-parties are wholly or partially at fault for Plaintiffs' alleged damages, and that the fault of such non-parties should be considered by the jury when allocating percentages of fault or liability in this matter. Pursuant to O.C.G.A.§ 51-12-33(d), included with this non-party designation are the nonparties' names and last known

addresses, together with a brief statement of Defendants' basis for believing the non-parties to be wholly or partially at fault with respect to the damages claimed by Plaintiffs.

1.      **Kawikee Two, LLC, P.O. Box 2766, Columbus, GA 31902**

Plaintiffs' Complaint alleges that Defendants' land disturbance and development activities on the solar farm site have resulted in the continuous and excessive discharge of water, eroded soils, silt, sediment, debris, muddy water, and other pollutants from their development site and onto Plaintiffs' property. (*See, e.g.,* Compl., ¶ 242). Plaintiffs allege "[t]hese continuous and excessive discharges have caused damage to Plaintiffs and their property and have interfered with Plaintiffs' full use and enjoyment of their property as they see fit." (Compl., ¶ 243).

Kawikee Two, LLC ("Kawikee Two") was involved with timbering activities on the solar farm site before and after Plaintiff H&L Farms, LLC ("H&L Farms") purchased the property downstream from the solar farm site and is wholly or partially at fault for those injuries claimed by Plaintiffs. The timbering activities were conducted under the supervision and in the active presence of Kawikee Two and its employees and contractors, and Kawikee Two had both the right and duty to stop the timbering activities from causing any damage to the solar farm site or any adjoining landowner's property. Because Plaintiffs' allegations make it plain Kawikee Two had a role in the land disturbance activities Plaintiffs claim caused

their injuries, Kawikee Two may be wholly or partially at fault for those injuries pursuant to O.C.G.A. ¶ 51-12-33(c).

### 2.   American Forest Management, Inc., 1813 Glynwood Drive, Prattville, AL 36066

Plaintiffs' Complaint alleges that Defendants' land disturbance and development activities on the solar farm site have resulted in the continuous and excessive discharge of water, eroded soils, silt, sediment, debris, muddy water, and other pollutants from their development site and onto Plaintiffs' property. (*See, e.g.,* Compl., ¶ 242). Plaintiffs allege "[t]hese continuous and excessive discharges have caused damage to Plaintiffs and their property and have interfered with Plaintiffs' full use and enjoyment of their property as they see fit." (Compl., ¶ 243).

American Forest Management, Inc. ("AFM") was involved with timbering activities on the solar farm site before and after H&L Farms purchased the property downstream from the solar farm site and is wholly or partially at fault for those injuries claimed by Plaintiffs. The timbering activities were conducted under the supervision and in the active presence of AFM and its employees, and AFM had both the right and duty to stop the timbering activities from causing any damage to the solar farm site or any adjoining landowner's property. Because Plaintiffs' allegations make it plain AFM had a role in the land disturbance activities Plaintiffs claim caused their injuries, AFM may be wholly or partially at fault for those injuries pursuant to O.C.G.A. ¶ 51-12-33(c).

### 3. Interfor U.S., Inc., 903 Jernigan Street, Perry, GA 31069

Plaintiffs' Complaint alleges that Defendants' land disturbance and development activities on the solar farm site have resulted in the continuous and excessive discharge of water, eroded soils, silt, sediment, debris, muddy water, and other pollutants from their development site and onto Plaintiffs' property. (See, e.g., Compl., ¶ 242). Plaintiffs allege "[t]hese continuous and excessive discharges have caused damage to Plaintiffs and their property and have interfered with Plaintiffs' full use and enjoyment of their property as they see fit." (Compl., ¶ 243).

Interfor U.S., Inc. ("Interfor") was involved with timbering activities on the solar farm site before and after H&L Farms purchased the property downstream from the solar farm site and is wholly or partially at fault for those injuries claimed by Plaintiffs. The timbering activities were conducted by Interfor and its employees, and Interfor had both the right and duty to stop the timbering activities from causing any damage to the solar farm site or any adjoining landowner's property. Because Plaintiffs' allegations make it plain Interfor had a role in the land disturbance activities Plaintiffs claim caused their injuries, Interfor may be wholly or partially at fault for those injuries pursuant to O.C.G.A. ¶ 51-12-33(c).

### 4. Wayback Forestry, Inc., P.O. Box 305, Cuthbert, GA 39840

Plaintiffs' Complaint alleges that Defendants' land disturbance and development activities on the solar farm site have resulted in the continuous and

4

excessive discharge of water, eroded soils, silt, sediment, debris, muddy water, and other pollutants from their development site and onto Plaintiffs' property. (See, e.g., Compl., ¶ 242). Plaintiffs allege "[t]hese continuous and excessive discharges have caused damage to Plaintiffs and their property and have interfered with Plaintiffs' full use and enjoyment of their property as they see fit." (Compl., ¶ 243).

Wayback Forestry, Inc. ("Wayback") was involved with timbering activities on the solar farm site before and after H&L Farms purchased the property downstream from the solar farm site and is wholly or partially at fault for those injuries claimed by Plaintiffs. The timbering activities were conducted by Wayback and its employees, and Wayback had both the right and duty to stop the timbering activities from causing any damage to the solar farm site or any adjoining landowner's property. Because Plaintiffs' allegations make it plain Wayback had a role in the land disturbance activities Plaintiffs claim caused their injuries, Wayback may be wholly or partially at fault for those injuries pursuant to O.C.G.A. ¶ 51-12-33(c).

5. **Kawikee Refuge, LLC, P.O. Box 2766, Columbus, GA 31902**

Plaintiffs' Complaint alleges that Defendants' land disturbance and development activities on the solar farm site have resulted in the continuous and excessive discharge of water, eroded soils, silt, sediment, debris, muddy water, and other pollutants from their development site and onto Plaintiffs' property. (See, e.g.,

Compl., ¶ 242). Plaintiffs allege "[t]hese continuous and excessive discharges have caused damage to Plaintiffs and their property and have interfered with Plaintiffs' full use and enjoyment of their property as they see fit." (Compl., ¶ 243).

Kawikee Refuge, LLC ("Kawikee Refuge") is the entity that sold the property formerly known as "Kawikee Refuge" to H&L Farms. (Compl., 4). Upon information and belief, Kawikee Refuge improperly used the property, which is zoned as Agricultural, for hunting and fishing purposes and otherwise caused soil movement, subsidence, settlement, upheaval, or erosion in the 21-acre lake located on the property purchased by H&L Farms. Because Plaintiffs' allegations make it plain Kawikee Refuge had a role in the land disturbance activities Plaintiffs claim caused their injuries, Kawikee Refuge may be wholly or partially at fault for those injuries pursuant to O.C.G.A. ¶ 51-12-33(c).

This Civil Action is in the initial discovery phase making it impossible to accurately determine all of the non-parties who may be potentially or wholly at fault in this Civil Action at this time. Accordingly, Defendants reserve the right to supplement this Notice should additional non-parties at fault be identified.

Defendants adopt and incorporate by reference, as applicable, any non-parties disclosed on any Co-Defendant's non-party at fault notices.

WHEREFORE, Defendants Silicon Ranch Corporation and SR Lumpkin, LLC, having submitted the requisite statutory notice pursuant to O.C.G.A.

6

§ 51-12-33, hereby request the jury be permitted to consider the negligence or fault of Kawikee Two, LLC, American Forest Management, Inc., Interfor U.S., Inc., Wayback Forestry, Inc., and Kawikee Refuge, LLC.

Respectfully submitted this 12th day of May, 2022.

>	/s/ Alycen A. Moss
>	Alycen A. Moss
>	Georgia Bar No. 002598
>	Danielle C. Le Jeune
>	Georgia Bar No. 134222
>	COZEN O'CONNOR
>	The Promenade, Suite 400
>	1230 Peachtree Street, N.E.
>	Atlanta, GA  30309
>	Telephone:  (404) 572-2052
>	Facsimile:   (877) 728-1396
>	E-mail:   amoss@cozen.com
>	             dlejeune@cozen.com
>
>	*Attorneys for Defendants Silicon Ranch Corporation and SR Lumpkin, LLC*

LEGAL\57934844\1

Case 4:21-cv-00134-CDL   Document 42   Filed 05/12/22   Page 8 of 10

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | |
|---|---|
| H & L FARMS, LLC; SHAUN HARRIS and AMIE HARRIS,<br><br>Plaintiffs,<br><br>v.<br><br>SILICON RANCH CORPORATION; SR LUMPKIN, LLC; INFRASTRUCTURE AND ENERGY ALTERNATIVES, INC.; IEA CONSTRUCTORS, LLC; and WESTWOOD PROFESSIONAL SERVICES, INC.,<br><br>Defendants. | Civil Action No.: 4:21-cv-00134-CDL |

## CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2022, I electronically filed the foregoing ***Defendants Silicon Ranch Corporation and SR Lumpkin, LLC's Notice of Non-Parties Potentially at Fault Pursuant to O.C.G.A. §51-12-33*** with the Clerk of Court using the CM/ECF system which will automatically send a notice of electronic filing to the following attorneys of record:

LEGAL\57934844\1

James E. Butler, Jr.  
Daniel E. Philyaw  
Caroline E. Walker  
Butler Prather LLP  
105 13th Street  
Post Office Box 2766  
Columbus, GA 31902  
jim@butlerwooten.com  
dan@butlerwooten.com  
caroline@butlerwooten.com  
*Attorneys for Plaintiffs*

C. Frederick Overby  
Overby Law Office, P.C.  
Post Office Box 1975  
Columbus, GA 31902  
fredoverby@overbylaw.com  
*Attorney for Plaintiffs*

C. Cooper Knowles  
Law Office of C. Cooper Knowles, LLC  
750 Hammond Drive  
Building 12, Suite 200  
Sandy Springs, GA 30328  
cknowles@cckfirm.com  
*Attorney for Plaintiffs*

Keith M. Kodosky  
Martin A. Shelton  
Ryan Wilhelm  
Lewis Brisbois Bisgaard & Smith LLP  
600 Peachtree Street, NE, Suite 4700  
Atlanta, Georgia 30308  
Keith.Kodosky@lewisbrisbois.com  
Martin.shelton@lewisbrisbois.com  
Ryan.wilhelm@lewisbrisbois.com  
*Attorneys for IEA Defendants*

Kent T. Stair  
Melissa L. Bailey  
Jordan N. Teich  
Corey R. Mendel  
Copeland, Stair, Valz & Lovell LLP  
191 Peachtree Street, NE, Suite 3600  
Atlanta, GA 30303-1740  
kstair@csvl.law  
mbailey@csvl.law  
jteich@csvl.law  
cmendel@csvl.law  
*Attorneys for Defendant Westwood Professional Services, Inc.*

3

This 12th day of May, 2022.

                                             */s/ Alycen A. Moss*
                                             Alycen A. Moss
                                             Georgia Bar No. 002598