## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## COLUMBUS DIVISION

| | | |
|---|---|---|
| H & L FARMS, LLC; SHAUN HARRIS and AMIE HARRIS, | * | |
| | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | |
| | * | |
| SILICON RANCH CORPORATION; | * | Civil Action No.:  4:21-cv-00134- |
| SR LUMPKIN, LLC; | * | CDL |
| INFRASTRUCTURE AND ENERGY | * | |
| ALTERNATIVES, INC.; IEA | * | |
| CONSTRUCTORS, LLC; and | * | |
| WESTWOOD PROFESSIONAL | * | |
| SERVICES, INC., | * | |
| | * | |
| Defendants. | * | |
| | * | |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT IEA CONSTRUCTORS LLC'S MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS

COMES NOW, Defendant IEA Constructors, LLC ("IEAC"), by counsel,

pursuant to Rules 26, 30, and 37 of the Federal Rules of Civil Procedure and Local

Rule 7.1, and hereby moves this Honorable Court for an Order (1) compelling the

deposition of Plaintiff Shaun Harris ("Mr. Harris"), and (2) requiring Mr. Harris,

his attorneys, or both, to bear the following costs and expenses: (a) the court

reporter fees for Mr. Harris' first deposition; (2) counsel for IEAC's travel and

lodging expenses for Mr. Harris' first deposition; (3) IEAC's attorney fees, court

reporter/videographer fees, and travel expenses for Mr. Harris' second deposition; and (4) IEAC's attorneys' fees and costs associated with bringing this Motion to Compel Discovery and for Sanctions, as fully set forth below.

## I.    INTRODUCTION

The crux of this action is a claim for property damage to real property allegedly owned by Plaintiffs, H & L Farms, LLC ("H & L Farms"), Mr. Harris, and his wife, Amie Harris ("Mrs. Harris") (collectively, "Plaintiffs"), allegedly caused by actions or inactions of Defendants in building a solar facility (the "Lumpkin Solar Facility").  *See* [Dkt. 27, Scheduling Order, at 4].  On January 25, 2021, construction commenced on the Lumpkin Solar Facility which consists of 990 acres of solar modules and an additional 17.5 acres of associated infrastructure.  *Id.*  Defendant Silicon Ranch Corporation and SR Lumpkin, LLC, through SR EPC, LLC, entered into a contract with IEAC for the design, construction, and installation of the Facility.  *Id.*  Westwood Professional Services, Inc., provided professional engineering services in connection with the design of the Facility.  *Id.*

Plaintiffs claim to have suffered both pecuniary and property damages as a result of Defendants' actions or inactions in building the Facility.  *See* [Dkt. 1, Complaint for Damages, at 79, ¶ 245].  Specifically, Plaintiffs allege Defendants knew their conduct would result in the discharge of increased volumes of water

traveling at increased velocity and carrying silt, sediment, muddy water, and pollution onto their downstream neighbors' property. *See* [Dkt. 27, Scheduling Order, at 1-2]. Plaintiffs further allege they "complained to defendants about the damage defendants were causing to Plaintiffs' property" prior to Plaintiffs' initiation of this action. *See* [Dkt. 1, Complaint for Damages, at 59, ¶ 174]. Plaintiffs' alleged damages include "destruction of wetlands on Plaintiffs' property, destruction of a stream that flows through Plaintiffs' property, and destruction of a 21 acre trophy bass and bream fishing lake." *See* [Dkt. 27, Scheduling Order, at 2]. According to Plaintiffs, "[t]hose were the most attractive features of the 1,630 acre property Plaintiffs bought and owned, for which Plaintiffs paid $3.4 million." *Id*. Plaintiffs claim to have been deprived of much of the use and enjoyment of their property. *Id*.

## II.   MOTION SPECIFIC FACTS

IEAC scheduled Mr. Harris' deposition for 10:00 a.m. EST on March 30, 2022. Additionally, IEAC scheduled H & L Farms' 30(b)(6) deposition for 10:00 a.m. EST on March 29, 2022, and Mrs. Harris' deposition for 10:00 a.m. EST on March 31, 2022. All of the Plaintiffs' depositions were scheduled to be completed at the office of Plaintiffs' counsel in Columbus, Georgia. IEAC's counsel sent notices of the scheduled depositions on March 22, 2022, and Mr. Harris' counsel acknowledged receipt of the notices on March 25, 2022. See Exhibit A, 03/22/22

email from H. Wells; Exhibit B, 03/22/22 email from K. Kodosky; Exhibit C,
03/25/22 email from J. Butler.

In response to the properly-served notices, Plaintiffs' counsel informed
IEAC's counsel "that Mr. Harris would be the only possible person capable of
responding" to the 30(b)(6) deposition of H & L Farms.  Ex. C, 03/25/22 email
from J. Butler.  Plaintiffs' counsel further stated they "would not agree that Mr.
Harris be deposed more than once."  *Id*.  Despite their objection to Mr. Harris
being deposed both in his individual capacity and as the Rule 30(b)(6) designee of
H & L Farms, Plaintiffs did not move for a protective order pursuant to Federal
Rule of Civil Procedure 26(c).

The depositions of H & L Farms and of Mrs. Harris were completed as
scheduled on March 29 and 30,[1] 2022, respectively, with Mr. Harris providing
testimony as H & L Farms' 30(b)(6) designee.  However, at the start of Mr. Harris'
noticed deposition on March 30, 2022, Plaintiffs' counsel confirmed that Mr.
Harris would not be appearing a second time for his individual deposition and the
deposition was adjourned, without IEAC being permitted to depose Mr. Harris in
his individual capacity as noticed.  *See* Exhibit D, 03/30/22 Certificate of

---

[1] The undersigned defense counsel agreed with Plaintiffs to move Mrs. Harris' individual
deposition to March 30, thirty minutes following the completion of Mr. Harris' individual
deposition.  Mrs. Harris was deposed following the non-appearance of Mr. Harris to testify,
though he was physically in the room.

Nonappearance for the Scheduled Deposition of Shaun Harris.

## III.    CERTIFICATION REQUIREMENTS OF LOCAL RULE 37

Pursuant to Local Rule 37, IEAC certifies it has in good faith conferred or attempted to confer with the opposing party in an effort to secure the information without court action.[2]  Such efforts have been unsuccessful.

## IV.    ARGUMENT

Rule 37(d) of the Federal Rules of Civil Procedure provides that the Court may order sanctions if a party fails to appear for his deposition after being served with proper notice.  Fed. R. Civ. P. 37(d)(1)(A)(i); *Hashemi v. Campaigner Publ'ns.*, 737 F.2d 1538, 1538-39 (11th Cir. 1984) (per curiam) (affirming dismissal under Rule 37(d) for party's failure to appear for deposition).  Such failure "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)."  Fed. R. Civ. P. 37(d)(2).[3]

Available sanctions include "any of the orders listed in Rule 37(b)(2)(A)(i)-

---

[2] There are no hard rules regarding the extent to which a party must confer or attempt to confer prior to filing a motion under Rule 37.  Fed. R. Civ. P. 37(d)(1)(B). Courts have found sufficient a conference during a deposition where both parties understand that the court will need to resolve the dispute.  *See, e.g., United States v. Ga. Cancer Specialists I P.C.*, No. 1:11-CV-00994-CAP, 2017 U.S. Dist. LEXIS 235851, at *6 (N.D. Ga. Aug. 10, 2017).

[3] According to the Advisory Counsel notes, Rule 37(d) is intended "to make clear that a party may not properly remain completely silent even when he regards a notice to take his deposition . . . as improper and objectionable.  If he desires not to appear or not to respond, he must apply for a protective order."

(vi)," including dismissal of the action.  Fed. R. Civ. P. 37(d)(3); *see also Phipps v. Blakeney*, 8 F.3d 788, 790-91 (11th Cir. 1993) (reviewing dismissal under Rule 37 and finding that court had broad authority to control discovery and dismiss the action as a sanction for violating discovery).[4]  If the Court finds sanctions appropriate, it must include the reasonable expenses caused by the sanctioned party's absence.  *See* Fed. R. Civ. P. 37(d)(3) ("[T]he court *must* require the party failing to [attend its properly noticed deposition], the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.") (emphasis added).  Rule 37(d) also expressly authorizes the Court to issue "[a]n order striking out the pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default . . ."  Fed. R. Civ. P. 37(b)(2)(C); *see also Underwriters v. M/T San Sebastian*, 508 F. Supp. 2d 1243, 1248 (N.D. Ga. 2007) (Rule 37 authorizes a court to fashion just relief for discovery misconduct), citing *United States v. $239,500 in U.S. Currency*, 764

---

[4] "[T]he sanction of dismissal is a most extreme remedy and one not to be imposed if lesser sanctions will do."  *Hashemi v. Campaigner Publ'ns, Inc.*, 737 F.2d 1538, 1538-39 (11th Cir. 1984) (upholding dismissal pursuant to Fed. R. Civ. P. 37(d)).  In determining whether lesser sanctions will suffice, the presence or absence of willfulness is a relevant consideration.  8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2291 (2d ed. 1995).

F.2d 771 (11th Cir. 1985); *U.S. v. Certain Real Property Located at Route 1, Bryant, Ala.*, 126 F.3d 1314, 1317 (11th Cir. 1997) (Rule 37 "confers upon district court judges broad discretion . . .").

Similarly, Rule 30(d)(2) provides that "[t]he court may impose an appropriate sanction — including the reasonable expenses and attorney's fees incurred by any party — on a person who impedes, delays, or frustrates the fair examination of the deponent." "And where 'counsel clearly should have understood his duty to the court the full range of sanctions may be marshalled . . . courts should not shrink from imposing harsh sanctions where . . . they are clearly warranted.'" *AF Holdings, LLC v. Patel*, No. 2:12-cv-262, 2015 U.S. Dist. LEXIS 93524, at *21-22 (N.D. Ga. July 8, 2015) (some alterations in original) (quoting *Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1068 (2d Cir. 1979)).[5]

In this case, Mr. Harris' and his counsel's willful disobedience of the Federal Rules of Civil Procedure regarding discovery and this Court's discovery directives is abundantly clear.[6]  Mr. Harris was properly served, yet failed to

---

[5] "Sanctions for discovery abuses are intended to prevent unfair prejudice to litigants and to ensure the integrity of the discovery process." *Hannah v. Armor Corr. Health Servs.*, No. 8:19-cv-596-T-30SPF, 2020 U.S. Dist. LEXIS 258745, at *20 (M.D. Fla. June 30, 2020) (citing *Flury v. Daimler Chrysler Corp.*, 427 F.3d 939, 944 (11th Cir. 2005) (citation omitted)).

[6] The scope of discovery is broad.  "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the

appear for his individual deposition.  Mr. Harris failed to give his deposition after receiving proper notice, and Mr. Harris failed to file a motion for protective order that could have excused his actions.  *Amerson v. Dozier*, No. 5:18-cv-00376-TES-CHW,  2020 WL 1188435 at 4 (M.D. Ga. Mar. 12, 2020).

Indeed, Rule 37(d)(3), Fed. R. Civ. P., requires the Court to impose sanctions on an offending party in these circumstances.  *See* Fed. R. Civ. P. 37(d)(3) ("[T]he court must require the party failing to [attend its properly noticed deposition], the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.") (emphasis added).  Plaintiffs' contention that Mr. Harris answered questions on the topics submitted by IEAC during the H & L Farms' 30(b)(6) deposition is irrelevant.  He was deposed as H & L Farms' 30(b)(6) designee, not in his individual capacity.  *See Brown v. City of Atlanta*, 284 F. Supp. 3d 1326, 1342 (N.D. Ga. 2018) ("The whole point of the 30(b)(6) deposition was to provide the City's position on the noticed topics, not the position of the other defendants in the case.").  Accordingly, with no motion for protective order pending at the time Mr. Harris failed to appear for his deposition in his individual capacity, the Court

_____

discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

should find that Mr. Harris' failure to attend his deposition was not substantially justified and that no circumstances make an award of expenses unjust. *See Cunningham v. Fulton Cnty.*, No. 1:17-CV-05512-RWS, 2019 WL 1428346 at 31 (N.D. Ga. March 29, 2019) (finding plaintiffs' failure to attend their depositions was not substantially justified and no circumstances make an award of expenses against them unjust and ordering plaintiffs and their counsel of record to pay defendant the reasonable expenses and attorneys' fees it incurred as a result of plaintiffs' conduct, including attorneys' fees, court reporter fees, and travel expenses).

## V.   CONCLUSION

For these reasons, Defendant IEA Constructors, LLC, respectfully moves this Honorable Court, pursuant to Rules 26, 30, and 37 of the Federal Rules of Civil Procedure and Local Rule 7.1, for an Order (1) compelling the individual deposition of Mr. Harris, and (2) requiring Mr. Harris, his counsel of record, or both, to bear the following costs and expenses: (a) the court reporter fees for Mr. Harris' first deposition; (2) counsel for IEAC's travel and lodging expenses for Mr. Harris' first deposition; (3) IEAC's attorney fees, court reporter/videographer fees, and travel expenses for Mr. Harris' second deposition; and (4) IEAC's attorneys' fees and costs associated with bringing this Motion to Compel Discovery and for Sanctions.

This 24th day of May, 2022.

*/s/ Martin Shelton*
Martin A. Shelton – GA Bar No. 640749
Ryan Wilhelm – GA Bar No. 759059
Keith M. Kodosky – GA Bar No. 404814
LEWIS BRISBOIS BISGAARD & SMITH LLP
600 Peachtree Street NE, Suite 4700
Atlanta, Georgia 30308
404.476.2009
Martin.shelton@lewisbrisbois.com
Ryan.Wilhelm@lewisbrisbois.com
Keith.kodosky@lewisbrisbois.com
***Attorneys for IEA Defendants***

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## COLUMBUS DIVISION

| | |
|---|---|
| H & L FARMS, LLC; | * |
| SHAUN HARRIS and AMIE HARRIS, | * |
| | * |
| Plaintiffs, | * |
| | * CIVIL ACTION FILE |
| v. | * |
| | * NO. 4:21-CV-00134-CDL |
| SILICON RANCH CORPORATION, et al ; | * |
| | * |
| Defendants. | * |

## CERTIFICATE OF SERVICE

I hereby certify that on May 24, 2022, I electronically filed the foregoing *Memorandum of Law in Support of Defendant IEA Constructors, LLC's Motion to Compel Discovery and for Sanctions* with the Clerk of Court by using the CM/ECF system, which automatically sends e-mail notification of such filing to any attorneys of record.

> /s/  Martin A. Shelton
> Martin A. Shelton – GA Bar No. 640749
> Ryan Wilhelm – GA Bar No. 759059
> Keith M. Kodosky – GA Bar No. 404814
> LEWIS BRISBOIS BISGAARD & SMITH LLP
> 600 Peachtree Street NE, Suite 4700
> Atlanta, Georgia 30308
> 404.476.2009
> Martin.shelton@lewisbrisbois.com
> Ryan.Wilhelm@lewisbrisbois.com
> Keith.kodosky@lewisbrisbois.com
> ***Attorneys for IEA Defendants***