### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF GEORGIA
### COLUMBUS DIVISION

H & L FARMS, LLC;                           *
SHAUN HARRIS and AMIE HARRIS,               *
                                            *
    Plaintiffs,                             *
                                            *        CIVIL ACTION FILE
v.                                          *
                                            *        NO. 4:21-CV-00134-CDL
SILICON RANCH CORPORATION;                  *
SR LUMPKIN, LLC; INFRASTRUCTURE             *
AND ENERGY ALTERNATIVES, INC.;              *
IEA CONSTRUCTORS, LLC; and,                 *
WESTWOOD PROFESSIONAL                       *
SERVICES, INC.,                             *
                                            *
    Defendants.                             *

### PLAINTIFFS' RESPONSE TO THE "MOTION TO AMEND SCHEDULING ORDER" FILED BY THE SILICON RANCH CORPORATION DEFENDANTS AND THE IEA DEFENDANTS

### 1. INTRODUCTION

SRC & IEA[1] have been angling for delay since they were served with

Plaintiffs' Complaint.  *See, e.g.,* Doc. 27 (10/18/21 Scheduling Order - defendants'

positions). There's a reason for that: they knew *then* they had no defense.  As

described by one of the consultants (One Environmental) - whom SRC & IEA

---

[1] SRC & IEA have been defending this case jointly, pursuant to a joint defense agreement and, apparently, indemnity agreements.  Those two defendants jointly named shared expert witnesses on December 30, 2021.

themselves hired to inspect the site but then concealed from Plaintiffs in discovery - the SRC development was a "muddy mess" well before Plaintiffs were finally forced to file suit. PX[2] 67.[3]

The SRC development site is still a muddy mess – more than a year after the damage to Mr. and Mrs. Harris and their property began on April 1, 2021.  *See* PX 174 (May 27, 2022 photo by Shaun Harris).

The damage to Mr. and Mrs. Harris and their property *will* continue.  In a stunning confession one of the two "testifying experts" hired by SRC & IEA counsel (in contrast to the consultants SRC & IEA themselves had hired but did not identify as expert witnesses, *e.g.* One Environmental and Westwood) testified on May 31, 2022 that conditions are so bad at the SRC site before it can ever be stabilized and restored[4] an all-new erosion and sediment control plan has to be

---

[2] "PX" means Plaintiffs' Exhibit.  Plaintiffs have been numbering their exhibits for use at trial as those exhibits are used, or prepared for use, in depositions taken for use at trial.  All "PXs" used herein are attached hereto.

[3] One Environmental conducted weekly inspections for four months from early July 2021 through October 2021.  The mess never improved; most of the failures of the erosion and control measures they identified remained unabated for most of those eighteen weeks. SRC & IEA never revealed the fact One Environmental did those inspections and reports, and never produced the documents; Plaintiffs found out on their own, and subpoenaed the documents from One Environmental.

[4] According to the erosion and sediment control design plan which bears the corporate logos of IEA, Inc. and Westwood, the "restoration" phase was supposed to be "complete" by March 18, 2022.  PX 27 at p. 2 ("6.7 Project Activity Schedule").  The SRC/IEA "testifying expert" Erin Harris confessed on May 31, 2022 that the site does not have enough vegetation on it to "call it fully stabilized" and she cannot say when it ever will be fully stabilized.  Exh. 1 - Erin Harris Dep.

created. Exh. 1 - Erin Harris Dep. Excerpt, 16/25-17/21, 317/1-24.[5]   Her firm,

Nutter, has not been asked to do such a redesign. *Id.* at 292/17-293/7. Whether

Nutter has suggested to SRC & IEA counsel that such a total redesign be done, she

refused to answer.  *Id.* at 293/22-294/23.  Neither SRC nor IEA has disclosed any

such redesign, or identified a witness who has done such a redesign (both SRC and

IEA have their own engineering departments).

On June 9, 2022, the Silicon Ranch ("SRC") and IEA, Inc. ("IEA")

defendants filed their motion to delay this case.  At that time there were eight

business days left within the already-extended discovery period, set to expire on

June 21.[6]  At that time this case had been pending for nine months.

---

Excerpt, 289/8-15, 290/16-19.  She also testified that neither SRC nor IEA has told
her when they believe the site will be fully stabilized. *Id.* at 291/9-17.
[5] Plaintiffs' experts agree that the site is so bad an entirely new erosion and
sediment control plan has to be created before the damage will ever stop, because
the disaster that *is* the SRC Lumpkin site cannot be fixed with the original design
plan that SRC and IEA willfully failed to follow.  (Plaintiffs' expert John Britt, a
registered forester and formerly Lead Forester for Mead Corporation, who was
retained to rebut the assertion by SRC & IEA defense counsel that logging on the
SRC property caused damage to the Harris property, stated this in his Expert
Report: "The Silicon Ranch site is the second worst environmental disaster I have
ever personally seen, only behind the results of open roasting sulfur laden copper
ore in the Copper Basin of southeastern Tennessee."  Britt 11/30/21 Expert Report
at 3.)
[6] SRC & IEA first asked Plaintiffs and defendant Westwood to consent to a
discovery extension by email at 4:32 p.m. on June 8.  Plaintiffs' counsel declined
by email the next morning, at 9:37 a.m.; counsel for Westwood also declined that
next morning at 10:05 a.m.

Discovery was originally scheduled to expire March 7, 2022.  Doc. 27 at 9.

Defendants had sought an "extended discovery track" with discovery to end July 7,

2022.  *Id.* at 8.  Plaintiffs were compelled to agree to extend discovery because

neither SRC nor IEA had made any meaningful response to Plaintiffs' written

discovery (interrogatories or requests for documents).  On January 28, 2022 the

Court granted a consent motion to extend discovery until June 21, 2022.  Doc. 32.

At that point in time, SRC & IEA had taken no depositions – although the case had

been pending for almost six months and Plaintiffs' had served their expert reports

two months previously.

The SRC/IEA motion is based on two core premises:  (1) that there are a lot

of depositions to be taken, and (2) that IEA counsel have to try a case in federal

court in West Virginia starting June 28, 2022.  Plaintiffs will address those in

order.  Plaintiffs will then address incorrect statements made in the SRC/IEA

motion to delay this case.  But first, the applicable law.

## 2.    THE LAW

Plaintiffs' counsel do not presume a need to suggest to this Court what the

law is, but this law section is submitted nonetheless.

This Court is "under no obligation to extend a discovery deadline." *K.J.C. by*

*& through Pettaway v. City of Montgomery*, 2019 WL 4941105, at *5 (M.D. Ala.

Oct. 7, 2019).  This Court's first Order in this case warned that "[m]ultiple requests

for extensions of the discovery period are strongly discouraged and will rarely be granted absent exceptional circumstances." Doc. 17 at 5.

"Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order may be modified only for good cause. 'Good cause' means that due to unforeseeable circumstances, the party seeking the amendment to the scheduling order could not have met the existing deadline despite the exercise of reasonable diligence." *Andritz, Inc. v. S. Maint. Contractor, LLC*, 2010 WL 11530352, at *1 (M.D. Ga. Mar. 5, 2010) (Land, J.). *See Stephens v. Alltran Fin., LP*, 325 F.R.D. 711, 712 (N.D. Ga. 2018) ("[T]he moving party cannot establish the diligence necessary to show good cause ... if the party failed to seek the needed information before the deadline;" "Defendant simply miscalculated in assuming the case would settle, and failed to diligently pursue discovery before the discovery period was set to close.").

Whether to grant another discovery extension is discretionary:  "[W]e have often held that a district court's decision to hold litigants to the clear terms of its scheduling orders is not an abuse of discretion." *Josendis v. Wall to Wall Residence Repairs, Inc.,* 662 F.3d 1292, 1307 (11th Cir.2011).  *See Thurmond v. Bayer Healthcare Pharms., Inc.*, 649 F. App'x 1003, 1005 (11th Cir. 2016) (not an abuse of discretion to deny a second discovery extension).

### 3.    THE TAKING OF DEPOSITIONS IN THE *HARRIS* CASE

The Record is quite clear.

SRC & IEA did not request that any depositions be scheduled until January 11, 2022 – after this case had been pending for five months, and less than two months before discovery expired according to the Court's initial Scheduling Order. Doc. 27 at 9.

On the same day defense counsel first requested depositions, Plaintiffs' counsel told counsel for SRC & IEA that Plaintiffs would make Mr. and Mrs. Harris and all of Plaintiffs' experts available for deposition, and to facilitate scheduling same, requested that all defense counsel confer and provide dates when all defendants were available for such depositions, because the deponents' calendars would be much more manageable than the calendars of busy defense counsel.[7]   *See* Exh. 2 – Plaintiffs' counsel 1/11/22 email to all defense counsel.

Counsel for SRC & IEA declined to ever do that. [8]

---

[7] Only two of Plaintiffs' experts have much deposition experience (Robert Behar, CPA, and Brian Wellington, Ph.D., P.E.).  Some have never been deposed. (John Britt – never deposed; Les Ager - no testimony in past 4 years; Erin Bouthillier – no testimony in past 4 years; Stacy Mote – no testimony in past 4 years; Lee Walters – never deposed; Vance Smith – no testimony in past 4 years; Shaun Harris – deposed once for 10 minutes in another's divorce case.)

[8] On January 14, 2022, and again on January 18, and again on January 27, Plaintiffs' counsel repeated that January 11 request for dates when a lawyer for each defendant would be available to depose Plaintiffs' experts so those depositions could be scheduled. Counsel for SRC and IEA never responded.  *See*

So, Plaintiffs' counsel took it upon themselves to find as many dates as possible when Plaintiffs' experts could be made available. On March 17, 2022 Plaintiffs' counsel provided to SRC & IEA *a total of 89 dates* in March and April when depositions of *nine* Plaintiffs' experts could be taken.  Exh. 3 – Plaintiffs' counsel 3/17/22 email to defense counsel.

SRC & IEA then actually accepted dates for and took the depositions of *only three* of Plaintiffs' experts (Zeller, Behar, Mote).[9]

Two months after Plaintiffs had offered dates for all Plaintiffs' experts but SRC & IEA had deposed only three of them, on May 19, 2022 IEA, apparently on behalf of itself and SRC, sent twelve pleadings they called "notices of deposition" – seven to Plaintiffs and five to Westwood.  The "notices" named the remaining Plaintiffs' experts SRC & IEA had elected not to depose in the 5 ½ months since the experts were identified and elected not to depose on any of the multiple dates offered by Plaintiffs on March 17, 2022.   The notices also named five Westwood witnesses *whom SRC & IEA had never previously asked to depose*.   The things sent by SRC & IEA were not valid notices of depositions under Rule 30: they did

---

Exh. 6 – March 1, 2022 letter from Plaintiffs' counsel to counsel for SRC and IEA, pp. 8-10.
[9] Plaintiffs initially named 10 experts on November 30, 2021; one of them was subsequently withdrawn.

not designate a date, time, or place for any of the depositions, which is required by Rule 30(b)(1).

Nonetheless Plaintiffs' counsel promptly provided dates for the depositions of the six Plaintiffs' experts requested by SRC & IEA.  *See* Exh. 4 – Plaintiffs' counsel's 5/25-26/22 emails to SRC/IEA counsel.  Counsel for Westwood likewise promptly provided dates for the depositions of the five Westwood witnesses requested by SRC & IEA for the first time.   That was not easy: counsel for SRC & IEA also stated they had vacations planned so, of all the business days then left before discovery expired on June 21 only nine days remained for the requested 11 depositions, and on four of those days, depositions or a requested site visit to the Harris property were already scheduled.

Counsel for SRC & IEA then elected to actually schedule *only two* of the depositions they had asked Plaintiffs' counsel to schedule.[10]  Counsel for SRC &

---

[10] One of those depositions SRC & IEA elected to actually schedule was Plaintiffs' expert John Britt.  On March 17 Plaintiffs' counsel and Mr. Britt had offered to SRC & IEA *22 dates* on which to take Mr. Britt's deposition in March and April. SRC & IEA chose none of them. On May 25 Plaintiffs' counsel and Mr. Britt offered *another six dates* for his deposition.  SRC & IEA counsel selected Friday, June 10.  On June 1, IEA counsel sent an amended notice of deposition for Mr. Britt, setting the date for June 10, the time for 11 a.m., and the place at Butler Prather's Columbus office. Plaintiffs' lead counsel traveled from Savannah to Columbus for that deposition.  On the afternoon of June 9, IEA counsel Keith Kodosky emailed that the deposition would be taken by Zoom.  He later admitted that was for his convenience.  But IEA counsel failed to line up a court reporter to attend the deposition or to provide equipment for a zoom deposition.  Plaintiffs' counsel declined to agree to a court reporter taking oral sworn testimony remotely.

IEA elected to schedule *none* of the depositions they had asked Westwood counsel to schedule.

In summary, the failure by SRC & IEA to take supposedly 'needed' depositions is entirely of their making, and was quite purposeful:  Plaintiffs' counsel have been stating on the record for some time that those defendants were 'angling' for yet another discovery extension.  Plaintiffs' counsel have some experience, and it simply a fact – which will be proven at trial, if not before – that SRC & IEA have no defense, so delay is their only option.  By contrast, Plaintiffs will, by the end of the day Friday, June 17, have taken all the depositions they sought – although getting there has been an arduous undertaking; this case has been afflicted by an incredible amount of email traffic that should not have been necessary.  Plaintiffs have taken seven depositions – all for use at trial, on videotape.  SRC & IEA have taken six depositions – *every single one* they both requested *and* scheduled.

### 4.    THE WEST VIRGINIA CASE

In addition to the claimed 'need' to take more depositions, SRC & IEA represented to this Court that delay was necessary because of:

"*the fact* that lead counsel for the IEAC Defendants and *the entire IEAC litigation team has a specially set trial* in the Southern District of West Virginia beginning June 28, 2022, which is anticipated to last four to six

weeks. *This trial had been anticipated for later in the year* at the time of the

last extension but *was set for July without warning*."

Doc. 49 at 3-4 (emphasis added).  The apparent point of referring to that trial is

presumably that "the entire IEAC litigation team" for this case has been and will

be distracted by that imminent trial, even though it does not commence until after

discovery is set to close in this case on June 21.

In fact, the June 28, 2022 trial in the West Virginia case was set by the Court

there on October 22, 2021.  Exh. 5 – Order, *Courtland v. Union Carbide*, Doc. 305.

A motion to delay that trial was filed, which was denied on February 18, 2022.

Exh. 7 – Order, Doc. 341.

With regard to the representation that "the entire IEAC litigation team has

[that] specially set trial," that representation is not supported by the docket in the

West Virginia Court.  The IEA/IEAC "litigation team" in the *Harris* case consists

of Martin Shelton, Keith Kodosky, and Ryan Wilhelm of the Lewis Brisbois

Atlanta office.  Doc. 49 at 5.  The docket for the West Virginia case shows that

only Mr. Shelton is counsel for defendant Union Carbide in that case.[11]

---

[11] For examples: The most recent filing on behalf of Union Carbide (May 27, 2022) is signed first by two Lewis Brisbois lawyers from that firm's Charleston West Virginia office, and then by Martin Shelton, of the Lewis Brisbois office in Atlanta.  Neither of the other two Atlanta-based Lewis Brisbois lawyers (Kodosky and Wilhelm) who are working on this case are listed as counsel for defendant Union Carbide. See Exh. 8 – *Courtland v. Union Carbide* Doc. 471 (the certificate of service is signed by the two West Virginia lawyers from Lewis Brisbois).  The

5.     **RESPONSE TO INCORRECT STATEMENTS IN THE
       SRC/IEA MOTION TO DELAY THIS CASE.**

**A. The Course of Discovery**

The motion filed by SRC & IEA commences with this statement: "The parties have been diligently working to complete discovery in this matter including the exchange of written discovery and document productions." Doc. 49 at 2. Plaintiffs could not disagree more. Plaintiffs have done that; SRC & IEA have not.

Take the subject of depositions, for example. As detailed above, SRC & IEA sought no depositions in the five months after this case was filed; failed to seek depositions after Plaintiffs' counsel offered up everyone on January 11, 2022, failed to take but three depositions on the 89 dates Plaintiffs' counsel offered on March 17 for all of Plaintiffs' experts, then failed to depose but one of the Plaintiffs' experts[12] despite Plaintiffs' counsel offering dates for them all once again on May 25.

As to written discovery, as Plaintiffs have previously informed this Court, Plaintiffs have attempted to avoid the costly, delaying 'motions war' that so often afflicts litigation. That is mostly because the damage continues, any and every

"District Court Daybook Entry" for the pretrial conference shows that it was attended, on June 3, 2022, by Mr. Shelton but not by either of the other two Atlanta-based Lewis Brisbois lawyers who represent IEA/IEAC in this case. Exh. 9 - Doc. 480 (filed 06/03/22).

[12] That one is Plaintiffs' expert Brian Wellington, Ph.D., P.E., who is scheduled to be deposed on June 15 in Atlanta.

time it rains in Stewart County Georgia.  But in part, to be frank, that is because the evidence against SRC & IEA is so abundant there is little need to engage in a 'motions war.'  Production of documents from SRC & IEA has been sparse – and delayed.   Responses to the factual averments in the Complaint were almost completely non-existent.  Responses to interrogatories have been useless.

Most of the decisive evidence Plaintiffs have managed to obtain has come not from SRC & IEA but from Plaintiffs' own independent efforts including subpoenas for documents issued to six third parties.

The evidence most damaging to SRC & IEA has come from consultants those corporations hired (as contrasted to the "testifying experts" identified jointly by SRC & IEA on December 30, 2021, who were hired by defense counsel) but did not disclose to Plaintiffs.

For example, IEA hired an engineering firm named One Environmental Mid Atlantic LLC to conduct regular weekly inspections of the erosion and the erosion and sediment controls at the SRC development site.   One Environmental did that for four months.  SRC & IEA did not disclose those facts or any One Environmental documents; Plaintiffs obtained the evidence from One Environmental pursuant to subpoena.  SRC & IEA did not name anyone from One Environmental as an expert witness.

For further example, SRC sought to hire a nationwide engineering firm, S&ME, Inc., to try to come up with something "defendable," to quote one email between that firm and an SRC executive – which email Plaintiffs obtained pursuant to a subpoena to S&ME.  For reasons that will be explained later, it appears SRC decided not to pay S&ME for the services contemplated by the S&ME proposal. SRC & IEA did not name anyone from S&ME as an expert witness.

For further example, IEA and its "testifying experts" at Nutter & Associates hired Southern Hydro Vac LLC to come on to the SRC development site and actually pressure wash the banks of the creek that led on to the Harris property and vacuum up sediment which, according to the IEA/Westwood design plan, was not supposed to erode from the SRC site. *See* PX 21 (note 5: "The escape of sediment from the site *shall be prevented* . . ." (emphasis added)).   Neither SRC nor IEA disclosed the work done by Southern HydroVac – Plaintiffs discovered that on their own, and got the documents by subpoena to Southern HydroVac.

Plaintiffs also obtained documents from American Forestry Management, which was the forestry consultant for Kawikee Two LLC, who supervised the logging on the SRC property after it was acquired by SRC pursuant to the agreement with Kawikee Two LLC (rather than pay more per acre, SRC suggested that Kawikee Two LLC take the timber; *see* Doc. 44 at ¶13 (Joel Wooten Aff.)). Those documents proved, contrary to the argument advanced by counsel for SRC

& IEA which is supported by no evidence at all, that no one from SRC or IEA and no one else ever complained or suggested that the logging caused erosion that caused damage to the Harris property. *Id.* at ¶28.[13]

## B. Supplemental Reports

In footnote 1 to the SRC/IEA motion defense counsel stated "Robert Behar and Stacy Mote recently have produced *new reports* and now they likely need to be re-deposed." Doc. 49 at n.1 (emphasis added). That is incorrect. But some explication is appropriate, as the Court will certainly hear more from SRC & IEA about supplemental reports when they reply to this response to their motion.

First, as to Mr. Behar, he produced a supplemental report after his deposition only because SRC & IEA both flatly refused to produce any evidence of their financial circumstances, despite the fact punitive damages are sought and seem near-certain to be imposed given the evidence in this case.[14] Consequently Mr. Behar had to construct the financial circumstances of SRC & IEA from publicly available documents, which is to say, *documents equally available to SRC & IEA*. That is what he did, in his supplemental report.

---

[13] That baseless argument – that maybe the logging done by Kawikee Two LLC caused some of the damage to the Harris property – is the basis for the insistence by SRC & IEA counsel to depose Mr. Wooten, and to also depose Mr. Butler.
[14] SRC & IEA have asserted that before they have to produce financial circumstances information, Plaintiffs must prove a "prima facie" case for punitive damages, which means, of course, file a motion with the Court. Asked for legal authority for that assertion, defense counsel have failed to provide any.

At the deposition of Mr. Behar on April 29, Counsel for SRC & IEA elected not to ask him about his opinions or his work in getting that publicly available information about the financial circumstances of SRC & IEA.[15]

Second, as to Ms. Mote, the supplemental report she filed on behalf of herself and her business partner at Consolidated Resources LLC, Erin Bouthillier, merely discussed, and stated she would rely upon to support the opinions in their initial expert report, documents from two sources: (1) the One Environmental inspections of the SRC site, done for four months from July through October 2021, which documents neither SRC nor IEA ever produced to Plaintiffs in discovery but which Plaintiffs obtained in January 2022 – after the deadline for initial reports from Plaintiffs' experts of November 30, 2021; and (2) IEA's own March 10, 2022 inspection report of the SRC site, with hundreds of photographs – documents

---

[15] That election was astounding – especially since SRC counsel hinted to IEA counsel, who was taking the deposition, that he should ask Mr. Behar about his opinions:

MR. BUTLER: Well, he's here, we're here. You scheduled this deposition and you've elected not to ask him about what opinions he has. So, the deposition is concluded.

MS. LeJEUNE (SRC counsel): I don't think Martin [Shelton, IEA counsel] said he had no further questions.

MR. BUTLER: Do you have any further questions?

MR. SHELTON: Actually, I don't have any further questions.

MS. LeJEUNE: Okay.

MR. BUTLER: Do you, Ms. LeJeune?

MS. LeJEUNE: No.

MR. BUTLER: All right, then we're done.

Behar 4/29/22 Dep. at 24/14-25/1.

which are devastating to SRC and IEA because they show the site is still mostly bare ground, not close to being stabilized and "restored," in violation of the IEA/Westwood design plan which required restoration by March 18, 2022.  PX 27 at p.2 ("6.7 Project Activity Schedule").

Third, supplemental reports have also been served for Plaintiffs' experts Vance Smith, John Britt, Les Ager, and Brian Wellington.  All discuss the same things, documents Plaintiffs did not have when the initial expert reports were due and were served on November 30, 2021 – the One Environmental inspection reports and IEA's own March 10, 2022 inspection report of the SRC site – and state that the expert intends to rely on those documents to support the opinions already stated in the expert's initial expert report.

**C.  The claim by SRC & IEA that they can depose a witness more than once.**

The SRC/IEA motion states that they deposed "two non-party Rule 30(b)(6) *deponents* (from Kawikee Refuge, LLC and Kawikee Two, LLC)."  Doc. 49 at 2 (emphasis added).  That is untrue.  They took the deposition of one "deponent" – Joel Wooten, both in his individual capacity (he was subpoenaed as an individual) and in his capacity as the manager of the two LLCs.  Both SRC & IEA counsel consented that with Mr. Wooten sitting there and available to be deposed individually and as the representative of both LLCs, *one* deposition was

appropriate.[16]  That observation is important, because that consent came,

remarkably enough, *the day after* SRC & IEA had filed a motion to compel *and for*

*sanctions* insisting that they were entitled to take two separate depositions of

Plaintiff Shaun Harris on two separate days – one as an individual and one as the

manager of the LLC he and his wife own, H&L Farms LLC.  Then, the very next

morning at the commencement of the deposition of Mr. Wooten, those lawyers

abandoned that argument.[17]

> **D. SRC/IEA's stated intent to take multiple depositions the last two
>    days of the discovery period.**

---

[16] From the deposition transcript:

> MR. SHELTON: This is the  deposition of Joel Wooten, individually, as far
> as for [sic] Kawikee Refuge, LLC and Kawikee Two, LLC, taken pursuant
> to subpoena and  notice in the matter of H&L Farms, et. al. versus Silicon
> Ranch Corporation, et. al.

Wooten 5/25/22 Dep. at 9/19-24.

> MR. BUTLER: [Mr. Wooten] is also here on behalf – in response to the two
> 30(b)(6) Notices of  Depositions served upon me, which were directed to
> Kawikee Refuge, LLC and Kawikee Two, LLC. Those Notices of
> Depositions are invalid because they violate Rule 30.  But we agree that this
> is the time and place to take Mr. Wooten's deposition pursuant to Notice of
> Depositions to Kawikee Refuge, LLC, and Kawikee II, LLC.
> MR. SHELTON: Okay.

*Id.* at 10/14-25.

[17] Asked for authority for their contention they had a right to depose Mr. Harris
twice on two separate days, defense counsel have offered none – and have stated
none in the motion to compel and for sanctions which they filed.

The SRC/IEA motion states that "IEAC intends to take the deposition of defendant Westwood and of non-parties American Forest Management, Interfor U.S. Inc., and Wayback Forestry, Inc. . . ."

First, neither SRC nor IEA has made any request – ever – "to take the deposition of defendant Westwood."  Counsel for SRC & IEA did decline to accept any of the dates offered for depositions of five Westwood witnesses after SRC & IEA first mentioned taking those depositions on May 19, with their not-a-notice "notices of depositions" (no date, time, or place stated, as required by Rule 30).

Second, the depositions "of non-parties American Forest Management, Interfor U.S. Inc., and Wayback Forestry, Inc." were *never mentioned by SRC & IEA until they sent notices on Friday, June 3, 2022, at 6:06 p.m.* to take those depositions on the last two days of discovery, June 20 and 21 – without any effort to coordinate dates/times/places with either the witnesses or Plaintiffs' counsel or Westwood counsel.  (*See* Local Rules/Standards of Conduct/5. Depositions (b), (c).)  That was nine months after this lawsuit was filed – and SRC & IEA well knew who those "non-parties" were: both SRC & IEA had communicated repeatedly with employees of those "non-parties" while the logging was underway on the property owned or SRC in late 2020 and January and February 2021, in the presence of both SRC and IEA.

**E. The SRC/IEA accusation against Plaintiffs' counsel.**

SRC & IEA state in their motion that "Plaintiffs have also unilaterally scheduled several depositions of third parties without coordinating with Defendants to determine if counsel is available." Doc. 49 at 3.  That requires some unpacking.  The details recited above should establish that Plaintiffs' counsel have indeed worked very diligently to 'coordinate' with SRC & IEA counsel about depositions.  Every single deposition those counsel have sought has been scheduled – and dozens of dates have been offered for depositions those counsel said they wanted but elected not to take.  That takes a lot of work and coordination, with the witnesses, in particular.  With discovery closing and SRC & IEA refusing to stipulate to the admissibility of the One Environmental documents and the S&ME documents – documents mind you that SRC & IEA had concealed – Plaintiffs' counsel did schedule *two* depositions, of representatives of each to authenticate the documents to make sure SRC & IEA could not try to have them excluded from evidence.  That purpose for the depositions was told to counsel for SRC & IEA – a detail they fail to mention in their motion.  Plaintiffs did not even know about the fact SRC had consulted with S&ME until May 2 when SRC belatedly produced some documents which instructed Plaintiffs of the need to subpoena documents from S&ME, which Plaintiffs did not get until June 2. Those

two authentication depositions are set to be taken in Atlanta, which is obviously convenient for the Atlanta-based SRC & IEA counsel.

### F.  SRC & IEA's violation of Rule 30.

SRC & IEA close their motion by claiming they "only seek to extend discovery deadlines to provide for the depositions of witnesses for whom notice has been given at the time of filing." Doc. 49 at 4.  Which "witnesses" are those? SRC & IEA don't say.  Why not? Because the answer is: zero.  *The only witness whose deposition has actually been properly noticed by SRC or IEA and not yet taken is Dr. Brian Wellington, whose deposition is set for June 15 in Atlanta.*  The SRC/IEA motion is all a charade - those two defendants, having failed to be "diligent" at all and having eschewed multiple opportunities to depose whoever they wanted – were angling for another discovery extension all along.

## <u>CONCLUSION</u>

Plaintiffs pray that this Court not give them one. Plaintiffs respectfully ask that the Court deny the motion, and earnestly hope for a trial date in Fall, 2022.

If the extension is granted, there is no doubt what will come next: a motion by SRC & IEA to name new expert witnesses, because their "testifying experts" were not merely rendered un-useable in their depositions, but gave testimony damaging to SRC & IEA.

Respectfully submitted, this 10th of June, 2022.

/s/ James E. Butler, Jr.
JAMES E. BUTLER, JR.
Georgia Bar No. 099625
jim@butlerprather.com
DANIEL E. PHILYAW
Georgia Bar No. 877765
dan@butlerprather.com
CAROLINE E. WALKER
Georgia Bar No. 511349
caroline@butlerprather.com
BUTLER PRATHER LLP
105 13th Street
Post Office Box 2766
Columbus, GA 31902
T:  (706) 322-1990 F:  (706) 323-2962


C. FREDERICK OVERBY
Georgia Bar No. 555845
Fredoverby@overbylaw.com
OVERBY LAW OFFICE, P.C.
Post Office Box 1975
Columbus, Ga 31902
T:  (706) 327-0300 F:  (706) 320-0053

C. COOPER KNOWLES
Georgia Bar No. 426699
cknowles@cckfirm.com
LAW OFFICE OF C. COOPER
KNOWLES, LLC
750 Hammond Drive
Building 12, Suite 200
Sandy Springs, GA 30328
T:  (770) 668-2081

**ATTORNEYS FOR PLAINTIFFS**

## <u>CERTIFICATE OF SERVICE</u>

I certify that, on June 10, 2022, I filed the foregoing PLAINTIFFS'

RESPONSE TO THE "MOTION TO AMEND SCHEDULING ORDER" FILED

BY THE SILICON RANCH CORPORATION DEFENDANTS AND THE IEA

DEFENDANTS with the Clerk of Court using the CM/ECF system, which will

automatically notify counsel of record.

*/s/ James E. Butler, Jr.*