IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF GEORGIA

COLUMBUS DIVISION

H & L FARMS, LLC; SHAUN HARRIS )
and AIMEE HARRIS,              )
                              )
          Plaintiffs,          )
                              )  CIVIL ACTION NO.
vs.                            )  4:21-CV-00134
                              )
SILICON RANCH CORPORATION; SR  )  JULY 21, 2022
LUMPKIN, LLC; INFRASTRUCTURE   )
AND ENERGY ALTERNATIVES, INC.; )  MOTIONS HEARING
IEA CONSTRUCTORS, LLC; WESTWOOD )
PROFESSIONAL SERVICES, INC.,   )
                              )
          Defendants.          )

TRANSCRIPT OF PROCEEDINGS

BEFORE THE HONORABLE CLAY D. LAND,

UNITED STATES DISTRICT JUDGE

Proceedings recorded by stenography; transcript produced by computer.

BETSY J. PETERSON, CRR, RPR, CCR
Federal Official Court Reporter
Post Office Box 2324
Columbus, Georgia  31902
betsy_peterson@bellsouth.net

```
 1                          APPEARANCES

 2

 3   FOR THE PLAINTIFFS:

 4        JAMES E. BUTLER, JR.
          jim@butlerprather.com
 5        Butler Prather, LLC
          Post Office Box 2766
 6        Columbus, Georgia  31902
          (706) 322-1990
 7
          DANIEL E. PHILYAW
 8        dan@butlerprather.com
          Butler Prather, LLC
 9        12 Lenox Pointe, NE
          Atlanta, Georgia  30324
10        (404) 321-1700

11        C. COOPER KNOWLES
          cknowles@cckfirm.com
12        The Law Office of C. Cooper Knowles, LLC
          750 Hammond Drive
13        Building 12, Suite 200
          Sandy Springs, Georgia  300328
14        (770) 668-2081

15        C. FREDERICK OVERBY
          fredoverby@overbylaw.com
16        Overby Law Office, P.C.
          Post Office Box 1975
17        Columbus, Georgia  31902
          (706) 327-0300

18
     Also present:  Kim McCallister
19                  Sarah Andrews
                    Shaun Harris
20                  Aimee Harris

21

22

23

24

25
```

```
1                      APPEARANCES (CONTINUED)

 2

 3   FOR THE DEFENDANTS SILICON RANCH CORPORATION
     AND SR LUMPKIN, LLC:
 4
          ALYCEN A. MOSS
 5        amoss@cozen.com
          Cozen O'Connor
 6        The Promenade
          1230 Peachtree Street, NE
 7        Suite 400
          Atlanta, GA 30309
 8        (404) 572-2000

 9   Also present:  Dakota Knehans

10

11   FOR THE DEFENDANTS INFRASTRUCTURE AND ENERGY ALTERNATIVES, INC.
     AND IEA CONSTRUCTORS, LLC:
12
          CHARLES K. REED
13        chuck.reed@lewisbrisbois.com
          KEITH M. KODOSKY
14        keith.kodosky@lewisbrisbois.com
          RYAN B. WILHELM
15        ryan.wilhelm@lewisbrisbois.com
          Lewis Brisbois Bisgaard & Smith, LLP
16        600 Peachtree Street NE
          Suite 4700
17        Atlanta, Georgia  30308
          (404) 991-2175
18

19

20

21

22

23

24

25
```

```
 1                    APPEARANCES (CONTINUED)

 2

 3   FOR THE DEFENDANT WESTWOOD PROFESSIONAL SERVICES, INC.:

 4        MELISSA BAILEY
          mbailey@csvl.law
 5        Copeland, Stair Valz & Lovell, LLP
          191 Peachtree Street, N.E.
 6        Suite 3600
          Atlanta, Georgia  30303-1740
 7        (404) 526-0363

 8        KENT T. STAIR
          kstair@csvl.law
 9        Copeland, Stair Valz & Lovell, LLP
          40 Calhoun Street
10        Suite 400
          Charleston, South Carolina  29401
11        (843) 266-8224

12        COREY R. MENDEL
          cmendel@cskl.com
13        Copeland, Stair Valz & Lovell, LLP
          191 Peachtree Street, N.E.
14        Suite 3600
          Atlanta, Georgia  30303-1740
15        (404) 526-0363

16

17

18

19

20

21

22   COURT REPORTER:

23        BETSY J. PETERSON, CRR, RPR, CCR
          Federal Official Court Reporter
24        P. O. Box 2324
          Columbus, Georgia  31902
25        betsy_peterson@bellsouth.net
```

1          (Proceedings on July 21, 2022, commencing at 9:34 a.m., as
2      follows:)
3              THE COURT:  Good morning.  All right.  Madam Court
4   Reporter, you have got everybody identified for your purposes?
5              THE COURT REPORTER:  Yes, sir.
6              THE COURT:  Okay.  Well, let's jump right in.
7              We have several motions that are pending, all of
8   which I intend to take up this morning.  I have reviewed all of
9   the filings that have been made, including those that were
10  filed as late as yesterday, and have studied the briefing which
11  I think explains well the various positions of the parties with
12  regard to the various motions.  So I'm not going to waste a lot
13  of time this morning with a lot of oral argument that I think
14  would be largely repetitive of what's in the — of what's in
15  the briefing.  I'm going to jump right into the motions, and
16  I'm going to tell you what my rulings are.  And then at the
17  end, when we finish, if anybody wants to add something to the
18  record, then we will do that.
19              I scheduled this hearing thinking that it would have
20  been helpful for clarification, but after digging into it and
21  reading the various motions, they were much more
22  straightforward than I thought when I first was made aware of
23  the motions.  So I don't think there's anything terribly
24  complicated with these motions other than the fact that there
25  are strong disputes as to — as far as the various parties are

1    concerned.

2         The first motions are related.  And it's the

3    plaintiff's motion for a protective order and to quash the

4    subpoena regarding the deposition of Mr. Jim Butler —— that

5    motion is found in our docket at ECF No. 43 —— and the related

6    motion by Silicon Ranch Corporation and IEA, Infrastructure

7    Energy Alternatives, to disqualify Mr. Butler.  That's found at

8    Docket ECF No. 61.

9         The Court is granting the plaintiff's motion for

10   protective order and motion to quash the subpoena and is

11   denying SRC and IEA's motion to disqualify Mr. Butler.  The

12   rulings on those motions are based on the following:

13        The Court finds that the —— based upon the present

14   record —— that the defendants failed to establish that no other

15   means exist to obtain the information that they seek to obtain

16   in Mr. Butler's deposition; thus the deposition of Mr. Butler

17   is not proportional to the needs of the case, and it would be

18   largely duplicative of other existing evidence.  Given these

19   findings, the Court finds that the burden of requiring counsel

20   for one of the parties to be subjected to a deposition is

21   unduly burdensome and that the plaintiff has demonstrated good

22   cause for the protective order.

23        Regarding the motion to disqualify Mr. Butler as a

24   lawyer in the case, the Court relies on similar findings and

25   expressly finds that Mr. Butler is not a necessary witness in

1   the case, that the information that the parties seek from

2   Mr. Butler is available from other sources who have better

3   information on the relevant issues than Mr. Butler.  The Court

4   further finds that disqualifying Mr. Butler at this stage of

5   the proceedings would work a substantial hardship on his

6   clients.  The Court does note that the answer in this case was

7   filed September the 2nd of 2021 and the motion to disqualify

8   Mr. Butler was not filed until July 8th of 2022, some 10 months

9   after the filing of the answer.

10          As to the issue of whether there's a potential

11  conflict of interest between Mr. Butler and his clients, the

12  Court finds that those conflicts would be waivable and that his

13  clients could consent to his continued representation upon

14  being informed of the potential conflicts.  The Court assumes

15  that Mr. Butler, being well qualified and experienced counsel,

16  has disclosed any potential conflicts to his client, to the

17  extent there may be any; that they have consented and requests

18  that he continue to represent them.

19          Am I correct about that assumption, Mr. Butler?

20          MR. BUTLER:  Yes, Your Honor, you are.  And Mr. and

21  Mrs. Harris are seated here with Ms. Kim McCallister.  If the

22  Court has any questions for them, that's fine with me.

23          THE COURT:  Okay.  I accept your representation.

24          The Court finds that with regard to any request for

25  sanctions as to these two motions, the Court finds that

1    sanctions are not appropriate on either of the motions under

2    the circumstances; and, therefore, no sanctions are going to be

3    imposed.

4         The next motion is IEA's motion to compel regarding

5    the Shaun Harris deposition.  That's found at ECF No. 45.  With

6    regard to that motion, the Court denies that motion and makes

7    the following findings:

8         The Court finds that Mr. Harris was deposed as the

9    30(b)(6) witness for H & L Farms, LLC, which the Court

10   understands from the record is a two-party LLC; therefore, it's

11   a small, closely held LLC; that he was deposed for four hours,

12   approximately four hours, on a multitude of topics that

13   included an exhaustive list; and that it would be unreasonable

14   to assume that under those circumstances with such a closely

15   held LLC and with all of the topics for the 30(b)(6) deposition

16   that were listed, it would be unreasonable to assume that you

17   would take a separate deposition at a separate time and place

18   of that particular witness; and, therefore, the Court finds

19   that the single deposition is plenty; and, therefore, the

20   motion to compel an additional deposition of Mr. Harris, which

21   the Court finds would be largely duplicative and unduly

22   burdensome, and that motion to compel is denied.

23        To the extent that any sanctions are sought with

24   regard to that motion, the Court is not going to make a finding

25   that there are sanctions that should be imposed.  There are no

1    sanctions imposed with regard to that motion.

2           The next one is the Silicon Ranch motion to compel

3    regarding the Westwood documents, ECF No. 54.  The Court grants

4    that motion.  The Court has studied the plaintiff's argument

5    and the cases cited and finds that under the circumstances

6    here, the Common Interest Doctrine does not apply where the

7    plaintiff has shared information with a defendant that it is

8    currently suing.  The Court finds those cases cited by counsel

9    for the plaintiff distinguishable; and, therefore, the Court

10   finds that the privilege does not apply here.  Those documents

11   shall be produced or — within 21 days of today's order.

12          Next one is the IEA motion to compel regarding the

13   deposition of John Britt, ECF No. 63.  This is probably the

14   most disappointing episode as far as what I have reviewed that

15   the lawyers were — that this got to the point where that

16   deposition had to be canceled.  I think part of it probably

17   relates to it being taken over Zoom, quite frankly.  The Court

18   is going to allow counsel for defendants to resume the

19   deposition of Mr. Britt but for only two additional hours.  And

20   that deposition shall be in person, not via Zoom; needs to be

21   in person at a time that's convenient for Mr. Britt and for

22   counsel, and two additional hours.  I realize that perhaps the

23   cumulative would be less than the seven hours that the rules

24   generally provide, but this is just not that complicated.

25   Additional two hours, if you get to the point directly, should

1  be plenty of time to complete the deposition of Mr. Britt.  So

2  that motion is granted to that extent.  The Court is not going

3  to award sanctions with regard to that particular motion; finds

4  that sanctions are not warranted under the rules.

5          With regard to discovery and the request for a

6  discovery extension, which is found at ECF No. 49, the Court

7  does find, particularly in light of some of its rulings today,

8  that extending discovery is appropriate.  So the Court is going

9  to extend the discovery deadline until September the 14th of

10 2022; therefore, any of this additional discovery needs to be

11 completed by September the 14th of 2022.  That will make the

12 dispositive motion deadline October the 14th of 2022.  I

13 realize that's not 45 days which is traditionally the amount of

14 time, but 30 days should be plenty to file any dispositive

15 motions after the expiration of discovery.

16         The Court does not intend to grant any additional

17 extensions.  We need to stay on this schedule so the Court, if

18 there are any dispositive motions, can rule on those and have

19 this case ready to try during the Court's March 2023 jury trial

20 term, which should begin first week in March of 2023.

21         This should go without saying, but y'all are

22 presumably all experienced lawyers.  Not every case requires

23 the filing of a summary judgment motion.  I know that's

24 something that lawyers seem to think we got to file it in every

25 case.  If there's clearly genuine factual disputes — I'm not

 1   saying there are or there are not —— but if you've clearly got

 2   genuine factual disputes, particularly if it's going to rest on

 3   expert testimony, don't waste the Court's time by filing some

 4   kind of summary judgment motion where you think you have got a

 5   Hail Mary chance.  We study those motions and, if there is a

 6   factual dispute, it's going to be denied.

 7            Now, if there's a true legal issue here which would

 8   warrant deciding the case or an issue as a matter of law, then

 9   we'll do that.  But I just want to make sure you resist the

10   compulsion to just file that automatic summary judgment motion

11   in every case.

12            Okay.  Are there any —— I don't want to hear any

13   arguments really for reconsideration, quite frankly.  I have

14   studied this stuff.  I have read it.  I could have decided it,

15   as it turns out, without even scheduling this today, but I

16   didn't really reach that conclusion until fairly recently.  But

17   is there any pending motion that we did not rule upon or any

18   clarification that anybody needs as to the Court's rulings this

19   morning?

20            Mr. Butler, do you have anything you wish to add or

21   get clarified?

22            MR. BUTLER:  Your Honor, I think, according to my

23   list, you have done all the pending motions.  The only request

24   I would have is with respect to the —— well, two requests for

25   clarification.  One with respect to the motion to extend

1   discovery, the SRC and IEA defendants served in May sometime,

2   shortly before the expiration of the extended discovery period,

3   a bunch of 30(b)(6) notices without naming a date, time, or

4   place, as required by Rule 30.  And they take the position that

5   they want to depose everybody for whom they sent those

6   non-notices.  I can't remember how many there are of those.

7            Dan, do you remember?  12, 13 of them?

8            MR. PHILYAW:  I don't remember off the top of my

9   head, no.

10           MR. BUTLER:  Yeah, there's a bunch of them.  It's in

11  our briefing, but — so we may need clarification as to what

12  extent or for what purpose the discovery deadline is extended.

13           On January 11 —

14           THE COURT:  All right.

15           MR. BUTLER:  On January 11 we offered to make all our

16  experts available, and we didn't hear from SRC and IEA.  So on

17  March 17 we offered 89 dates to depose all of our experts, and

18  they deposed three of them.  Then two months later in May they

19  came back and wanted to depose some more of them and also

20  wanted to depose five Westwood witnesses.  Plaintiff's counsel

21  arranged for dates for all the depositions they asked for and

22  sent those dates on May 25.  Westwood counsel did the same with

23  respect to the five Westwood witnesses.  And the defendants,

24  IEA and SRC, deposed only one of plaintiff's experts,

25  Mr. Britt, on the dates that were offered in May and none of

1    the Westwood witnesses.  So plaintiffs would hope that we don't

2    start a new round of SRC and IEA seeking to depose people that

3    they have had opportunities to depose for the last six months

4    but failed to do so even though 89 dates were offered in March

5    and I think about 20-something in May for the various experts.

6              THE COURT:  All right.  Who wants to be heard from

7    defendants on that?

8              MR. WILHELM:  Good morning, Your Honor.  This is Ryan

9    Wilhelm here for the IEA defendants.  Judge, within our motion

10   we set forth and identified the depositions that we want to

11   take, and it's our full intent to take those depositions.  We

12   are not —

13             THE COURT:  How many are there?

14             MR. WILHELM:  I'm sorry?

15             THE COURT:  How many are there?

16             MR. WILHELM:  Your Honor, I believe that there are a

17   total of 12 or 13 by my count.

18             THE COURT:  Why haven't you taken them before?

19             MR. WILHELM:  There are a number of reasons why, Your

20   Honor.  This case — well, first of all, 22 depositions have

21   been taken in this case, and they have been taken in various —

22             THE COURT:  Who are all these people you want to

23   depose?  I mean, are they —

24             MR. WILHELM:  Sure.

25             THE COURT:  — are they going to be providing the

1    same information, or that there are that many people who have

2    different and distinct information about how this pond got

3    muddy?

4            MR. WILHELM:  Yes, we believe there are, Your Honor.

5    The individuals include four individuals from Westwood,

6    including Andy Nelson, Aaron Mlynek, Joseph Ridley.  In

7    addition to that —

8            THE COURT:  My question is, this case was filed —

9    well, the answer was — I think, the last answer was filed

10   September of 2021.  So why — when did — you filed your motion

11   to extend discovery — when was that motion filed?

12           MR. BUTLER:  June 10th, Your Honor.  No.  I'm sorry.

13           THE COURT:  June 10th?

14           MR. BUTLER:  No.  I was wrong.  It was filed —

15           MR. WILHELM:  June 9th it was filed, Your Honor.

16           THE COURT:  All right.  So the case was pending since

17   September of 2021, discovery was to expire June 21st of 2022,

18   and you filed a motion 12 days before discovery that you —

19   ends — that you got 12 more depos to take?

20           MR. BUTLER:  Judge, if I could.

21           MR. WILHELM:  Yes, sir.

22           THE COURT:  What happened?

23           MR. WILHELM:  This is Ryan Wilhelm, Your Honor.  You

24   are correct as to the timing of that.

25           I'm getting some echo and feedback.

1              One of the things that I would like to bring up is
2    that our firm, my firm, got involved and filed an entry of
3    appearance in January 28th of this year.  Since that time we
4    have been very involved in this case.  We have —
5              THE COURT:  Whoa.  Whoa.  Whoa.  Whoa.  Wait a
6    minute.  Wait a minute.  Was there another — they were
7    represented since September, though; correct?
8              MR. WILHELM:  That's true, Your Honor.
9              THE COURT:  Okay.  Well, are you suggesting that the
10   previous lawyers did not do their work diligently until you got
11   in the case?
12             MR. WILHELM:  I can't speak to that, Your Honor.
13             THE COURT:  That sounds like what you are implying.
14             MR. WILHELM:  Well, I'm not implying that, Your
15   Honor.
16             THE COURT:  I want to know why you waited 12 days
17   before discovery ended to determine that you needed 12 more
18   depo — you needed discovery extended to take 12 more
19   depositions.
20             MR. WILHELM:  Your Honor, we were working through
21   that.  One of the factors —
22             THE COURT:  Did Mr. Butler or any of his lawyers
23   prevent you from taking any of these depositions earlier, or
24   scheduling them?
25             MR. WILHELM:  No.  No, Your Honor.  Scheduling

1   this —

2           THE COURT:  I'm going to — I'm — this is what we're

3   going to do:  Discovery is extended to the date I said,

4   September the 14th, 2022, and you are going to be — the

5   defendants are going to be allowed to resume the deposition of

6   Mr. Britt, and the defendants jointly may schedule six more

7   total depositions.  That's it, six, to be completed before

8   September 14th of 2022.

9           MR. WILHELM:  Thank you, Your Honor.  For clarifying,

10  are you —

11          THE COURT:  So pick the ones that aren't going to

12  duplicate what the other witnesses may say, and get that done

13  as efficiently as you can.

14          MR. WILHELM:  Yes, Your Honor.  For clarification, is

15  Mr. Britt included within the six, or is it Britt plus six?

16          MR. KODOSKY.  And, Your Honor, before you answer

17  that, may I just — if I may please interrupt.

18          I'm Keith Kodosky, one of the cocounsel for the IEA

19  defendants.  One of the issues involved in the case is the

20  large number of experts that plaintiff has.  I believe that

21  there's nine or 10 experts that plaintiff —

22          THE COURT:  How many have you deposed?

23          MR. KODOSKY:  Two, I believe the count is, to this

24  point.

25          THE COURT:  Why?

 1              MR. KODOSKY:  Well, part of the problem, Your Honor,

 2    is there's been close to 200,000 pages of documents that's been

 3    produced since we became involved in the case in January.

 4              THE COURT:  Well, sounds like to me before we get to

 5    trial, somebody is going to try to simplify this thing a lot.

 6    I mean, I don't —

 7              MR. KODOSKY:  I hope they do.

 8              THE COURT:  With all due respect, I understand this

 9    is a serious, very serious, matter to all parties.  But —

10              MS. BAILEY:  Judge Land —

11              THE COURT:  — this just doesn't seem to be terribly

12    complicated to the extent that you appear to be making it.  But

13    that's y'all's — you know, that's — how you want to present

14    it, that's up to y'all.  But —

15              MS. BAILEY:  Judge Land, Melissa Bailey for Westwood.

16    May I make one point to the Court on behalf of Westwood?  And

17    that is that as noted in the reply brief filed by IEA, Westwood

18    completed its document production, except for 54 documents, in

19    January of this year.  And all of our experts were named in

20    December of last year.  And despite that, the first request for

21    any deposition of a Westwood employee or a Westwood expert was

22    not until the middle of May of 2022, which is five months after

23    we disclosed our experts and four months after we completed —

24              THE COURT:  All right.  That six depositions includes

25    Britt, so Britt plus five depositions.  And that's probably

1  generous.  I mean, quite frankly, the fact that I'm letting you

2  have five more depositions is — it could be argued that that's

3  unreasonable.  I think it's reasonable.

4              MR. WILHELM:  Thank you, Your Honor.

5              THE COURT:  But that will be five depositions plus

6  Britt.

7              Mr. Butler —

8              MS. MOSS:  Excuse me, Your Honor.  This is Alycen

9  Moss for Silicon Ranch.  If I can make one point.

10             THE COURT:  No.  Wait.  Before you — let me clarify

11 one thing before you say what you are going to say, Ms. Moss,

12 while it's on my mind.

13             That's five total — well, including Mr. Britt — for

14 the defendants.  So y'all are going to have to — the

15 defendants will have to agree.  It's not just for one

16 defendant.  Hopefully y'all can agree on who those five should

17 be and — or split it up or — I don't want to have to get

18 involved in that unless absolutely necessary.

19             Yes, Ms. Moss.

20             MS. MOSS:  So the point that I was going to make is

21 that, yes, some of these experts were disclosed, but it was

22 late May and early June that plaintiff served supplemental

23 expert reports for almost all of these experts.  So I don't

24 have the exact number of supplemental experts — expert reports

25 that they served, but those were not served until late May or

1   early June.

2           MR. BUTLER:  Judge, may I respond to that?

3           THE COURT:  Why would you not have made arrangements

4   to take the depositions even before you got the supplemental

5   reports if you knew they were named as experts?

6           MS. MOSS:  And some of them we had deposed and some

7   of those need to be redeposed because the depositions have been

8   taken.

9           But I can also speak just to the course of discovery

10  in general.  It seems initially everybody was doing written

11  discovery.  You know, we were back and forth on that.  There

12  were multiple rounds of written discovery that was served.

13  There were a lot of documents produced, hundreds of thousands

14  of pages of documents that were produced.  It then seems that

15  the parties have been deposing all of the fact witnesses.  The

16  CEOs of Silicon Ranch, IEA were deposed.

17          THE COURT:  Why did you wait 12 days before discovery

18  expired to request an extension of discovery to do all of these

19  depositions?  That still — I don't understand that.  You

20  waited until the very last minute.  Looks like some calendar

21  clerk looked at the calendar and said, Oops, discovery expires

22  in a week.  We better hurry up and file something to protect

23  ourselves.  It doesn't sound like you were diligently pursuing

24  the discovery otherwise.

25          MS. MOSS:  Well, we had been working — we had asked

1  Mr. Butler.  So we had been back and forth with him on whether
2  he would agree to a discovery extension.  So it's absolutely
3  not a last-minute issue that we thought of.  We had been
4  working trying to extend the discovery period by consent.  We
5  recognized that we were going to still need some of these
6  depositions.
7            THE COURT:  Are the expert depositions that you are
8  referring to —
9            Who do you represent, Ms. Moss?
10           MS. MOSS:  I represent Silicon Ranch and SR Lumpkin.
11           THE COURT:  And who?
12           MS. MOSS:  SR Lumpkin.
13           THE COURT:  Okay.  And are you not aligned with IEA
14  as far as the people you need to depose?
15           MS. MOSS:  They are probably the same people that we
16  need to depose as far as —
17           THE COURT:  Okay.  Well, y'all you get six.  Y'all
18  get five in addition to Mr. Britt, the total for the
19  defendants.
20           All right.  What was the other issue, Mr. Butler, you
21  said you had, or not?
22           MR. BUTLER:  Well, there is a lot of unpacking to do
23  of the statements made by Mr. Wilhelm and Ms. Moss, but the
24  Court has ruled, so I won't do it.
25           THE COURT:  Good.

1          MR. BUTLER:  Yes, sir.

2          The other problem — the only other issue I would

3  raise is, I'm lead counsel for the retrial of the Hill versus

4  Ford Motor Company case, which is set for August 1, which is a

5  week from Monday.  And I'm going to be working 24/7 to get

6  ready for that until it starts August 1.  Ford Motor Company

7  says the trial is going to last three weeks.  I don't see how

8  it can, but I'm not the judge, obviously.  That's up to the

9  judge in the case.

10          Mr. Britt is my witness, my expert witness.  And so I

11  would ask that his deposition not be taken until after we get

12  through with the Hill trial.  And that should give us almost a

13  month given the extended discovery deadline, because I need to

14  be there for Mr. Britt's deposition.  With respect to whoever

15  else the defendants select, we will cooperate fully, as we have

16  done before, to schedule those depositions and find a lawyer to

17  cover them.

18          THE COURT:  All right.  Well, I'm sure after today

19  all the lawyers will have a renewed spirit of cooperation and

20  will respect each other and get these depositions scheduled at

21  a mutually agreeable time as long as it's completed before

22  September 14th of 2022 so that we can get this case moving to

23  the posture of deciding dispositive motions and get it ready

24  for trial.

25          All right.  Defense counsel, anybody else want to be

1    heard?

2              Yes, sir.

3              MR. STAIR:  Yes, sir.  Kent Stair for Westwood.  I

4    was on mute there a moment ago when I tried to address the six.

5              As you might have seen, we're not always in sync with

6    IEA and SRC, and we would like two of the six defense

7    deposition opportunities.  So they can split the other four up.

8              MR. KODOSKY:  Your Honor, the only thing I would say

9    to that is that Westwood not only did not consent to our

10   request to extend discovery, they've opposed it.  And so we

11   would say that to the extent they are now trying to cut into

12   the six that the Court has generously granted, they shouldn't

13   be entitled to dictate who is deposed in the time that remains

14   because, again, they would not consent to an extension of

15   discovery and actively opposed it.

16             That's all.  Thank you, Your Honor.

17             MS. MOSS:  And Westwood has not indicated any

18   depositions that it has wanted to take, so I'm not sure what

19   depositions they would even want to take.  They haven't

20   mentioned that to us, and like Mr. Kodosky said, they opposed

21   the extension.

22             MR. STAIR:  We did oppose it.  But obviously with an

23   (indiscernile) to continue, we would like to do some, too.

24   And —

25             THE COURT:  All right.  Well, Mr. Stair, you are an

1    experienced trial lawyer.  You are just going to have to make

2    do with what you get.  I'm going to allow the other defendants

3    who aggressively sought to extend discovery name the six, and

4    then I'm sure you'll be — you and cocounsel will be fully

5    capable of adequately defending your client based on the

6    discovery that is taken between now and September.

7                    MR. STAIR:  That is understood, sir.  Thank you.

8                    THE COURT:  All right.  Anybody else want to be heard

9    from the defendant's side?  Anybody need any clarification?

10                   Okay.  Thank y'all for appearing.  As I say, I'm not

11   sure this was necessary.  We probably could have decided this

12   with a written order.  But the briefing was clear.  And I will

13   not be issuing a written order.  My findings and orders will be

14   in this transcript.  If anybody needs those, then that will be

15   available through the court reporter.

16                   Okay.  Hopefully the next time I speak to y'all will

17   be either through an order on dispositive motions or a final

18   pretrial conference in anticipation for a trial in March.

19                   Thank you for being here.  Have a good weekend, or

20   have a good week.  All right.  Goodbye.

21        (Proceedings concluded at 10:08 a.m.)

22

23

24

25

1                          CERTIFICATE OF REPORTER

2              I, Betsy J. Peterson, Official Court Reporter of
   the United States District Court, in and for the Middle
3  District of the State of Georgia, Columbus Division, a
   Registered Professional Reporter, do hereby CERTIFY that the
4  foregoing proceedings were reported by me in stenographic
   shorthand and were thereafter transcribed under my direction
5  into typewriting; that the foregoing is a full, complete, and
   true record of said proceedings.

6

7                          This 30th day of August, 2022.

8

9                          s/Betsy J. Peterson
10                         Betsy J. Peterson, CRR, RPR, CCR
                           Federal Official Court Reporter
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25