IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

H&L FARMS LLC, SHAUN HARRIS, and    *
AMIE HARRIS,
   *
     Plaintiffs,
   *
vs.                   CASE NO. 4:21-CV-134 (CDL)
   *
SILICON RANCH CORPORATION, *et al.*,
   *
     Defendants.
   *

O R D E R

Plaintiffs own and reside on a hunting and fishing preserve. Defendants were involved in the design and construction of a solar farm facility on adjoining land. Plaintiffs assert that Defendants did not take adequate measures to prevent erosion from the solar farm, which led to continuing pollution of Plaintiffs' 21-acre fishing lake. Defendants deny that their conduct caused the pollution. Presently pending before the Court are four motions to exclude experts.[1] For the reasons set forth below, the Court defers ruling on the motion to exclude Lee Walters (ECF No. 120) pending a *Daubert* hearing, denies the motion to exclude Robert Behar (ECF No. 126), denies the motion to exclude John Britt (134), and defers ruling on the motion to exclude Vance Smith (ECF No. 155) pending a *Daubert*

---

[1] Also pending before the Court are seven summary judgment motions and a motion to strike portions of a brief. Those motions will be addressed in a separate order.

hearing.  The Court will hold the *Daubert* hearings during the pretrial conference on January 27, 2023.  Plaintiffs should have Mr. Walters and Mr. Smith available at the *Daubert* hearing to be questioned by the Court and Defendants' counsel.  If either expert is unavailable, counsel should promptly notify the Court so that the *Daubert* hearings can be rescheduled.

DISCUSSION

Defendants contend that Robert Behar was not properly disclosed and should be excluded.  Defendants seek to exclude testimony from Lee Walters, John Britt, and Vance Smith under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).[2]  The Court first addresses the motion to exclude Behar, then the *Daubert* motions.

**I.   Motion to Exclude Robert Behar (ECF No. 126)**

Robert Behar is Plaintiffs' expert on the financial condition of all Defendants except Westwood Professional Services, Inc.  His opinions are relevant to Plaintiffs' claim for punitive damages.  It is undisputed that when Behar provided his initial expert report shortly before Plaintiffs' expert disclosure deadline in November 2021, he did not offer an opinion about the financial condition of any Defendant.  Rather, he stated that he had not yet received certain financial

---

[2] The motions to exclude were brought by IEA Constructors, LLC Infrastructure and Energy Alternatives, Inc., Silicon Ranch Corporation, and SR Lumpkin, LLC.  Westwood Professional Services, Inc. did not join the motions to exclude.

information from the Defendants and that when he received the financial information, he would prepare a supplemental report. Defs.' Mot. to Strike Behar Attach. 2, Behar Report (Nov. 23, 2021), ECF No. 126-2 at 17-18.  Months passed.  Defendants ultimately objected to providing the requested financial information.  Defendants noticed Behar's deposition for April 29, 2022.  During the deposition, they confirmed that his initial expert report did not include an opinion on Defendants' financial condition and that Behar had not yet prepared a supplemental report.  Behar Dep. 20:21-21:12, ECF No. 126-5. Behar later prepared a supplemental report based on publicly available information, including information that was published after his initial report, as well as some documents and testimony generated during discovery.  Plaintiffs served that report on Defendants on May 20, 2022, about a month before discovery closed.  Although Defendants' counsel noted that Behar would need to be re-deposed, no deposition was scheduled.

Twelve days before discovery closed on June 21, 2022, Defendants sought an extension of discovery, in part so they could re-depose Behar.  *See, e.g.*, Defs.' Mot. to Amend Scheduling Order 2 n.1, ECF No. 49 ("Robert Behar and Stacy Mote recently have produced new reports and now they likely need to be re-deposed.").  The Court held a hearing on the extension motion (and several other motions); it extended discovery until

September 14, 2022 and permitted Defendants to schedule five more depositions. Hr'g Tr. 16:2-8, 17:24-18:6 (July 21, 2022), ECF No. 84. Defendants did not re-depose Behar.

Approximately five months after Behar provided his supplemental report and three months after the Court extended discovery to permit additional depositions, Defendants filed a motion to exclude Behar's "new" expert opinions as untimely under Federal Rule of Civil Procedure 37(c). That rule states that if a party does not identify a witness "as required by Rule 26(a) or (e), the party is not allowed to use that" witness "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Defendants correctly point out that expert disclosures must comply with Federal Rule of Civil Procedure 26(a)(2)(B) by providing a "complete statement of all opinions the witness will express and the basis and reasons for them." Defendants recognize that an expert may supplement his report under Rule 26(e), but they appear to contend that Behar's supplemental report is not acceptable because he had access to some of the documents on which it was based well before he supplemented his report; the implication is that Behar could have completed the supplemental report before he did. But in the months after Behar produced his initial report, counsel for the parties engaged in back-and-forth discussions regarding which, if any,

financial documents Defendants would produce. Then, after it became clear that no additional financial documents were forthcoming without a discovery battle, Behar prepared the supplemental report based on the documents to which he had access. The Court is not convinced that this approach was unreasonable. Nor can the Court find that Defendants were prejudiced by Behar's May 2022 supplemental report. Defendants knew that Behar's initial report contained no opinions about Defendants' financial condition, and they knew that he planned to supplement his report once he received more information. Behar supplemented his report a month before the close of discovery, and Defendants contemplated re-deposing him but failed to do so. Then, after discovery closed, the Court reopened discovery for the limited purpose of allowing Defendants to take additional depositions. They could have taken Behar's deposition during extended discovery. For all these reasons, the Court declines to exclude Behar's testimony under Rule 37(c). Defendants' motion to exclude him (ECF No. 26) is denied.[3]

---

[3] At the end of their motion to exclude, Defendants summarily object to Behar's opinion on the Defendants' use of LLC, though they point to no specific evidence they seek to exclude. If Defendants want the Court to exclude evidence, they need to file a motion in limine that clearly explains what evidence they seek to exclude and the legal basis for excluding the evidence.

## II.  **The *Daubert* Motions**

Defendants' other motions to exclude experts are brought pursuant to Rule 702 and *Daubert.*  "A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if" his "scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;" his "testimony is based on sufficient facts or data" and "is the product of reliable principles and methods;" and he "reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.  In evaluating the admissibility of expert testimony, the Court must consider whether "the expert is qualified to testify competently regarding the matters he intends to address," whether his methodology "is sufficiently reliable," and whether his testimony will help the trier of fact "understand the evidence or to determine a fact in issue."  *Knepfle v. J-Tech Corp.*, 48 F.4th 1282, 1294 (11th Cir. 2022) (quoting *City of Tuscaloosa v. Harcros Chems., Inc.*, 158 F.3d 548, 562 (11th Cir. 1998)).  The Court's goal is to ensure "that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir.

2004) (en banc) (quoting *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999)).   To allow the testimony to be considered by the jury, the Court must find that "'it is properly grounded, well-reasoned, and not speculative.'" *Id.* (quoting Fed. R. Evid. 702 advisory comm. note (2000 amends)).

A.   Motion to Exclude Lee Walters (ECF No. 120)

Lee Walters is a licensed real estate broker who has twenty years of experience marketing farms, timberland, and recreational hunting and fishing properties in southwest Georgia.   He is familiar with Plaintiffs' property because his firm listed the property for sale during 2016.   Walters intends to offer a diminution in value opinion as to the effect the pollution of the 21-acre fishing lake has on the property's value.   Walters opines that the 21-acre lake is the "dominant feature" of the 1,630-acre property.   Walters Aff. Ex. B, Walters Expert Report, ECF No. 120-2 at 10.   Walters believes that before the 21-acre lake was "flooded with red silt and sediment," the lake "represented an amount not less than one-third of the value of the entire property."   *Id.*   Based on his post-flooding inspection of the lake, Walters concluded that the lake is an "eyesore" that "stigmatizes the property."   *Id.* Because Plaintiffs paid $3.3 million for the property, Walters believes that the amount of diminished value for Plaintiffs' property is $1.1 million.   *Id.*

Defendants argue that Walters is not qualified to offer an opinion on the amount of diminished value in this action because he is not a certified appraiser.  Defendants further contend that even if Walters is qualified to offer an opinion on the value of Plaintiffs' property, his opinion must be excluded because he did not use any accepted methodology for real estate valuation in reaching his opinion.  The Court finds that a *Daubert* hearing is necessary to determine whether Walters may offer an expert opinion on the amount of diminished value.  Accordingly, the Court defers ruling on the motion to exclude Walters (ECF No. 120).  The Court will hold the *Daubert* hearing during the pretrial conference.

B.  Motion to Exclude John Britt (ECF No. 134)

John Britt is a registered forester.  He holds a Master of Science in forestry and a Bachelor of Science in forest management.  He has been a forester for more than thirty years.  Among other things, Britt was lead forester for MeadWestvaco Corporation with responsibility for timber harvest preparation and execution.  He now owns a forest management consulting firm and provides silviculture and land management consulting services to landowners in several states.  Britt also served on a committee that completed a major revision of the Georgia Forestry Commission's best management practices manual.  Based on his experience, his inspection of the solar farm property,

Plaintiffs' property, and his review of various documents and photographs, Britt opines that the forest management team and loggers who harvested timber on the solar farm property employed forestry best management practices and did not cause harm to Plaintiffs' property.   He also opines that implementation of forestry best management practices should not result in excessive erosion.

Defendants do not seriously dispute that Britt is qualified to render an expert opinion on the forestry issues in this action, but they do contend that his opinion is unreliable and is mere "*ipse dixit*."   In support of this argument, Defendants contend that Britt lacked a factual foundation for his opinions because he did not know whether the loggers followed the best management practices outlined in an article by the American Forest Foundation.   But Britt explained that he focused on whether the loggers employed forestry best management practices as outlined in the Georgia Forestry Commission's *Georgia's Best Management Practices for Forestry* manual.   Whether he should have also considered the article Defendants cite goes to the weight of his testimony, not its admissibility.

Defendants also argue that Britt did not do any analysis from which he could state that the loggers contributed little to no sediment discharges to Plaintiffs' property.   Defendants emphasize that Britt is not qualified to opine on *construction*

erosion and sediment control guidelines. But Britt is not offering expert opinions on whether construction best management practices were used on the solar farm property. Rather, his opinions focus on whether the logging caused the erosion and whether *forestry* best management practices were followed. And, Britt *did* conduct an analysis to support his opinions: Britt inspected both properties, reviewed the harvesting plans and harvesting inspection reports, and viewed photographs and satellite images of the solar farm property before the logging, after the logging, and after Defendants' clearing and grading activities. Based on the present record, the Court is satisfied that Britt's methodology is sufficiently reliable to allow for his opinions to be admitted. The Court thus denies Defendants' motion to exclude Britt's testimony. (ECF No. 134).

C.   Motion to Exclude Vance Smith (ECF No. 155)

Vance Smith was in the grading business for more than thirty years. As part of that business, Smith built more than 200 lakes and ponds for fishing and farm uses. Smith intends to offer an opinion on the feasibility and cost to dredge the 21-acre lake on Plaintiffs' property. As part of his opinion, Smith asserts that there is no point in dredging the lake until erosion from the solar farm is stabilized.

Defendants argue that Smith is not qualified to offer an opinion on the feasibility of remediating the lake because he

has never performed a lake remediation project. Defendants also contend that Smith's methodology is unreliable because he did not take measurements of the lake or the silt using accepted methods and his expert report did not include enough data to support his theories. Defendants also contend that Smith is not qualified to opine on the condition of the wetlands and streams that feed the lake and that he did not use any scientifically accepted methods for evaluating the wetlands and streams. The Court finds that a *Daubert* hearing is necessary to determine whether Smith may offer an expert opinion on these issues. Accordingly, the Court defers ruling on the motion to exclude Smith (ECF No. 155). The Court will hold the *Daubert* hearing during the pretrial conference.

## CONCLUSION

As discussed above, the Court defers ruling on the motion to exclude Lee Walters (ECF No. 120) pending a *Daubert* hearing, denies the motion to exclude Robert Behar (ECF No. 126), denies the motion to exclude John Britt (134), and defers ruling on the motion to exclude Vance Smith (ECF No. 155) pending a *Daubert* hearing. The Court will hold the *Daubert* hearing during the pretrial conference on January 27, 2023.

IT IS SO ORDERED, this 12th day of January, 2023.

s/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA