**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | |
|---|---|
| H & L FARMS, LLC; SHAUN HARRIS and AMIE HARRIS, | * |
| | * |
| | * |
| Plaintiffs, | * |
| | * |
| v. | * |
| | * Civil Action No.: |
| SILICON RANCH CORPORATION; | * 4:21-cv-00134- CDL |
| SR LUMPKIN, LLC; | * |
| INFRASTRUCTURE AND ENERGY | * |
| ALTERNATIVES, INC.; IEA | * |
| CONSTRUCTORS, LLC; and | * |
| WESTWOOD PROFESSIONAL | * |
| SERVICES, INC., | * |
| | * |
| Defendants. | * |

## DEFENDANT WESTWOOD PROFESSIONAL SERVICES, INC.'S MOTIONS IN LIMINE

COMES NOW Westwood Professional Services, Inc. ("Westwood"), Defendant in

the above-styled action, and files these Motions in Limine, moving the Court as follows:

1. Mention of Insurance Carriers

2. Arguments by Counsel as to Personal Beliefs of a Witness's Credibility

3. Demonstrative Evidence Should Not Go to Jury Room

4. Use of the "Golden Rule"

5. "Ordinary" or "simple" negligence claims against Westwood

6. Expert opinions that were not disclosed in discovery

7. Documents not produced in discovery

8. Other malpractice actions against Westwood

1

9. Using depositions in opening

10. Relative wealth of parties

11. Testimony or argument about "best practices"

12. Subsequent remedial measures

<u>**ARGUMENT AND CITATION TO AUTHORITY**</u>

1. *Mention of Insurance Carriers*

"The collateral source rule is both a substantive principle of damages and an evidentiary rule." <u>Higgs v. Costa Crociere S.P.A. Co.</u>, 969 F. 3d 1295, 1310 (11th Cir. 2020). "[E]vidence of an insured's insurance coverage is not admissible in a negligence action against the insured." <u>ECI Mgmt. Corp. v. Scottsdale Ins. Co.</u>, 23 F. 3d 354, 356 (11th Cir. 1994). Here, the claims against Westwood sound in professional negligence. Therefore, mention of insurance should be excluded.

2. *Arguments by Counsel as to Personal Beliefs as to a Witness's Credibility*

"Attempts to bolster a witness by vouching for his credibility are normally improper and error." <u>United States v. Dennis</u>, 786 F. 2d 1029, 1046 (11th Cir. 1986). For that reason, counsel should not be permitted to comment on the credibility of a witness.

3. *Demonstrative Evidence Should Not Go to Jury Room*

"[D]emonstrative aids are not evidence." <u>Sanchez v. Discount Rock & Sand Inc.</u>, Case No. 4:18-CV-10097-KMM, 2022 WL 832429 * 13 (S.D. Fla. Feb. 9, 2022). For that reason, demonstrative aids should not be permitted to go out with the jury in written or digital form.

4. *Use of the "Golden Rule"*

"The so-called 'Golden Rule' argument urges the jurors to place themselves in the position of plaintiff or to allow such recovery as they would wish if in the same position. It is improper because it asks the jurors to consider the case, not objectively as fair and impartial jurors, but rather from the biased, subjective standpoint of a litigant." Dickens v. Parsec, Inc., 1:19-cv-4989-MHC, 2021 WL 6752305 at *6 (N.D. Ga. July 27, 2021) (quoting Myrick v. Stephanos, 220 Ga. App. 520, 522 (1996)) (internal citations and quotations omitted).

5. *"Ordinary" or "simple" negligence claims against Westwood*

The issue as to Westwood is if it violated the standard of care applicable to it. Importantly, there is not a cross-claim for breach of contract by the Co-Defendants, and the Court has granted summary judgment to Westwood on the simple negligence claim. [Dkt. 171]. Only an expert witness can opine as to what constitutes the applicable standard of care. Hopkinson v. Labovitz, 499 S.E. 2d 338, 340 (Ga. Ct. App. 1998). While the parties may attempt to paint this as an "ordinary" or "simple" negligence case to bypass the jury's consideration of the professional standard of care, the claim is that Westwood utilized inadequate judgment or methods in its civil design. Consequently, it is only a claim for professional negligence. See Herndon v. Ajayi, 532 S.E. 2d 108, 110 (Ga. Ct. App. 2000) (noting that the question of whether an action is simple or professional negligence turns on whether it involves the exercise of professional judgment). The distinction between professional and simple negligence is a question of law for a court to decide, not a jury. MCG Health, Inc. v. Casey, 603 S.E. 2d 438, 441 (Ga. Ct. App. 2004) (quoting Upson Cnty. Hosp. v. Head, 540 S.E. 2d 626 (Ga. Ct. App. 2000)).

Resultantly, the Court should now allow the parties to argue to the jury that the claims against Westwood are akin to a "simple" negligence case that one might see in a car wreck or slip and fall and instead that the claims against Westwood be held to the higher professional negligence standard of care.

6. *Expert opinions that were not disclosed in discovery*

The parties had a scheduling order with specific dates for the disclosure of expert witness and opinion testimony. The district court is empowered to exclude expert testimony that is not timely disclosed or which is incomplete at the time of its disclosure. Mitchell v. Ford Motor Co., 318 Fed. App'x 821, 824-25 (11th Cir. 2009) (failure to timely disclose the full bases for opinions of an expert prior to his deposition warranted exclusion of that expert's testimony at trial).  "The burden of establishing that a failure to disclose was substantially justified or harmless rests on the non-disclosing party."  Id. at 824.

Any expert opinions that were not fully disclosed by the expert disclosure deadline, including in report form required by Federal Rule 26, should be excluded.

7. *Documents not produced in discovery*

On January 4, 2023, IEA and SRC produced the following documents for the first time: (1) ESA dated November 21, 2022; (2) ESA Work Authorization between IEAC and Long Engineering dated November 30, 2022; (3) "Deliverables" provided to IEAC by Long Engineering pursuant to the terms of the agreements; (4) Photographs taken by Long Engineering during inspections.  Approximately a week later, on January 11, 2023, more documents were produced. [Dkt. 166-3].  None of these documents were produced during the discovery period or even before the dispositive motion deadline.  Moreover, the parties

were unaware of Long Engineering's involvement with the project until December 27, 2022, months after the close of discovery.  Permitting IEA and/or SRC to introduce documents into evidence that were not produced until months after the close of discovery creates an unfair advantage and is a flagrant violation of the discovery rules and this Court's prior order.  Therefore, documents relating to the retention and work of Long Engineering, produced for the first time in 2023, should be excluded.

8.  *Other malpractice actions against Westwood*

Federal Rule of Evidence 404(a)(1) excludes evidence of a character trait "to prove that on a particular occasion the person acted in accordance with the character or trial." Georgia courts have held that evidence of prior professional negligence cases is inadmissible for this reason.  See Laughridge v. Moss, 294 S.E. 2d 672, 674 (Ga. Ct. App. 1982).  Because evidence or discussion of any prior professional negligence claims against Westwood does not make any fact of consequence in this case more or less probable, it is irrelevant and should be excluded.  Fed. R. Ev. 401.

9.  *Use of depositions in opening*

Opening statements are an opportunity "to state what evidence will be presented, to make it easier for the jurors to understand what is to follow, and to relate parts of the evidence and testimony to the whole; it is not an occasion for argument." United States v. Dintz, 404 U.S. 600, 611 (1976 (Burger, J. concurring).  It is inappropriate for an opening statement to be used to "poison the jury's mind" against a party or recite items of evidence. United States v. Burns, 298 F. 3d 523, 543 (6th Cir. 2002).  Thus, while a party may discuss what it reasonably believes the evidence and testimony may be at trial, no party should be

permitted to use deposition testimony as part of its opening statement.

The parties will have a full and fair opportunity to present evidence and cross-examine witnesses during the trial.  If the Court allows videotaped depositions or read transcripts to be played to the jury before they appear live (or the testimony is presented in its entirety during the evidence phase), it prejudices the other parties.  Therefore, it should not be permitted.

10. *Relative wealth of parties*

Juries are permitted to assess punitive damages in appropriate circumstances based on the personal financial resources of the offending party.  City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 269 (1981).  Applied here, Plaintiffs maintain a claim for punitive damages against the SRC and IEA Defendants, but they have dropped the punitive damages claim against Westwood.  Therefore, Westwood moves to exclude evidence of the relative wealth of the parties in the liability phase of the trial and for said evidence to be preserved for appropriate use in the punitive damages phase.

11. *Testimony or argument about "best practices"*

In discovery, one or more witnesses opined as to "best practices" for engineering as opposed to the standard of care.  But, "best practices" are not synonymous with the standard of care, defined as the degree of skill and care exercised generally by engineers under like conditions and similar surrounding circumstances.  See Hartman v. Shallowford Community Hosp., Inc., 466 S.E. 2d 33, 36 (Ga. Ct. App. 1995).  As the Hartman court noted, failure to clearly delineate that line confuses the jury and may result in reversible error.

6

Therefore, Westwood moves the Court to exclude evidence of "best practices" in the engineering field as opposed to the standard of care.

*12. Subsequent remedial measures*

"When measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequence measures is not admissible to prove negligence." Fed. R. Ev. 407.  Applied here, in January 2023, SRC and IEA, for the first time, produced plans to redesign the Lumpkin Site.  These plans typify subsequent remedial measures.  It is expected that SRC and IEA intend to utilize those documents and witnesses to support their contention that the Westwood plans were somehow deficient, i.e., to prove negligence of Westwood.  Because evidence of subsequent remedial measures is inadmissible to prove negligence, all documents and testimony regarding the decision to redesign the Lumpkin Site nearly two years after the initial design should be excluded.

This 20th day of January, 2023.

COPELAND, STAIR, VALZ &
LOVELL LLP

By: */s/ Melissa L. Bailey*_____
        KENT T. STAIR
        State Bar No.:  674025
        MELISSA L. BAILEY
        State Bar No.: 804341
        COREY R. MENDEL
        State Bar No.: 604149

191 Peachtree Street NE
Suite 3600
Atlanta, Georgia 30303-1740
404-522-8220
        ………
P.O. Box 56887
Atlanta, Georgia 30343-0887
kstair@csvl.law
mbailey@csvl.law
cmendel@csvl.law

*Attorneys for Defendant Westwood*
*Professional Services, Inc.*

7

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this date a true and correct copy of the foregoing

pleading was electronically filed with the Clerk of Court's CM/ECF filing system which

should send notification of such filing to all attorneys of record.

This 20th day of January, 2023.

COPELAND, STAIR, VALZ &
LOVELL LLP

By: */s/ Melissa L. Bailey*_____
KENT T. STAIR
State Bar No.:  674025
MELISSA L. BAILEY
State Bar No.: 804341
COREY R. MENDEL
State Bar No.: 604149

*Attorneys for Defendant Westwood
Professional Services, Inc.*

191 Peachtree Street, NE
Suite 3600
Atlanta, Georgia 30303-1740
404-522-8220
        ………
P.O. Box 56887
Atlanta, Georgia 30343-0887
*kstair@csvl.law*
*mbailey@csvl.law*
*cmendel@csvl.law*