```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF GEORGIA
                   COLUMBUS DIVISION
```

H&L FARMS LLC, SHAUN HARRIS,      *
and AMIE HARRIS,
                                  *
     Plaintiffs,
                                  *
vs.
                                  *   CASE NO. 4:21-CV-134 (CDL)
SILICON RANCH CORPORATION, *et*
*al.*,                            *

     Defendants.                  *

O R D E R

The Court has reviewed the parties "joint" proposed pretrial order, the objections to it, and the motions in limine. To facilitate the pretrial conference and make the best use of limited time, the Court notifies counsel of the following:

1. The Court will not reconsider any of its rulings made in response to the parties' previously filed summary judgment motions. The motions in limine that seek a ruling that would be inconsistent with the Court's summary judgment rulings are denied. The motions in limine that seek a ruling *consistent* with the Court's prior motions are granted, though it is incumbent on counsel to object at trial if evidence or argument is inconsistent with the

Court's prior rulings. Counsel should not waste time at the pretrial conference on these issues.

- Plaintiffs' Motion in Limine # 2 (regarding logging on Silicon Ranch's property). DENIED.

- Plaintiffs' Motion in Limine # 4 (regarding argument that IEA was not involved in the development of the solar facility). DENIED.

- Plaintiffs' Motion in Limine # 5 (regarding allegations that Mr. and Mrs. Harris "assumed the risk"). GRANTED.

- Plaintiffs' Motion in Limine # 6 (regarding allegations that Plaintiffs' lead counsel refused to testify). GRANTED.

- Plaintiffs' Motion in Limine # 8 (regarding allegations that the members of Kawikee Refuge LLC concealed things from Mr. and Mrs. Harris). GRANTED.

- Plaintiffs' Motion in Limine # 9 (regarding allegations stemming from private communications between Plaintiffs' counsel and Westwood's counsel). GRANTED.

- Westwood's Motion in Limine # 5 (ordinary or simple negligence claims against Westwood). GRANTED.

2. One of the Court's pet peeves is boilerplate motions in limine that require the Court to speculate as to what the context of the case will be when the evidence is sought to be admitted and/or that seek general hypothetical rulings untied to specific evidence. Any such motions are deferred, and counsel should object at trial at the time the evidence is offered if it is objectionable. These motions will not be taken up at the pretrial conference.

- Westwood's Motion in Limine # 6 (expert opinions not disclosed in discovery). The Court assumes experienced

2

      counsel will not attempt to introduce expert opinions not disclosed during discovery.

- Westwood's Motion in Limine # 11 (testimony about engineering "best practices").  The Court assumes that experienced counsel will not attempt to introduce testimony beyond the expertise of the witness.

- IEA/SRC's Motion to exclude Erin Bouthillier's potentially duplicative testimony (ECF No. 179 Part A).  The Court will operate the trial in a manner that minimizes duplication.

- IEA/Silicon Ranch's Motion in Limine re Brian Wellington to the extent he offers a legal conclusion (ECF No. 180).  The Court assumes that experienced counsel knows the difference between legitimate expert opinions and legal conclusions and will avoid soliciting testimony regarding the latter.

4. The Court will take up the motions to exclude witnesses at the pretrial conference (ECF Nos. 120, 155, 166, 168, 172, 173, 179 Part B).  As for motions in limine, Counsel for each party will be recognized at the pretrial conference to argue no more than **three** additional motions in limine, so counsel should concentrate on those counsel believes to be most important.  The Silicon Ranch Defendants (Silicon Ranch Corp. and SR Lumpkin LLC) shall be treated jointly with the IEA Defendants (Infrastructure and Energy Alternatives, Inc., and IEA Constructors LLC) for these purposes.

## CONCLUSION

The purpose of the final pretrial conference is not to argue the merits of the case or cast aspersions on opposing

counsel. The purpose is to have a meaningful discussion in order to facilitate the trial of the case. By maintaining focus on this objective, we will be able to use our limited time in an efficient and effective manner. The jury must decide what caused the muddy pond, who is at fault in causing the muddy pond, what damages, if any, should be awarded to compensate for the muddy pond, and the extent to which anyone should be punished for their alleged conduct that contributed to the muddy pond. We can dress it up with legalese and the essential elements of the various causes of action. But that's what the jury is going to have to decide. Important—yes. Complicated—no.

    IT IS SO ORDERED, this 26 day of January, 2023.

s/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA
