IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| H & L FARMS, LLC; <br> SHAUN HARRIS and AMIE HARRIS, <br><br> Plaintiffs, <br><br> v. <br><br> SILICON RANCH CORPORATION; <br> SR LUMPKIN, LLC; INFRASTRUCTURE <br> AND ENERGY ALTERNATIVES, INC.; <br> IEA CONSTRUCTORS, LLC; and, <br> WESTWOOD PROFESSIONAL <br> SERVICES, INC., <br><br> Defendants. | CIVIL ACTION FILE <br><br> NO. 4:21-CV-00134-CDL |

### PLAINTIFFS MOTION TO EXCLUDE SILICON RANCH & IEA UNTIMELY PRODUCED DOCUMENTS AND TRIAL EXHIBITS AND MOTION FOR SANCTIONS

Yesterday, on April 5, 2023 at 4:14 P.M., just three business days prior to the start of trial, SRC/IEA[1] belatedly produced **hundreds of documents** that were improperly withheld during discovery. *See* Exh. A, 04/05/2023 Email from Stearns to All Counsel. The newly produced documents are clearly responsive to Plaintiffs' long-standing discovery requests, and also should have been produced or specified as part of the defendants' continuing obligations to supplement their initial disclosures.

At the same time, SRC/IEA transmitted **92 new trial exhibits**. Those new trial exhibits appear to be sourced from (a) the documents newly produced and (b) documents previously

---

[1] The reference to "SRC/IEA" is purposeful: those defendants are acting as one defendant in all that they do.

produced but either (1) not previously marked as trial exhibits or (2) previously marked as trial exhibits but altered in some way.[2]

For example, the new trial exhibits include eleven exhibits comprised of photographs taken by drone *in the year 2021* which had not been previously produced.[3] Four of those exhibits with multiple drone photographs are dated before Plaintiffs even filed suit.

SRC/IEA's untimely production of documents and belated submission of new trial exhibits smacks of gamesmanship, is further evidence of those defendants' bad faith litigation tactics which have marred this case from its outset, and should not be tolerated by this Court. Plaintiffs respectfully request that the Court enter an order (1) prohibiting SRC/IEA from using any of the newly produced documents as exhibits at trial (except for photos of the SRC property and Harris property taken after the exhibit exchange date) and (2) prohibiting the SRC/IEA defendants from using any documents in existence prior to the exhibit exchange date that those defendants had not previously marked as exhibits at trial.

I.     FACTS

Plaintiffs filed their Complaint in this case on August 6, 2021. *See* Doc. 1. The parties were required to make their Initial Disclosures under Rule 26(a)(1) of the Federal Rules of Civil Procedure on or before October 15, 2021. *See* Doc. 27 at 7.

---

[2] The production of new exhibits is hard to figure out. SRC/IEA claimed that as to some of them, they were just removing highlighting from an exhibit already on their trial exhibit list. But an examination of some of the new exhibits shows other kinds of changes as well, such as additional information in the exhibit or removed redactions. In the days right before trial, Plaintiffs' counsel have not had an opportunity to examine each and every one of the 92 new trial exhibits to see if, in fact, the exact same document was previously tendered by SRC/IEA as a trial exhibit.

[3] The list of new exhibits also includes exhibits with multiple photographs taken by drone in March 2023. Pursuant to the Court's directive at the Pretrial Conference that the parties could continue to document the situation on the ground, Plaintiffs make no objection to those exhibits.

Plaintiffs sent their First Requests for Production of Documents to the Silicon Ranch and IEA defendants on October 22, 2021, which requested *photographs and videos* of the Lumpkin solar facility or work being performed there, and those defendants responded on November 22, 2021. *See* Exh. B, Excerpt from SR Lumpkin, LLC's Resp. to Pl.'s First RPDs No. 5 (producing documents and reserving the right to supplement the response); *see also* Exh. C., Excerpt from IEA Constructors, LLC's Resp. to Pl.s' First RPDs No. 4 (referring to photographs taken and produced by its parent company).

After the Silicon Ranch and IEA defendants moved for an extension of the discovery period, all discovery in this case closed on September 14, 2022. *See* Doc. 84, 07/21/2022 Hrg. Transcript at 16:2-8. The Court issued its Order Setting Pretrial Conference on December 16, 2022, which ordered that "[n]o later than January 13, 2023, copies of proposed trial exhibits of each party (including impeachment exhibits known to exist at the time) shall be delivered to all other parties." Doc. 157 at 2. The parties exchanged exhibits on that day, with SRC and IEA providing their exhibits together, as one, in one package of exhibits. *See* Exh. D, 01/13/2023 Emails between All Counsel.

Thereafter, the pretrial conference was held on January 27, 2023. At the pretrial conference, the Court ordered that another of SRC and IEA's post-discovery disclosures—that of witnesses to testify about the Long Engineering site plans—was not substantially justified and granted Westwood's motions to exclude those witnesses. *See* Exh. E, 01/27/2023 Hrg. Transcript at 90-91; *see also* Doc. 221 at 2 (granting Doc. 166 and 168). However, the Court permitted the parties to continue to document the conditions of the SRC site and Plaintiffs' lake up until the time of trial. *See* Exh. E, Hrg. Transcript at 133.

On April 5, 2023 at 4:14 P.M., just three business days prior to the start of trial and without any prior notice, SRC/IEA emailed Plaintiffs links to hundreds of previously unproduced documents and some 92 documents now marked as trial exhibits. The defendants' new exhibits include no fewer than 499 photos, hundreds of pages of documents, and 5 videos.

## II.     ARGUMENT & CITATION TO AUTHORITY

SRC and IEA failed to disclose the newly produced documents in discovery, failed to specify or timely supplement their initial disclosures with sufficient information about the newly produced documents, and failed to provide the newly produced documents to Plaintiffs when this Court's Order required that trial exhibits be exchanged. The Court should prohibit SRC and IEA from using the newly produced documents at trial (except for photos of the SRC property and Harris property taken after the exhibit exchange date). The Court should also prohibit SRC and IEA from using any documents in existence prior to the exhibit exchange date that those defendants had not previously marked as exhibits at trial.

*First*, SRC and IEA should have produced many of the new documents long ago. As noted above, many of the photographs and videos produced have been in the defendants' possession since before this lawsuit began. Plaintiffs requested those photographs and videos all the way back in October 2021. *See* Exh. B, RPD No. 5 ("Please produce all photographs or videos taken by any employee of SR Lumpkin LLC of the Lumpkin solar facility or of work being done there."); Exh. C, RPD No. 4 ("Please produce all photographs or videos taken by any employee of IEAC of the Lumpkin solar facility or of work being done there.").

*Second*, the newly produced documents should have been produced or specified as part of the SRC and IEA defendants' Initial Disclosures. Under the Federal Rules of Civil Procedure, "a party must, without awaiting a discovery request, provide to the other parties . . . a copy—or a

description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(ii). A party has a continuing obligation to update its initial disclosures. Fed. R. Civ. P. 26(e)(1); *see also Eli Lilly and Co. v. Actavis Elizabeth LLC*, No. 07-3770 (DMC), 2010 WL 1849913, at *3 (D. N.J. May 7, 2010) ("A party is continually required to supplement or correct its initial disclosures (as well as any discovery response) if their disclosures are in any way incomplete or incorrect . . . The obligation to update initial disclosures is meant to ensure that the playing field remains level, narrow the relevant issues, and avoid undue prejudice and surprise to the opposing party.") (citations and quotations omitted).

    SRC and IEA generically listed "photographs that relate to the issues alleged in this lawsuit" and "photographs of the Plaintiffs' property" in their Initial Disclosures, but the defendants never supplemented any further information about those photographs or provided them to Plaintiffs. That threadbare, nonspecific disclosure and nonproduction was not proper. *See City of Chicago v. Purdue Pharma L.P.*, 2017 WL 2819948, at *2-3 (N.D. Ill. Mar. 3, 2017) (ordering that the "disclosures must be described in more detail" and explaining that documents should be identified sufficiently to enable opposing parties to make an informed decision about what documents need to be examined and adequately frame document requests).

    A party's failure to fulfill the obligations of initial disclosures may result in sanctions. "If a party fails to provide information or identify a witness as required by Rule 26(a) . . . the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1). In addition to, or instead of, that sanction, a court may also order payment of attorney's fees and

expenses caused by the failure, inform the jury of the party's failure, or impose other appropriate sanctions." *Id*.

There is no question that SRC and IEA had an obligation to turn over the documents they have now indicated they intend to rely upon at trial as trial exhibits. Instead, they withheld the documents from Plaintiffs. Then, three business days before trial, they produced hundreds of drone photographs of the properties, a lengthy set of spreadsheets regarding equipment on site, and an action log which supposedly pertains to the sediment basins in the area that drains to Plaintiffs' property. The photographs produced include drone photos dating back to June 2021—*prior to the date this lawsuit was filed*. The dated entries on the action log appear to end on a date *before this lawsuit was filed.* It is obvious that the defendants had access to this information, concealed and failed to disclose this information, but now seek to use that concealed information at trial. The defendants have deprived Plaintiffs of any meaningful opportunity to review and examine the photos and documents until the final hour before trial and any opportunity to examine witnesses using those documents prior to trial—it is far from harmless.

*Third*, SRC and IEA failed to provide the newly produced documents and newly marked exhibits at the time of the parties January 13, 2023 exhibit exchange. Any documents and exhibits which were in existence at that point should have been turned over. If they were not, the defendants should not be able to make them exhibits at this final hour.

### III.    CONCLUSION

Plaintiffs have been harmed by this late production of documents and would be further harmed if the defendants are permitted to use the newly produced documents at trial. Indeed, Plaintiffs have been harmed just by the dumping of previously unproduced documents and new trial exhibits in the week before trial – interrupting trial preparation time.

Plaintiffs therefore request that the Court enter an order (1) prohibiting the SRC and IEA defendants from using any of the newly produced documents at trial (except for photos of the SRC property and Plaintiffs' property taken after the exhibit exchange date) and (2) prohibiting the SRC and IEA defendants from using any documents in existence prior to the exhibit exchange date that those defendants had not previously marked as exhibits at trial.

Respectfully submitted, this 6th day of April, 2023.

/s/ James E. Butler, Jr.
JAMES E. BUTLER, JR.
Georgia Bar No. 099625
jim@butlerprather.com
DANIEL E. PHILYAW
Georgia Bar No. 877765
dan@butlerprather.com
CAROLINE W. SCHLEY
Georgia Bar No. 511349
caroline@butlerprather.com
BUTLER PRATHER LLP
105 13th Street
Post Office Box 2766
Columbus, GA 31902
T:  (706) 322-1990  F:  (706) 323-2962

C. COOPER KNOWLES
Georgia Bar No. 426699
cknowles@cckfirm.com
LAW OFFICE OF C. COOPER KNOWLES, LLC
750 Hammond Drive
Building 12, Suite 200
Sandy Springs, GA 30328
T:  (770) 668-2081

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I certify that, on April 6, 2022, I filed the foregoing **Plaintiffs Motion To Exclude Silicon Ranch & IEA Untimely Produced Documents And Trial Exhibits And Motion For Sanctions** with the Clerk of Court using the CM/ECF system, which will automatically notify counsel of record.

                                                  */s/ James E. Butler, Jr.*