**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | | |
|---|---|---|
| H & L FARMS, LLC; | * | |
| SHAUN HARRIS and AMIE HARRIS, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | CIVIL ACTION FILE |
| v. | * | |
| | * | NO. 4:21-CV-00134-CDL |
| SILICON RANCH CORPORATION; | * | |
| SR LUMPKIN, LLC; INFRASTRUCTURE | * | |
| AND ENERGY ALTERNATIVES, INC.; | * | |
| IEA CONSTRUCTORS,       LLC; and, | * | |
| WESTWOOD PROFESSIONAL | * | |
| SERVICES, INC., | * | |
| | * | |
| Defendants. | * | |

## PLAINTIFFS' ADDITIONAL REQUESTS TO CHARGE

The Requests to Charge in this case were due on January 20, 2023. However, due to the Court's February 7, 2023 Order directing the parties to file a supplemental brief on the "specific narrow issue" of apportionment for negligence claims, Plaintiffs have conducted further research on this issue and contend it is necessary to submit additional Requests to Charge on the apportionment for negligence claim issues. Therefore, Plaintiffs hereby submit the following requests to charge in the above referenced matter, numbered 62-70.

Plaintiffs apologize for submitting Requests to Charge after January 20, 2023 deadline.

Respectfully submitted, this 9th day of April 2023.

/s/ James E. Butler, Jr.
JAMES E. BUTLER, JR.
Georgia Bar No. 099625
jim@butlerprather.com
DANIEL E. PHILYAW
Georgia Bar No. 877765

1

dan@butlerprather.com
CAROLINE W. SCHLEY
Georgia Bar No. 511349
caroline@butlerprather.com
BUTLER PRATHER LLP
105 13th Street
Post Office Box 2766
Columbus, GA 31902
T:  (706) 322-1990 F:  (706) 323-2962


C. COOPER KNOWLES
Georgia Bar No. 426699
cknowles@cckfirm.com
LAW OFFICE OF C. COOPER KNOWLES, LLC
750 Hammond Drive
Building 12, Suite 200
Sandy Springs, GA 30328
T:  (770) 668-2081

**ATTORNEYS FOR PLAINTIFFS**

**<u>Plaintiffs' Request to Charge No. 62</u>**

**Failure to Produce Evidence**

When a party has evidence that rejects (or disproves) a claim or charge made against the party and he/she fails to produce it, or having more certain and satisfactory evidence, relies on that which is of a weaker and inferior nature, a presumption arises that the charge or claim is well founded. This presumption may be rebutted, however.

<u>Authority</u>: O.C.G.A. § 24-14-22

**<u>Plaintiffs' Request to Charge No. 63</u>**

**Obligation to Obtain Permit**

Prior to conducting land disturbing activities or discharging pollutants into waters of the state, persons and/or corporations are required to obtain permits from the Georgia Environmental Protection Division.

Authority: O.C.G.A. § 12-7-7 ("No land disturbing activities shall be conducted in this state . . . without the operator first securing a permit from a local issuing authority or providing notice of intent to the division as required by this Code section"); O.C.G.A. § 12-5-30.

**<u>Plaintiffs' Request to Charge No. 64</u>**

**Permittee as Owner**

Under the governing permit for the Lumpkin Solar Facility, the "'Primary Permittee'" is "the Owner or the Operator or both of a tract of land for a construction site subject to this permit."

The "'Owner'" is "the legal title holder to the real property on which is located the facility or site where construction activity takes place."

It is undisputed that Silicon Ranch Corporation is the owner of the real property on which is located the Lumpkin Solar Facility.

<u>Authority</u>: The State of Georgia National Pollutant Discharge Elimination System General Permit for Storm Water Discharges Associated with Construction Activity for Stand Alone Projects, Permit No. GAR100001 (hereafter "General Permit"), p. 7, Part I.A.34; General Permit, p. 6, Part I.A.30.

**Plaintiffs' Request to Charge No. 65**

**Permittee as Operator**

Under the governing permit for the Lumpkin Solar Facility, the "'Operator'" is "the entity that has day-to-day operational control of those activities at the construction site necessary to ensure compliance with Erosion, Sedimentation and Pollution Control Plan requirements and permit conditions."

Either defendant Infrastructure & Energy Alternatives, Inc. or defendant IEA Constructors, Inc. is the Operator of the Lumpkin Solar Facility.

<u>Authority</u>: General Permit, p. 6, Part I.A.27; General Permit, p. 6, Part I.A.27.

**<u>Plaintiffs' Request to Charge No. 66</u>**

**Design Professional is Not a Permittee**

It is undisputed that defendant Westwood Professional Services, Inc. is the "Design professional" as described by the General Permit.  As such, defendant Westwood Professional Services, Inc. is required to "practice in a manner that complies with applicable Georgia Law governing professional licensure."  However, defendant Westwood Professional Services, Inc. is not a "Primary Permittee" as defined by the General Permit.

<u>Authority</u>: General Permit, p. 4, Part I.A.8; General Permit, p. 7, Part I.A.34.

**<u>Plaintiffs' Request to Charge No. 67</u>**

**Permittee Must Comply With Permit**

"Each permittee must comply with all applicable conditions of this permit" and "any permit noncompliance constitutes a violation of the Georgia Water Quality Control Act."

<u>Authority</u>: General Permit, p. 38, Part V.A.1

**<u>Plaintiffs' Request to Charge No. 68</u>**

**Apportionment; Negligence**

Under Georgia law, "[a]n employer is liable for the negligence of a contractor . . . [i]if the wrongful act is the violation of a duty imposed by statute…"

<u>Authority</u>: O.C.G.A. § 51-2-5.

## Plaintiffs' Request to Charge No. 69

### Certain duties are nondelegable

Statutes that create duties for employers or owners to protect public interest, health, safety, and well-being of citizens are nondelegable and cannot be avoided by contracting duties to an independent contractor.

Authority: *Hobby Lobby Stores, Inc. v. Woodall Roofing Co., Inc.*, No. 1:11-cv-2566-WSD, 2012 WL 12873026, at *7 (N.D. Ga. Sept. 24, 2012); *Perry v. Soil Remediation, Inc.*, 471 S.E.2d 320, 322 (1996).

**<u>Plaintiffs' Request to Charge No. 70</u>**

**Protection of Public Interest**

The Georgia Water Quality Control Act and the Georgia Erosion and Sedimentation Act create duties to protect public interests and the well-being of Georgia citizens and their water sources.

<u>Authority</u>: Georgia Water Quality Control Act, O.C.G.A. § 12-5-21; 12-5-30(g) ("It is declared to be the public policy of this state, in furtherance of its responsibility to protect the public health, safety, and well-being or its citizens and to protect and enhance the quality of its environment, to prevent or mitigate where possible discharges of sediment into the waters of the state"); Georgia Erosion and Sedimentation Act, O.C.G.A. § 12-7-2.