SUMMARY OF CASE

Shaun Harris and Amie Harris are the owners of H&L Farms, LLC, a limited liability company.  In March, 2021, H&L Farms purchased 1,630 acres in Stewart County, Georgia from Kawikee Refuge, LLC.  The property included a 21 acre lake.

Previously, in 2020, Silicon Ranch Corporation purchased property from Kawikee Two, LLC, adjacent to and upstream from the property that H&L Farms purchased in March of 2021.  The owners of Kawikee Refuge, LLC and Kawikee Two, LLC were Jim Butler and Joel Wooten.

As part of the sale by Kawikee Two to Silicon Ranch Corporation, Kawikee Two retained the right to harvest the timber on the property before Silicon Ranch Corporation developed the property into a solar farm facility.  The timber on the Kawikee Two property was harvested between November 2020 and March 15, 2021.

Silicon Ranch Corporation leased the property to one of its subsidiaries, SR Lumpkin LLC, to construct and operate the solar farm operation.  The Plaintiffs allege

1

that Silicon Ranch Corporation and SR Lumpkin, LLC are one and the same, and that they should not be treated as separate legal entities. Silicon Ranch Corporation and SR Lumpkin LLC dispute this.

Silicon Ranch Corporation and SR Lumpkin, LLC contracted with IEA Constructors, LLC, a wholly owned subsidiary of Infrastructure and Energy Alternatives, Inc., to plan, design, and construct the solar farm facility. Plaintiffs contend that IEA Constructors, LLC and Infrastructure and Energy Alternatives, Inc., are one and the same, and should not be treated as separate legal entities. IEA Constructors, LLC and Infrastructure and Energy Alternatives, Inc., dispute this.

IEA Constructors contracted with Westwood Professional Services, Inc., to provide professional engineering and design services for the construction of the solar farm facility.

Plaintiffs claim that the Defendants failed to provide adequate erosion control measures during the construction of the solar farm. And that this resulted

in the pollution of their 21 acre lake with sediment and silt.  They claim that this pollution has ruined their lake.  They assert claims for nuisance, trespass and negligence.  They seek compensatory damages including the diminution in the value of their property, the cost to remediate the damage to their property, and damages for discomfort, annoyance, loss of peace of mind, and unhappiness.  They also seek to recover their attorneys' fees in having to pursue this legal action, and they seek to have punitive damages awarded against the Defendants.

Defendants deny that they were negligent, deny that they created a nuisance, and deny that they committed any trespass.  They further contend that their conduct did not cause the pollution to the Plaintiffs' lake.  To the extent that any conduct on their part is found to have contributed to the pollution of the Plaintiffs' lake, they contend that others share in the blame, including several non-parties to this action who harvested the timber on the property prior to the construction of the

solar farm facility.  Defendants deny that they are liable for the damages that Plaintiffs seek.