```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                       COLUMBUS DIVISION
```

H&L FARMS LLC, SHAUN HARRIS, and    *
AMIE HARRIS,
                                    *
     Plaintiffs,
                                    *
vs.                                         CASE NO. 4:21-CV-134 (CDL)
                                    *
SILICON RANCH CORPORATION, *et al.*,
                                    *
     Defendants.
                                    *

O R D E R

The Court held a telephone hearing on April 10, 2023. The purpose of this Order is to memorialize and clarify the Court's rulings on two issues addressed during that hearing.

First, the Court denied the motion in limine filed by the Silicon Ranch Defendants and the IEA Defendants, which sought to exclude "newly raised Clean Water Act [and] Georgia Water Control Act" claims (ECF No. 251). Defendants argue that Plaintiffs are now trying to assert previously undisclosed claims under the federal Clean Water Act and the Georgia Water Quality Control Act. As the Court observed during the hearing, Plaintiffs are not raising new claims under these statutes. Rather, Plaintiffs assert a negligence per se claim under O.C.G.A. § 51-1-6. This claim has never been a secret; Plaintiffs clearly assert the claim in their Complaint, alleging that "Defendants' blatant violation of applicable state water quality and erosion control laws and

regulations is evidence of negligence per se." Compl. ¶ 257, ECF No. 1. The Complaint does not expressly reference the Clean Water Act or the Georgia Water Quality Control Act, but it does contain allegations about the National Pollutant Discharge Elimination System Permit that was required for the solar facility construction project to comply with both the Clean Water Act and the Georgia Water Quality Control Act. *Id*. ¶¶ 61-62, 178-80.

The Georgia Court of Appeals has concluded that the duties imposed by the Clean Water Act, the Georgia Water Quality Control Act, and the Georgia Sedimentation Control Act "fall within the ambit of O.C.G.A. § 51-1-6." *Pulte Home v. Simerly*, 746 S.E.2d 173, 179 (Ga. Ct. App. 2013). Thus, a plaintiff may present evidence of the defendant's noncompliance with the clean water statutes "to establish their negligence per se claims." *Id.* The fact that negligence per se claims are predicated on violations of the clean water statutes does "not transform such claims" into claims directly under the statutes. *Id.* The Court therefore concludes that Plaintiffs are not trying to assert a new theory of liability on the eve of trial—they are simply pursuing a negligence per se claim, which has been in the case since the beginning.

Second, the Court denied as moot the motion in limine filed by the Silicon Ranch Defendants and the IEA Defendants, which sought to preclude Plaintiffs from proceeding under a "statutory employer" or "imputed liability" theory against them based on the

conduct of Defendant Westwood (ECF No. 251). The Court understands Plaintiffs' claim to be that the Silicon Ranch Defendants and the IEA Defendants have independent duties with regard to the erosion control measures and cannot completely delegate all responsibility for such measures to a contractor like Westwood. But, based on counsel's representations during the telephone hearing, the Court does *not* understand Plaintiffs to be making a separate cause of action that Silicon Ranch was Westwood's "employer" or that Silicon Ranch can be held liable for Westwood's conduct under a respondeat superior theory.

The Court does note that for apportionment purposes under the Georgia apportionment statute and depending upon the evidence at trial, the Silicon Ranch Defendants and IEA Defendants, as the owner and/or permittee of the project, may not be able to reduce the amount of their liability by any fault apportioned to Defendant Westwood. The Court can conceive of a scenario where Westwood's liability may be determined based upon its degree of fault without the Silicon Ranch and IEA Defendants' ultimate liability being correspondingly reduced if the evidence supports a finding that these Defendants had a non-delegable duty which they breached. The "non-delegability" of the duty is due to the Defendants' status as owners and/or permittees of the project; not as "employers" of Westwood. Consequently, no additional discovery was necessary on this issue. The issue is not whether Westwood factually was an

independent contractor or agent under traditional agency principles. The duty arises from the environmental statutes and the Silicon Ranch and IEA Defendants' status under those statutes. As explained previously, these issues have been in the case from the beginning. It is premature to make a definitive ruling on this apportionment issue without any evidence in the record, and the Court is not inclined to provide advisory opinions.

IT IS SO ORDERED, this 11th day of April, 2023.

s/Clay D. Land<br>
CLAY D. LAND<br>
U.S. DISTRICT COURT JUDGE<br>
MIDDLE DISTRICT OF GEORGIA