IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

H&L FARMS LLC, SHAUN HARRIS, and  *
AMIE HARRIS,
                                  *
     Plaintiffs,
                                  *
vs.                                    CASE NO. 4:21-CV-134 (CDL)
                                  *
SILICON RANCH CORPORATION, *et al.*,
                                  *
     Defendants.
                                  *

O R D E R

This case presents the following issue of first impression under Georgia law: If one co-defendant tortfeasor's liability is imputed to a fellow defendant tortfeasor pursuant to O.C.G.A. § 51-2-5(4), is that imputed degree of liability included in computing the percentage of fault of the tortfeasor to whom that liability is imputed for purposes of Georgia's apportionment statute, O.C.G.A. § 51-12-33?  The Georgia apportionment statute provides in relevant part that the jury shall "apportion its award of damages among the person or persons who are liable according to the percentage of fault of each person." O.C.G.A. § 51-12-33(b). Thus, the question arises as to the meaning of the phrase, "according to the percentage of fault of each person." It is a fundamental principle of statutory interpretation that statutory language should not be read in isolation when other statutory language potentially conflicts with it. The Court should analyze

whether any such conflict can be reasonably reconciled. Georgia law provides that when a tortfeasor has a non-delegable duty, the liability of someone it hires to perform that duty may be imputed to the tortfeasor under certain circumstances even if the person hired by the tortfeasor would be an independent contractor under traditional agency principles. O.C.G.A. § 51-2-5(4) ("An employer is liable for the negligence of a contractor if the wrongful act is the violation of a duty imposed by statute."). Reading sections 51-12-33(b) and 51-2-5(4) together yields the reasonable conclusion that if the negligence of a contractor may be imputed to the contractor's employer pursuant to O.C.G.A. § 51-2-5(4), then this imputed negligence should be considered in determining the "percentage of fault of each person" for apportionment purposes under O.C.G.A. §51-12-33.

The Court observes that Defendants' statutory duties include the following:

- Duty to comply with the state general permit established pursuant to the Georgia Water Quality Control Act, including the general permit's requirements for the design, installation, and maintenance of a site-specific Erosion, Sedimentation and Pollution Control Plan. *See, e.g.,* O.C.G.A. § 12-5-30(f); O.C.G.A. § 12-5-53; NPDES Permit Part IV.

- Duty to use minimum best management practices that are "properly designed, installed, and maintained" for all land disturbing activities. *See* O.C.G.A. § 12-7-6(a)-(b).

- Duty of the "Primary Permittee" to submit a notice of intent that complies with the state general permit, including certifications regarding the site-specific

> erosion plan.  O.C.G.A. § 12-7-7; NPDES Permit Part II & Part IV.
>
> ♦ Duty of the "design professional" to prepare a site-specific erosion plan that complies with the state general permit, including certifications regarding the plan. NPDES Permit Part IV.

If the foregoing duties (and/or similar statutory duties) were breached and resulted in pollution of Plaintiffs' property, then O.C.G.A. § 51-2-5(4) would authorize the imputation of the negligence of the parties' contractors to the party who hired them.

The question remains as to how this imputed "negligence/fault" should be considered for apportionment purposes. Specifically, if Silicon Ranch Corporation violated a statutory duty under the clean water and erosion control statutes, including the applicable permit, based upon the conduct of the IEA Defendants and/or Westwood, and that violation caused sediment to unlawfully pollute Plaintiffs' property, is IEA/Westwood's percentage of fault for the violation of the statute/permit added to Silicon Ranch's independent percentage of fault in determining Silicon Ranch Corporation's total percentage of fault for apportionment purposes?  Similarly, if IEA violated a statutory duty under the clean water and erosion control statutes, including the applicable permit, based upon the conduct of Westwood, and that violation caused sediment to unlawfully pollute Plaintiffs' property, is Westwood's percentage of fault for the violation of the statutes/permit added to IEA's independent percentage of fault

in determining IEA's total percentage of fault for apportionment purposes?

Assuming that the answer to the two preceding questions is yes, what questions should be resolved as a matter of law, and which must be decided by the jury?  And for those issues to be decided by the jury, what is the cleanest way to have the jury's resolution reflected in the verdict form?

Each party shall file a trial brief by 5:00 P.M. on Thursday, April 20, 2023 addressing these issues.

IT IS SO ORDERED, this 18th day of April, 2023.

S/Clay D. Land
U.S. DISTRICT JUDGE
MIDDLE DISTRICT OF GEORGIA
