IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| H & L FARMS, LLC; SHAUN HARRIS and AMIE HARRIS, | * |
| | * |
| | * |
| Plaintiffs, | * |
| | * |
| v. | * |
| | * Civil Action No.:  4:21-cv-00134- |
| SILICON RANCH CORPORATION; | * CDL |
| SR LUMPKIN, LLC; | * |
| INFRASTRUCTURE AND ENERGY | * |
| ALTERNATIVES, INC.; IEA | * |
| CONSTRUCTORS, LLC; and | * |
| WESTWOOD PROFESSIONAL | * |
| SERVICES, INC., | * |
| | * |
| Defendants. | * |

## DEFENDANT WESTWOOD PROFESSIONAL SERVICES, INC.'S MOTION FOR DIRECTED VERDICT

Defendant Westwood Professional Services, Inc. ("Westwood") hereby moves the

Court for a directed verdict because the evidence presented by Plaintiffs establishes no

claim may stand against it for nuisance, trespass, professional negligence, or attorney fees.

For these reasons, Plaintiffs' claims should be dismissed, and a directed verdict should be

entered in favor of Westwood.

## LEGAL STANDARD

"If a party has been fully heard on an issue during a jury trial and the court finds

that a reasonable jury would not have a legally sufficient evidentiary basis to find for the

party on that issue, the court may: (A) resolve the issue against the party; and (B) grant a

1

motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue." Fed. R. Civ. P. 50.  A district court should grant judgment as a matter of law when the plaintiff presents no legally sufficient evidentiary basis for a reasonable jury to find for him on a material element of his cause of action. Pickett v. Tyson Fresh Meats, Inc., 420 F.3d 1272, 1278 (11th Cir. 2005). "[I]n order to survive a defendant's motion for judgment as a matter of law ... the plaintiff must present evidence that would permit a reasonable jury to find in the plaintiff's favor on each and every element of the claim."). Pickett, 420 F.3d at 1278-79.

## LEGAL ARGUMENT

**I.** **Plaintiffs Cannot Demonstrate a Causal Relationship Between any Act or Omission by Westwood to Maintain Claims for Trespass, Nuisance, or Professional Negligence.**

Three substantive causes of action remain against Westwood: 1) nuisance, 2) trespass, and 3) professional negligence. Each of these remaining claims requires a causal connection between an act or omission of Westwood and Plaintiffs' alleged damages. Here, the presentation of Plaintiffs case has demonstrated no such causal connection exists. And, as explained in more detail below, Westwood is entitled to judgment as a matter of law.

To establish ordinary or professional negligence, Plaintiffs must show "(1) a legal duty to conform to a standard of conduct; (2) a breach of this duty; (3) a causal connection between the conduct and the resulting injury; and (4) damage to the plaintiff." KMC

Acquisition Corp. v. Escoe Indus. Mech., Inc., No. 3:15-CV-119, 2018 WL 1528210 at *4

(M.D. Ga. Mar. 28, 2018).

> As a general rule, a trespass is a wrongful interference with the right to the
> exclusive use and benefit of a property right. Nuisance is anything that causes
> hurt, inconvenience, or damage to another's person or property. Thus, a
> trespass generally involves a wrongful act that interferes with an owner's
> right to the exclusive use and enjoyment of his property. A nuisance, on the
> other hand, may result from an act that is itself legal, but which nevertheless
> causes damage to the property of another.

Georgia-Pacific Consumer Products, LP v. Ratner, 812 S.E. 2d 120, 128 (Ga. Ct. App.

2018) (quoting Petree v. Georgia Dept. of Transp., 798 S.E. 2d 482 (Ga. Ct. App. 2017)).

"[T]he act of trespass must have been a voluntary, intentional act in that it intended the

immediate consequences of the act, causing the trespass or invasion, i.e., an intended act

as opposed to a negligent act."  Rouse v. City of Atlanta, 839 S.E. 2d 8, 13 (Ga. Ct. App.

2020) (quoting Lanier v. Burnette, 538 S.E. 2d 476 (Ga. Ct. App. 2000)).

When taken as a whole, the common thread of the claims remaining against

Westwood is there is no causal relationship between any act or omission by Westwood and

the damage to Plaintiffs' property. "Causation is an essential element of nuisance, trespass,

and negligence claims.  To establish proximate cause, a plaintiff must show a legally

attributable causal connection between the defendant's conduct and the alleged injury."

Stroud v. Hall Cnty., 793 S.E. 2d 104, 108 (Ga. Ct. App. 2016) (quoting Toyo Tire N. Am.

Mfg. Inc. v. Davis, 787 S.E. 2d 171 (Ga. 2016)). Here, Plaintiffs case has not demonstrated

the required causal nexus.

More particularly, Westwood's sole role, as it relates to Plaintiffs' claims was its preparation of civil engineering design plans for the site.  Accordingly, Plaintiffs had to demonstrate that some act or omission by Westwood in the preparation of its design plans had a direct causational relationship to the damages Plaintiffs seek in this action. The evidence presented simply does not bear this out.

Rather, Plaintiffs' witness Joel Wooten testified that clearing, grading, and de-stumping of the site had begun as early as February 12, 2021.  Plaintiffs' expert, Dr. Brian Wellington, testified, based on Plaintiffs' Exhibit 13, that, on April 2, 2021, the site had been mass graded.



Dr. Wellington's testimony further demonstrated the Westwood Erosion Sediment and Pollution Control Plans require work to be done in stages such that initial and perimeter Best Management Practices for Erosion and Sediment Control be in place before clearing and grading of the site begin. Dr. Wellington opined, based on his review of the evidence,

the required installation of BMPs under the Westwood design plans had not been implemented as of mass grading in the April 2, 2021 photograph, and, as of the date that photograph was taken, IEA and/or SRC were undoubtedly out of compliance with Westwood's design plans. He further testified he has not seen any proof Westwood's design plans were ever fully implemented at the Lumpkin Solar Site by either the IEA or the SRC defendants.

Both Dr. Wellington and Plaintiffs' erosion control expert Stacy Mote opined that under the Georgia NPDES Permit (PX282), the owner and/or primary permittee of a construction site—the SRC and IEA Defendants--have an independent obligation to stop discharge from a construction site beginning at the time of the first discharge. Dr. Wellington affirmed that no such obligation extends to the design professional, Westwood.

With respect to professional negligence, Georgia case law is well-settled that an engineer cannot be held liable for negligent design if the contractor materially deviated from the plans and specifications furnished for construction. *See* Covil v. Robert & Co. Assocs., 112 Ga. App. 163, 144 S.E.2d 450 (1965)("When a case is based upon negligence of an architect or engineer in preparing plans, it is essential that the plaintiff prove that construction of the project designed was accomplished in compliance with the plans and specifications furnished by the defendant, at least with respect to that portion of the work claimed to be defective."); Wheat Street Two, Inc. v. James C. Wise, Simpson, Aiken, and Assocs., Inc., 132 Ga. App. 548, 208 S.E.2d 359 (1974)("In order for an architect to be

held liable for alleged negligent design, it must first be shown that the work claimed to be defective was constructed in accordance with the plans and specifications prepared by the architect."). Here, Plaintiffs' Expert have testified that it did not.

In its Order on Westwood's Motion for Partial Summary Judgment, the Court noted the possibility that Westwood intentionally designed the Lumpkin solar site to increase runoff onto the Plaintiffs' property. The Court found "a reasonable jury could conclude that Westwood's conduct was a concurrent cause of the other Defendants creation and maintenance of the conditions causing trespass and nuisance." [Dkt. 171].

More pointedly, the following facts have been established during trial: (1) Westwood's design plans did not permit IEA or SRC to engage in mass grading until it completed the seven day inspection; (2) The seven day inspection did not occur until July 2021; (3) Mass grading occurred on the site beginning no later than February 2021; (4) As of April 2, 2021, mass grading had continued in violation of the Westwood plans; (5) Engaging in mass grading before July 2021 was in violation of the Westwood plans; (6) The first discharge from the Silicon Ranch site to Plaintiffs' property was following an April 1, 2021 rainstorm.

Taken together, these facts establish the Westwood design was not the cause in fact of the discharge onto Plaintiffs' property. The evidence of record indicates the Westwood design was never fully implemented, and, prior to the first discharge, IEA and/or SRC were not in compliance with the Westwood design. Therefore, Plaintiffs have not proven that

6

any act or omission of Westwood was the proximate cause of their damage, and directed verdict in favor of Westwood is appropriate.

## II.   Plaintiff Is Not Entitled to Recover Attorney's Fees from Westwood

Plaintiff may only receive attorney fees upon a showing that "the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense." O.C.G.A. § 13-6-11. "Recovery of attorney fees for stubborn litigiousness is not authorized where there is a bona fide controversy." Graves v. Diambrose, 534 S.E. 2d 490 (2000) (quoting Typ-Repro Svcs. V. Bishop, 373 S.E. 2d 758 (1988)); Davidson Mineral Properties, Inc. v. Baird, 260 Ga. 75, 390 S.E. 2d 33 (1990).

"[B]ad faith . . . generally impl[ies] or involve[es] actual or constructive fraud; or a design to mislead or deceive another; or a neglect or refusal to fulfill some duty, not promoted by an honest mistake as to one's rights or duties, but by some interested or sinister motive. 'Bad faith' is not simply bad judgment or negligence, but it imports a dishonest purpose or some moral obliquity, and implies conscious doing of wrong, and means breach of known duty through some motive of interest or ill will." Baldwin Cnty. Hospital Auth. v. Trawick, 504 S.E. 2d 708 (1998).

Because Plaintiffs are not entitled to relief for their substantive claims against Westwood, they cannot demonstrate that they are entitled to recover of attorney fees. As discussed above, Westwood is solely involved in this litigation as the design professional that prepared an unimplemented civil engineering plan for the site. Accordingly, and for

the reasons set forth above, Plaintiffs' claim for attorney fees should be dismissed because there was a bona fide controversy regarding the existence, nature, and extent of Westwood's involvement in the origin of Plaintiffs' claimed damages and expenses.

## **CONCLUSION**

Based on the evidence presented in Plaintiff's case-in-chief, Plaintiff has not introduced any evidence supporting their claims for: trespass, nuisance, or professional negligence. As such, for the reasons stated above, this Court should grant Westwood's Motion for Directed Verdict.

This 19th day of April, 2023.

COPELAND, STAIR, VALZ & LOVELL LLP

By: */s/ Melissa L. Bailey*
    KENT T. STAIR
    State Bar No.:  674025
    MELISSA L. BAILEY
    State Bar No.: 804341
    COREY R. MENDEL
    State Bar No.: 604149

191 Peachtree Street NE
Suite 3600
Atlanta, Georgia 30303-1740
404-522-8220
    ………
P.O. Box 56887
Atlanta, Georgia 30343-0887
*kstair@csvl.law*
*mbailey@csvl.law*
*cmendel@csvl.law*

*Attorneys for Defendant Westwood Professional Services, Inc.*

8

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this date a true and correct copy of the foregoing

pleading was electronically filed with the Clerk of Court's CM/ECF filing system which

should send notification of such filing to all attorneys of record.

This 19th day of April, 2023.

COPELAND, STAIR, VALZ &
LOVELL LLP

By: */s/ Melissa L. Bailey*_____
KENT T. STAIR
State Bar No.:  674025
MELISSA L. BAILEY
State Bar No.: 804341
COREY R. MENDEL
State Bar No.: 604149

*Attorneys for Defendant Westwood*
*Professional Services, Inc.*

191 Peachtree Street, NE
Suite 3600
Atlanta, Georgia 30303-1740
404-522-8220
.........
P.O. Box 56887
Atlanta, Georgia 30343-0887
*kstair@csvl.law*
*mbailey@csvl.law*
*cmendel@csvl.law*