IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| H & L FARMS, LLC; SHAUN HARRIS and AMIE HARRIS, <br><br> Plaintiffs, <br><br> v. <br><br> SILICON RANCH CORPORATION; SR LUMPKIN, LLC; INFRASTRUCTURE AND ENERGY ALTERNATIVES, INC.; IEA CONSTRUCTORS, LLC; and WESTWOOD PROFESSIONAL SERVICES, INC., <br><br> Defendants. | * <br> * <br> * <br> * <br> * <br> * Civil Action No.: <br> * 4:21-cv-00134- CDL <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * |

**DEFENDANT WESTWOOD PROFESSIONAL SERVICES, INC.'S TRIAL BRIEF**

COMES NOW Westwood Professional Services, Inc. ("Westwood"), Defendant in the above-styled action, and files this Trial Brief, showing the Court as follows:

**Court Question #1: If Silicon Ranch Corporation violated a statutory duty under the clean water and erosion control statutes, including the applicable permit, based upon the conduct of the IEA Defendants and/or Westwood, and that violation caused sediment to unlawfully pollute Plaintiffs' property, is IEA/Westwood's percentage of fault for the violation of the statute/permit added to Silicon Ranch's independent percentage of fault in determining Silicon Ranch Corporation's total percentage of fault for apportionment purposes?**

Yes, fault attributed to IEA and/or Westwood for violations of the aforementioned statutory obligations inures to liability for SRC. The Georgia Court of Appeals dealt with a similar issue in the case of Camelot Club Condominium Assoc., Inc. v. Afari-Opoku, 798 S.E. 2d 241 (Ga. Ct. App. 2017). There, claims were made against the landowner pursuant

1

to O.C.G.A. § 51-3-1 regarding duties that are "non-delegable even though the owner has a contract for another party to provide the work." Id. at 249. The Court held "if the wrongful act were found to be in violation of [the landowner's] non-delegable, statutory duty, any negligence on the part of [the contractor] would be charged to [the landowner], and [the landowner] would be vicariously liable for [the contractor's] actions." Id.

Applied there, the question was whether the contractor's share of fault should be assigned to the landowner post-verdict. Analyzing the issue, the Court noted multiple causes of action were asserted against the parties, including a nuisance claim that did not arise from a non-delegable duty. The jury utilized a general verdict form, so it did not break down the damages between the claims arising from a non-delegable duty and nuisance. Absent such a delineation on the verdict form, the Court of Appeals (noting its duty to uphold a verdict whenever possible) could not determine the fault assigned to the contractor was tied to the landowner's non-delegable duty, so it was error to attribute liability to the landowner for the contractor's apportionment of fault. This framework of analysis was reaffirmed in Avis Rent A Car System, LLC v. Smith, 836 S.E. 2d 100 (Ga. Ct. App. 2019) (Smith asserted some claims against CSYG and Gebremichael for which Avis could be vicariously liable and other claims for which Avis might not be vicariously liable. And because the verdict form did not ask the jury to specify the theories upon which it decided the case, "[w]e cannot determine ... [on] which of [Smith's] claims the jury, in its prerogative, based its award. ... Therefore, we find that the trial court erred in imposing liability on Avis…CSYG's, Gebremichael's, and Duca's share of fault").

Taken together, these cases demonstrate if the appropriate verdict form is utilized

to distinguish between the types of claims asserted (i.e., arising from a non-delegable duty versus not), then fault assigned to a contractor is properly converted post-verdict to liability for the landowner.

**Court Question #2: If IEA violated a statutory duty under the clean water and erosion control statutes, including the applicable permit, based upon the conduct of Westwood, and that violation caused sediment to unlawfully pollute Plaintiffs' property, is Westwood's percentage of fault for the violation of the statutes/permit added to IEA's independent percentage of fault in determining IEA's total percentage of fault for apportionment purposes?**

Yes. For the reasons outlined in response to the Court's Question #1, if IEA violated a statutory duty, fault apportioned to contractors (such as Westwood) for the damage arising out of the breach of those statutory duties inures to liability for IEA.

**Court Question #3: Assuming that the answer to the two preceding questions is yes, what questions should be resolved as a matter of law, and which must be decided by the jury? And for those issues to be decided by the jury, what is the cleanest way to have the jury's resolution reflected in the verdict form?**

The question of which duties are statutorily imposed is one for the Court. In order for the jury to allocate fault in a way that will permit the Court to impute liability where appropriate for statutory violations, a detailed special verdict form is required. The verdict form should include specific line items as to the IEA and SRC Defendants for violations of statutory duties arising from the aforementioned statutes and permit. With respect to damages, while cumbersome, damages would have to be assigned or rejected for each individual cause of action by separate line item to distinguish between damages awarded for abrogation of a non-delegable duty as opposed to other causes of action.

This 20th day of April, 2023.

                                                COPELAND, STAIR, VALZ & LOVELL LLP

                                                By: */s/ Melissa L. Bailey*
                                                     KENT T. STAIR
                                                     State Bar No.:  674025
                                                   MELISSA L. BAILEY
                                                   State Bar No.: 804341
                                                   COREY R. MENDEL
                                                   State Bar No.: 604149

| | |
|---|---|
| 191 Peachtree Street NE<br>Suite 3600<br>Atlanta, Georgia 30303-1740<br>404-522-8220<br>………<br>P.O. Box 56887<br>Atlanta, Georgia 30343-0887<br>*kstair@csvl.law*<br>*mbailey@csvl.law*<br>*cmendel@csvl.law* | *Attorneys for Defendant Westwood Professional Services, Inc.* |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this date a true and correct copy of the foregoing pleading was electronically filed with the Clerk of Court's CM/ECF filing system which should send notification of such filing to all attorneys of record.

This 20th day of April, 2023.

                                                      COPELAND, STAIR, VALZ &
                                                      LOVELL LLP

                                                      By: */s/ Melissa L. Bailey*_____
                                                      KENT T. STAIR
                                                      State Bar No.:  674025
                                                      MELISSA L. BAILEY
                                                      State Bar No.: 804341
                                                      COREY R. MENDEL
                                                      State Bar No.: 604149

                                                      *Attorneys for Defendant Westwood*
                                                      *Professional Services, Inc.*

191 Peachtree Street, NE
Suite 3600
Atlanta, Georgia 30303-1740
404-522-8220
       ………
P.O. Box 56887
Atlanta, Georgia 30343-0887
*kstair@csvl.law*
*mbailey@csvl.law*
*cmendel@csvl.law*