```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                       COLUMBUS DIVISION

H&L FARMS LLC, SHAUN HARRIS, and   *
AMIE HARRIS,
                                   *
     Plaintiffs,
                                   *
vs.
                                   *
SILICON RANCH CORPORATION,             CASE NO. 4:21-CV-134 (CDL)
SR LUMPKIN, LLC, INFRASTRUCTURE    *
AND ENERGY ALTERNATIVES, INC., IEA
CONSTRUCTORS, LLC, and WESTWOOD    *
PROFESSIONAL SERVICES, INC.,
                                   *
     Defendants.
                                   *
```

## O R D E R

The jury returned a verdict on April 28, 2023, awarding damages as follows:

1. $4,500,000.00 in compensatory damages in favor of Shaun Harris and against Silicon Ranch Corporation, Infrastructure and Energy Alternatives, Inc., and IEA Constructors, LLC.

2. $4,500,000.00 in compensatory damages in favor of Amie Harris and against Silicon Ranch Corporation, Infrastructure and Energy Alternatives, Inc., and IEA Constructors, LLC.

3. $1,500,000.00 in compensatory damages in favor of H & L Farms, LLC and against Silicon Ranch Corporation,

      Infrastructure and Energy Alternatives, Inc., and IEA Constructors, LLC.

4. $25,0000,000.00 in punitive damages in favor of Shaun Harris, Amie Harris, and H & L Farms, LLC, jointly, and against Silicon Ranch Corporation.  It further found "specific intent to cause harm."

5. $50,000,000.00 in punitive damages in favor of Shaun Harris, Amie Harris, and H & L Farms, LLC, jointly, and against Infrastructure and Energy Alternatives, Inc.  It further found "specific intent to cause harm."

6. $50,000,000.00 in punitive damages in favor of Shaun Harris, Amie Harris, and H & L Farms, LLC, jointly, and against IEA Constructors, LLC.  It further found "specific intent to cause harm."

The jury returned a verdict in favor of SR Lumpkin, LLC and Defendant Westwood Professional Services, Inc.

Pursuant to the Georgia Apportionment Statute, O.C.G.A. § 51-12-33, the jury apportioned fault for purposes of compensatory damages as follows:

1. Silicon Ranch Corporation:  30%
2. Infrastructure and Energy Alternatives, Inc.:  40%
3. IEA Constructors, LLC: 30%

The jury also answered "Yes" to the following two written questions:

1. Do you find by a preponderance of the evidence that Infrastructure and Energy Alternatives, Inc.'s negligence proximately caused a violation of the NPDES Permit by Silicon Ranch Corporation that caused damage to the Plaintiffs?

2. Do you find by a preponderance of the evidence that IEA Constructors, LLC's negligence proximately caused a violation of the NPDES Permit by Silicon Ranch Corporation that caused damage to the Plaintiffs?

Based on the answers to these questions, the conduct of Infrastructure and Energy Alternatives, Inc. and IEA Constructors, LLC is imputed to Silicon Ranch Corporation pursuant to O.C.G.A. § 51-2-5(4). The effect of this finding on the apportionment of damages under Georgia's Apportionment Statute presents an issue of first impression under Georgia law. Concerned about injecting reversible error into the case, the Court decided to have the jury simply answer the two written questions and make specific factual findings that the Court could apply post-verdict rather than instruct the jury on the issue and have it complete the apportionment of fault part of the verdict taking into consideration the Court's instructions on imputation pursuant to O.C.G.A. § 51-2-5(4). In retrospect, this cautious approach may

have been a mistake. Because the Court decided not to instruct the jury on O.C.G.A. § 51-2-5(4), the jury was unaware of the consequences of its answers to these questions. And it certainly did not consider the effect of these responses on its specific findings regarding apportionment of fault. It clearly found that Silicon Ranch Corporation should be responsible for 30% of the compensatory damages, and it would have no idea that Silicon Ranch Corporation could be responsible for 100% of compensatory damages based on the answers to these two questions. The Court should have given Plaintiffs a choice at trial: either have the Court instruct the jury on O.C.G.A. § 51-2-5(4) and risk reversible error if the Court of Appeals concluded that imputation does not apply or forego their claim for imputation. The Court finds it inappropriate to give the jury's imputation findings the effect of altering the jury's clear findings regarding apportionment of fault when the jury was not instructed on the consequences of making such imputation findings and without having the opportunity to adjust its apportionment calculations accordingly.

Based on the foregoing, the jury verdict, and the Court's order dated May 1, 2023, the Court directs the Clerk to enter judgment as follows:

1. In favor of Shaun Harris and against Silicon Ranch Corporation in the amount of $1,350,000.00.

2. In favor of Shaun Harris and against Infrastructure and Energy Alternatives, Inc. in the amount of $1,800,000.00.

3. In favor of Shaun Harris and against IEA Constructors, LLC in the amount of $1,350,000.00.

4. In favor of Amie Harris and against Silicon Ranch Corporation in the amount of $1,350,000.00.

5. In favor of Amie Harris and against Infrastructure and Energy Alternatives, Inc. in the amount of $1,800,000.00.

6. In favor of Amie Harris and against IEA Constructors, LLC in the amount of $1,350,000.00.

7. In favor of H & L Farms, LLC and against Silicon Ranch Corporation in the amount of $450,000.00.

8. In favor of H & L Farms, LLC and against Infrastructure and Energy Alternatives, Inc. in the amount of $600,000.00.

9. In favor of H & L Farms, LLC and against IEA Constructors, LLC in the amount of $450,000.00.

10. In favor of Shaun Harris, Amie Harris and H & L Farms, LLC, jointly, and against Silicon Ranch Corporation in the amount of $25,000,000.00.

11. In favor of Shaun Harris, Amie Harris and H & L Farms, LLC, jointly, and against Infrastructure and Energy Alternatives, Inc. in the amount of $50,000,000.00.

12. In favor of Shaun Harris, Amie Harris and H & L Farms, LLC, jointly, and against IEA Constructors, LLC in the amount of $50,000,000.00.

13. Plaintiffs shall receive post-judgment interest at the legal rate.

14. Plaintiffs shall receive injunctive relief as directed by the Court.

15. Plaintiffs shall recover their costs from Silicon Ranch Corporation, Infrastructure and Energy Alternatives, Inc., and IEA Constructors, LLC.

16. Judgment shall be entered in favor of SR Lumpkin, LLC and Westwood Professional Services, Inc., with Plaintiffs recovering nothing from them.

17. Westwood Professional Services, Inc. may recover its costs from Plaintiffs.

18. SR Lumpkin, LLC shall not recover its costs from Plaintiffs. Although SR Lumpkin, LLC is technically a prevailing party in this action, it does not appear to the Court that SR Lumpkin, LLC incurred any independent costs to defend this action. Rather, SR Lumpkin, LLC joined every filing made by Silicon Ranch Corporation

6

and jointly participated in discovery with Silicon Ranch Corporation. Based on the Court's review of the docket and its knowledge of this action, most of the joint Silicon Ranch Corporation/SR Lumpkin, LLC discovery and filings focused on issues related to Silicon Ranch Corporation. To allow SR Lumpkin, LLC to recover its costs under these circumstances could undermine the Plaintiffs' recovery of costs against Silicon Ranch Corporation. For all these reasons, SR Lumpkin, LLC shall not recover its costs from Plaintiffs.

IT IS SO ORDERED, this 3rd day of May, 2023.

                                   S/Clay D. Land
                                   CLAY D. LAND
                                   U.S. DISTRICT COURT JUDGE
                                   MIDDLE DISTRICT OF GEORGIA