IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| H&L FARMS, LLC; SHAUN HARRIS and AMIE HARRIS, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) CIVIL ACTION FILE ) NO. 4:21-cv-00134-CDL |
| SILICON RANCH CORPORATION; SR LUMPKIN, LLC; INFRASTRUCTURE AND ENERGY ALTERNATIVES, INC.; IEA CONSTRUCTORS, LLC; and WESTWOOD PROFESSIONAL SERVICES, INC., | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' BRIEF IN SUPPORT OF THEIR POSITION THAT THE SCOPE OF THE PARTIAL RETRIAL VIOLATES THEIR CONSTITUTIONAL RIGHTS**

**INTRODUCTION**

Defendants argue that the partial new trial on damages ordered by this Court would violate their Seventh Amendment rights. They claim that punitive damages and the emotional distress claim are covered by unique caselaw exempting them from separate damages trials. Defendants are wrong in all respects.

**ARGUMENT AND CITATION OF AUTHORITY**

**A. Defendants Rely on Outdated Law**

The Federal Rules authorize both the grant of a partial new trial and the severance of damages from liability in separate trials. Rule 59(a) authorizes district

courts to grant a new trial "to all or any of the parties and on all *or part of* the issues." (italics added). The severance of liability from damages is also covered by Rule 42(b):

> **Separate Trials.** For convenience, to avoid prejudice, or to expedite and economize, *the court may order a separate trial of one or more separate issues*, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

Fed. R. Civ. P. 42(b) (italics added).

This Rule plainly applies to partial new trials as to damages only, as the Seventh Circuit confirmed in *MCI Communications Corp. v. Am. Tel. & Tel. Co.*, 708 F.2d 1081, 1166–67 (7th Cir. 1983). After holding that "defects in the proof of damages require that the jury verdict be set aside," the Court addressed retrial.

> This does not, however, necessarily mandate a new trial on all issues. Rule 42(b) of the Federal Rules of Civil Procedure permits the separate trial of any issue when separation would be "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy." Fed.R.Civ.P. 42(b). Only one of these conditions need be met for the court to order a Rule 42(b) separate trial. A new trial on liability is unwarranted since this court has affirmed liability for monopolization….

*Id.* (citation omitted). The Court added that such damages-only trials have been "endorsed by the Manual for Complex Litigation." *Id*. at 1167.

 "Under Rule 42(b), a district court has broad discretion in separating issues and claims for trial as part of its wide discretion in trial management." *Gardco Mfg., Inc. v. Herst Lighting Co.,* 820 F.2d 1209, 1212 (Fed. Cir. 1987). An "order

2

that separate trials be held on liability and damages … is ordinarily firmly within the discretion of the trial court under Fed.R.Civ.P. 42(b)." *In re Master Key Antitrust Litig.*, 528 F.2d 5, 14 (2d Cir. 1975).

> The Federal Rules of Civil Procedure give district courts broad discretion in deciding whether to sever issues for trial and the exercise of that discretion will be set aside only if clearly abused. F.R.CIV.P. 42(b); *Parmer v. National Cash Register Company,* 503 F.2d 275, 277 (6th Cir.1974); *Idzojtic v. Pennsylvania Railroad Company,* 456 F.2d 1228, 1230 (3rd Cir.1972); 9 Wright & Miller, *Federal Practice and Procedure* § 2392 (1971).

*Easton v. City of Boulder,* 776 F.2d 1441, 1447 (10th Cir. 1985).

Defendants rely on a 46-year-old Fifth Circuit case for the proposition that "the procedural device of a partial new trial should be the exception not the rule," (Defendants' Br. at 5, citing *Alabama v. Blue Bird Body Co.*, 573 F.2d 309, 318 (5th Cir. 1978)), and on a 1930s Supreme Court case, *Gasoline Prods. Co. v. Champlin Refining Co.*, 283 U.S. 494, 500 (1931). Defendants are badly behind the times.

Modern Eleventh Circuit precedent does not construe *Blue Bird* or *Champlin Refining* as Defendants urge; instead, that Court emphasizes the discretion trial courts have to split liability from damages. As the Court noted in *Sowers v. R.J. Reynolds Tobacco Co.,* 975 F.3d 1112, 1130–31 (11th Cir. 2020), "We have applied *Champlin Refining*'s Reexamination Clause standard a number of times, usually *affirming* a district court's grant of a partial retrial of an issue before a new jury *or ordering one ourselves*." (emphasis added).

The *Sowers* Court cited six examples, including *Burger King Corp. v. Mason*, 710 F.2d 1480, 1487 (11th Cir. 1983) and *Mfg. Research Corp. v. Greenlee Tool Co.*, 693 F.2d 1037, 1041–42 (11th Cir. 1982), which approved new trials limited to the issue of damages. The Court also cited *Overseas Private Inv. Corp. v. Metro. Dade Cty.*, 47 F.3d 1111, 1113, 1116 (11th Cir. 1995); *Roboserve, Ltd. v. Tom's Foods, Inc.*, 940 F.2d 1441, 1447 (11th Cir. 1991); *FIGA v. R.V.M.P. Corp.*, 874 F.2d 1528, 1533–34 (11th Cir. 1989); and *Brown v. Electrolux Home Prods., Inc.*, 817 F.3d 1225, 1239 (11th Cir. 2016). And in *Sowers* itself, the Eleventh Circuit authorized and approved splitting the case into *three* parts before three different juries, with the third jury deciding the amount of punitive damages. (We discuss *Sowers* more below in the section on punitive damages.)

Similarly, Defendants argue that other "circuits have adopted strict standards regarding the appropriateness of a partial retrial limited to damages." Defendants Br. at 5-6. The cases Defendants list are 49-54 years old, the youngster being a single Seventh Circuit case that is *only* 29, did not involve a retrial, and did not involve a first jury determining liability and a second jury deciding damages.[1] The

---

[1] *In re Rhone-Poulenc Rorer, Inc.*, 51 F.3d 1293, 1303 (7th Cir. 1995). That case did not involve one jury deciding liability and another damages. Instead, it involved a far more dubious fracturing, not only carving up sub-issues within liability but also separating those determinations as between named plaintiffs and class members:

modern cases simply go a different way. Indeed, Professors Wright and Miller explain that the grant of a new trial limited to damages when liability has been properly determined is the *most common* example of a partial new trial.

> if an error at the trial requires a new trial on one issue and this issue is separate from the other issues in the case and the error did not affect the determination of the other issues, the scope of the new trial may be limited to the single issue. *Perhaps the most common example is the grant of a new trial limited to damages when liability has been properly determined.*

11 C. Wright & A. Miller *Federal Practice and Procedure* § 2814 (3d ed. 2023) (footnotes omitted) (emphasis added).

*Blue Bird,* the 46-year-old Fifth Circuit case, does not apply because of the nature of the claim. The entire relevant holding is based on factors specific to the claim at issue in that case. Specifically, "[i]n an antitrust action brought under the Clayton Act," there is no clean dividing line between liability and damages. 573 F.2d at 318. That's "because liability under [Clayton Act §] 4 necessarily includes proof of injury to business and property. Therefore, bifurcation to separate juries of liability and damages in a § 4 case inevitably introduces the possibility that in the

---

The first jury will not determine liability. It will determine merely whether one or more of the defendants was negligent under one of the two theories. The first jury may go on to decide the additional issues with regard to the named plaintiffs. But it will not decide them with regard to the other class members. Unless the defendants settle, a second (and third, and fourth, and hundredth, and conceivably thousandth) jury will have to decide, in individual follow-on litigation by class members not named as plaintiffs in the *Wadleigh* case, such issues as comparative negligence….

liability phase the first jury might find that there was such injury, while the second jury might on the same evidence of injury in the damage phase, find none." *Id.* "[B]ecause of *this vague dividing line between liability and damages*, this Court has also cautioned that separate trials of liability and damages "must be approached with trepidation."" *Id.* (emphasis added).

Defendants also confuse reexamination of the *evidence* with reexamination of the *issues.* They write:

> The second jury cannot decide whether any malicious, willful, or wanton conduct associated with the trespass was specifically directed toward Plaintiffs *without reexamining the evidence* that this Court deemed insufficient to support a finding that Defendants did *not* set about to cause harm to Plaintiffs or their property.

Defendants Br. at 10; *id.* at 20.[2] "However, the reexamination clause does not prohibit separate juries from considering overlapping evidence, so long as the two juries do not actually decide the same basic issues." *Cooper v. Pac. Life Ins. Co.,* 458 F. Supp. 2d 1368, 1376 (S.D. Ga. 2006). As the Fifth Circuit held:

> The existence of common factual issues is to be distinguished from the existence of overlapping evidence. For purposes of the Seventh Amendment, the question is whether factual issues overlap, thus requiring one trier-of-fact to decide a disputed issue that must be decided by a subsequent jury, *not whether the two fact-finders will merely have to consider similar evidence.*

---

[2] That sentence in Defendants' brief is difficult to parse. Plus, there's no question about whether Defendants' conduct "was specifically directed toward Plaintiffs." That's where Defendants' pollution went – straight onto Plaintiffs property. There was no 'conduct' by Defendants directed otherwise. And the jury found Defendants acted with specific intent to cause harm to Plaintiffs – a finding this Court affirmed, as it was abundantly supported by the evidence.

*Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 423 n.21 (5th Cir. 1998) (emphasis added); *see also Robinson v. Metro-N. Commuter R.R. Co.,* 267 F.3d 147, 170 n.14 (2d Cir. 2001) (same quote). "While *both juries can examine overlapping evidence*, they may not decide factual issues that are common to both trials and essential to the outcome." *Houseman v. U.S. Aviation Underwriters*, 171 F.3d 1117, 1126 (7th Cir. 1999) (emphasis added).

> Nor does the fact that certain evidentiary items might have been relevant to both phases of trial require us to reverse the district court on this point, for the Seventh Amendment "*prohibition is not against having two juries review the same evidence, but rather against having two juries decide the same essential issues*." In re Innotron Diagnostics, 800 F.2d 1077, 1086 (Fed.Cir.1986).

*In re Paoli R.R. Yard PCB Litig.*, 113 F.3d 444, 452 n.5 (3d Cir. 1997) (emphasis added).

At the end of the day, it is for this Court, in the exercise of its discretion and trial management authority, to determine whether the issues of damages are sufficiently discrete to be retried without the jury necessarily reexamining any of the liability issues previously determined. Here, the Court can instruct the jury on the prior findings and they "will not be required or permitted to revisit them." *United States v. J-M Mfg. Co., Inc.*, 2018 WL 705532, at *10 (C.D. Cal. Jan. 31, 2018); *see id.* (reexamination is an issue only if "no instruction by the Court could prevent such a result.").

7

### B. Emotional Distress Claims are not an Exception to the General Rules on Separate Trials.

Defendants argue that the Court's proposed trial plan for the emotional distress claim is "particularly" inappropriate. Defendants' Br. at 7. They contend that "courts have held that emotional-distress damages are not appropriate for a partial retrial because 'emotional distress damages must be evaluated in light of all the circumstances surrounding the alleged misconduct.'"[3] *Id.* at 8. As support, Defendants cite a 38-year-old Third Circuit case (*Spence*)[4] and a one-sentence footnote from an unpublished district court decision from Vermont[5] ("*Cole*"). But they somehow miss the more recent U.S. Supreme Court and Fourth Circuit cases authorizing a partial new trial on damages alone *in an emotional distress case*.

*Hetzel v. Prince William Cnty., Va.,* 523 U.S. 208, 209 (1998) dealt with an emotional distress claim where the damages were determined to be excessive. On

---

[3] The Defendants argue that aspects of the emotional distress damages claim are interwoven with the first jury's punitive-liability finding and the first jury's specific-intent-to-cause-harm finding. Still, the Defendants concede, as to both points, that the issues the second jury will decide as to emotional distress damages are "not the same" as these issues. Defendants' Br. at 9 ("These standards are not the same . . ."); 10 ("these standards are not the same").

[4] *Spence v. Bd. of Educ. of Christina Sch. Dist.,* 806 F.2d 1198, 1202 (3d Cir. 1986).

[5] *Cole v. Foxmar, Inc.*, No. 2:18-CV-00220, 2022 WL 842881, at *18 (D. Vt. Mar. 22, 2022), *reconsideration denied,* 2022 WL 18456824 (D. Vt. June 13, 2022), *aff'd,* No. 23-87, 2024 WL 74902 (2d Cir. Jan. 8, 2024), *cert. pet. filed*, No. 23-1098 (U.S. Apr. 5, 2024).

appeal, the Fourth Circuit had originally "set aside the damage award and remand[ed] the case to the district court for the recalculation [rather than retrial] of the award of damages for emotional distress." *Id.* After accepting *certiorari,* the Supreme Court held that, under the Seventh Amendment, the plaintiff should be offered the option of a new trial on the issue of damages alone.

On remand, the Fourth Circuit addressed its mandate, noting that the Supreme Court held "that the plaintiff is entitled to a new trial on the issue of damages alone" and that "The District Court correctly afforded petitioner the option of a new trial when it entered judgment for the reduced damages." *In re Bd. of Cnty. Sup'rs of Prince William Cnty., Va.,* 143 F.3d 835, 842 (4th Cir. 1998). "Our obligation is to ensure that the plaintiff receives this right of conditional remittitur, as defined by the Supreme Court." *Id.* Thus, the Supreme Court and (to the extent it matters) the Fourth Circuit have not only approved but *mandated* the grant of new trial on damages alone on a claim for emotional distress.

Even aside from the Supreme Court authority, the cases relied on by Defendants do not help them. *Cole*, the Vermont District Court case, supports Plaintiff. There the district court ordered a partial new trial on damages only, after finding that the damages awarded on three of four counts were excessive. It then discussed whether to affirm the portion of the verdict finding liability and

awarding damages for emotional distress. This is the entire discussion and analysis of the reexamination issue in *Cole:*

> While the jury's award of emotional distress damages is not itself excessive, the issue of emotional damages is not "sufficiently separate" from other damages "to allow a partial new trial" as to front pay, back pay, and punitive damages but not emotional distress damages.

*Cole,* 2022 WL 842881 at *18 n.8. The District Court decided to retry "damages only" for the entire case rather than exempting the emotional distress case from the partial new trial, concluding that "[l]iability in this case is sufficiently distinct from damages that a new trial limited to the issue of appropriate damages would not prejudice either party." *Id.* at *18–19. Thus, the District Court Opinion ordered a damages-only retrial of the emotional distress claim, *along with* the other claims.

*Spence* also does not help Defendants. Defendants cite *Spence* as

> a case that involved both punitive and emotional-distress damages, the Third Circuit held that a retrial *must* include all issues—both liability and damages—because the damages issues required "present[ing] to the jury all the facts" of the alleged retaliation, such that "the liability and damages issues are not so easily separable" that they can be tried independently. *Spence*, 806 F.2d at 1201–02.

Defendants Br. at 8 (emphasis added).

But the Third Circuit did not hold that a retrial "must include all issues—both liability and damages." It merely held that it was *not an abuse of discretion* to order a retrial on both liability and damages for emotional distress when the damages were excessive. The Court was quite clear that its "review is limited to

10

determining whether the district court abused its discretion in reaching its conclusion. … In summary, it is our opinion that the district judge properly used his discretion to offer a remittitur or a new trial to the plaintiff, as well as to determine that the liability and damage issues should be tried together on a retrial." *Spence*, 806 F.2d at 1201-02.

And even if the Third Circuit actually had held, as defendants incorrectly claim, that a retrial of an emotional distress case "*must* include all issues—both liability and damages," it could mean nothing in light of the Supreme Court's subsequent decision in *Hetzel*. Emotional distress claims are no exception to the ordinary rules on the scope of retrial.

### C. Punitive Damages Are Not an Exception to the Rules Governing Separate Trials

#### 1. The Seventh Amendment Does Not Apply to Punitive Damages Claims

Preliminarily, Plaintiff contends that the Seventh Amendment does not apply to the punitive damages claims at all. The Eleventh Circuit has recognized this as an open issue but has not had to resolve it. *Searcy v. R.J. Reynolds Tobacco Co.*, 902 F.3d 1342, 1357 (11th Cir. 2018). Instead, that Court held that, even assuming that the Seventh Amendment applied to punitive damages, the Reexamination Clause was not violated by submitting punitive damages claims to a separate, subsequent jury. *Id.*

As *Searcy* noted, the Supreme Court has distinguished punitive damages awards from the Seventh Amendment concern discussed in such cases as *Hetzel v. Prince William County*, discussed above.

> Because the jury's award of punitive damages does not constitute a finding of "fact," appellate review of the district court's determination that an award is consistent with due process *does not implicate the Seventh Amendment concerns raised by respondent* and its *amicus*. Our decisions in *Gasperini* and *Hetzel v. Prince William County,* 523 U.S. 208, 118 S.Ct. 1210, 140 L.Ed.2d 336 (1998) *(per curiam),* both of which concerned compensatory damages, are not to the contrary.

*Cooper Indus., Inc. v. Leatherman Tool Grp., Inc.,* 532 U.S. 424, 437 (2001) (emphasis added, citation omitted); *see also Johansen v. Combustion Eng'g, Inc.*, 170 F.3d 1320, 1332 (11th Cir. 1999). The Seventh Amendment does not apply, but even if it did, it would not be violated, as discussed below.

### 2. Binding Caselaw Refutes Defendants' Argument Concerning Punitive Damages and Partial Retrial

Twice in the last six years the Eleventh Circuit has rejected Seventh Amendment challenges to the practice of submitting punitive damages to a separate jury. Defendants fail to discuss this Circuit's most recent decision on this issue, looking primarily to older cases. The most recent and on-point case from the Eleventh Circuit, discussed above, is *Sowers v. R.J. Reynolds,* 975 F.3d at 1130–31, which makes it clear that district courts have great discretion to grant partial new trials, gathering a list of circuit authority as described above. *Id.*

As noted above, *Sowers* authorized and approved splitting the case into three parts before three different juries, with the third jury addressing punitive damages. The first jury determined the liability of the defendant to a class ("the original *Engle* class action jury"). *Id.* A second jury "returned a verdict for an individual plaintiff on negligence and strict liability (with underlying findings of class membership, legal causation, and comparative fault)." *Id.* And the Eleventh Circuit approved tri-furcating to a third jury "that would decide how much punitive damages, if any, that same plaintiff would recover. Those are the circumstances that frame the Reexamination Clause issue in this case." (emphasis added). *Id.* at 1132.

The Eleventh Circuit ruled that way despite the argument that defendants make here:

> R.J. Reynolds argues that under the Reexamination Clause rule, a full retrial is necessary if there is to be a trial on punitive damages because "[t]here is no way to litigate punitive damages without reexamining the first jury's findings concerning Reynolds' conduct, which inhere in its class membership, comparative-fault, and compensatory-damages verdicts."

*Id.* In rejecting that argument, the Eleventh Circuit noted that

> to the extent it is relevant to punitive damages, negligence will be established through the law of the case in the punitive damages trial on remand; the remand jury will be instructed to accept as a given that R.J. Reynolds was negligent.

> The same is true of strict liability. …, strict liability would be established through the law of the case in the punitive damages trial on remand, and the remand jury would be instructed to accept it as given.

*Id.* at 1135.

The other recent Eleventh Circuit case approving bifurcation of punitive damages before a separate jury is *Searcy v. R.J. Reynolds,* 902 F.3d at 1357. Defendants describe *Searcy* as follows:

> the court stated that "the Seventh Amendment could be violated when a second jury is called on to decide punitive damages arising out of a verdict of liability rendered by a previous jury," but "[i]n this case … we find no violation" because the second jury decided both punitive liability and amount of punitive damages. *Id.* at 1357–58.

Defendants' Br. at 18. This Court will of course itself read those pages from the *Searcy* decision. There does not appear to be any basis for the defendants' statement that the approval of bifurcation of punitive damages in *Searcy* was "because the second jury decided both punitive liability and amount of punitive damages." That is not how the Eleventh Circuit rationalized its holding. *Searcy*'s key point is that there was no Seventh Amendment obstacle even though the punitive damages jury would be assessing the same underlying conduct on which the prior juries based their liability findings. 902 F.3d at 1357-58.

## Conclusion

Defendants look to yesterday's law, shutting their eyes to the more recent Supreme Court and Eleventh Circuit law permitting bifurcation under these circumstances. This Court's re-trial plan is not unconstitutional.

Respectfully submitted this 15th day of May, 2024.

James E. Butler, Jr.
Georgia Bar No. 099625
Ramsey B. Prather
Georgia Bar No. 658395
Daniel E. Philyaw
Georgia Bar No. 877765
Caroline W. Schley
Georgia Bar No. 511349
BUTLER PRATHER LLP
105 13th Street (P.O. Box 2766)
Columbus, Georgia 31902
(706) 322-1990
jim@butlerprather.com
ramsey@butlerprather.com
dan@butlerprather.com

C. Cooper Knowles
LAW OFFICE OF C. COOPER KNOWLES, LLC
750 Hammond Drive
Building 12, Ste. 200
Sandy Springs, GA 30328
Tel: 770-668-2081

*/s/Michael B. Terry*
Michael B. Terry
Georgia Bar No. 702582
Frank M. Lowrey IV
Georgia Bar No. 410310
BONDURANT MIXSON
 & ELMORE, LLP
1201 W. Peachtree Street NW
Ste 3900
Atlanta, Georgia 30309
(404) 881-4108
terry@bmelaw.com
lowrey@bmelaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2024, I electronically filed the foregoing *Plaintiffs' Response in Opposition to Defendants' Brief in Support of Their Position that the Scope of the Partial Retrial Violates Their Constitutional Rights* with the Clerk of Court using the CM/ECF system, which automatically send e-mail notification of such filing to any attorneys of record.

*/s/Michael B. Terry*
Michael B. Terry
Georgia Bar No. 702582
