IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| H&L FARMS LLC, *et al.*, | * |
| Plaintiffs, | * |
| vs. | * |
| | CASE NO. 4:21-CV-134 (CDL) |
| SILICON RANCH CORPORATION, *et al.*, | * |
| | * |
| Defendants. | |
| | * |

O R D E R

The injunction in this action requires Defendants to "complete all requirements necessary to obtain a 'Notice of Termination under the General Permit from Georgia's Environmental Protection Division" by September 1, 2024. Compliance Schedule, Item 1.f. Defendants seek an extension of this deadline until December 6, 2024. The requested schedule change would also impact item 1.g of the compliance schedule, which requires monitoring until twelve months after Defendants obtain the Notice of Termination. Plaintiffs oppose the extensions.

Through the Special Master, Defendants provided the Court with two main reasons for their requested extension.[1] First, the site experienced unusually dry weather from June 1-July 19, 2024 with little measurable rainfall. The drought conditions killed

---

[1] A copy of Defendants' correspondence to the Special Master was provided to Plaintiffs.

some of the grass that was planted in the early spring and prevented much of the grass planted during the drought period from germinating. Second, Defendants have identified new areas of erosion downstream from the permissible limits of disturbance shown in the Erosion, Sedimentation and Pollution Control Plan. They hired engineers to design a remedy, which they have submitted to the Georgia Environmental Protection Division and which has been approved by the EPD with an amended Erosion, Sedimentation and Pollution Control Plan. Construction of the remedial design will disturb areas which cannot be grassed and stabilized by the existing September 1, 2024 deadline.

The Court is disappointed that Defendants have been unable to fully comply with the compliance schedule. But based on the Court's monitoring of Defendants' efforts through the Special Master, the Court finds that the request for an extension is made in good faith and not for purposes of delay or to improperly avoid compliance with the injunction. Accordingly, the compliance schedule is amended such that the item 1.f Notice of Termination deadline shall be December 6, 2024, with a corresponding extension for item 1.g to December 6, 2025. The Court will expect a full report by Defendants at the October 15, 2024 status conference on their progress toward meeting the December 6, 2024 deadline.

The Court understands Plaintiffs' frustration with any additional delays. And the Court will not tolerate empty promises

and unjustified excuses by Defendants. The Court's main focus, however, with regard to injunctive relief is to make reasonably certain that the Defendants' site is permanently stabilized so that Plaintiffs will be able to enjoy the use of their property untarnished by sedimentation runoff in amounts materially greater than before Defendants disturbed the upstream property. As to past (and perhaps future) damages, Plaintiffs will have an opportunity to recover those at the appropriate time.

IT IS SO ORDERED, this 28th day of August, 2024.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA