IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| H&L FARMS, LLC, *et al.*, | * |
| Plaintiffs, | * |
| vs. | * |
| | CASE NO. 4:21-CV-134 (CDL) |
| SILICON RANCH CORPORATION, *et al.*, | * |
| | * |
| Defendants. | * |
| | * |

O R D E R

The Court held a jury trial of this action in 2023. The jury returned a verdict in favor of Plaintiffs and against Defendants Silicon Ranch Corporation, Infrastructure and Energy Alternatives, Inc., and IEA Constructors, LLC.[1] The Court concluded that although the jury's factual findings on liability were supported by the evidence presented at trial, the jury awarded excessive compensatory and punitive damages. The Court issued an order granting a new trial on compensatory and punitive damages only and stated that the first jury's factual findings on liability, including liability for punitive damages, will not be retried. Defendants contend that the Court should hold a new trial on all issues or, at a minimum, on all issues related to punitive damages.

---

[1] The jury found against Plaintiffs on their claims against Westwood Professional Services, Inc., and SR Lumpkin, LLC. The only remaining Defendants are Silicon Ranch Corporation ("SRC"), Infrastructure and Energy Alternatives, Inc. ("IEA"), and IEA Constructors, LLC ("IEAC").

As explained below, the Court finds that its planned approach to the new trial is consistent with Federal Rule of Civil Procedure 59(a) and does not violate the Seventh Amendment.

BACKGROUND

The Court ruled that during the new trial, Plaintiffs will not have to prove the following facts that the first jury found as to conduct and/or harm that occurred before the first jury reached its verdict on April 28, 2023:

1. SRC, IEA, and IEAC "created, contributed to, or maintained a nuisance that caused injury to Plaintiffs." Phase I Verdict Form 1-2, ECF No. 276. To reach that finding, the jury had to conclude that (1) the defendant's conduct created, continued, or maintained a nuisance; (2) the defendant had control over the nuisance; (3) the defendant knew its conduct was substantially likely to cause injury to Plaintiff's property; and (4) the nuisance proximately caused injury to Plaintiffs. Phase I Jury Instr. Charge No. 8, ECF No. 280.

2. SRC, IEA, and IEAC "trespassed onto Plaintiffs' property and caused injury to Plaintiffs." Phase I Verdict Form 2-3. To reach that finding, the jury had to conclude that (1) the defendant committed intentional, unlawful acts that caused a trespass onto Plaintiffs' property; (2) the defendant had control over the cause of the trespass; and (3) the trespass proximately caused injury to Plaintiffs. Phase I Jury Instr. Charge No. 9.

3. SRC, IEA, and IEAC "committed negligence that caused injury to Plaintiffs." Phase I Verdict Form 3-4. To reach that finding, the jury had to conclude that (1) the defendant was "negligent" and (2) the negligence proximately caused injury to Plaintiffs. Phase I Jury Instr. Charge No. 10.

4. The negligence of IEA and IEAC "proximately caused a violation of the NPDES Permit by Silicon Ranch Corporation that caused damage to the Plaintiffs." Phase I Verdict Form 9.

5. There was clear and convincing evidence that punitive damages should be assessed against SRC, IEA, and IEAC. Phase I Verdict Form 10. To reach that finding, the jury had to find by clear and convincing evidence that the defendant's actions "showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care that would raise the presumption of conscious indifference to the consequences." Phase I Jury Instr. Charge 15.

6. SRC, IEA, and IEAC acted with specific intent to cause harm to Plaintiffs. Phase II Verdict Form 1-2, ECF No. 278. To reach that finding, the jury had to find that the defendant "desire[d] to cause the consequences of its act or believe[d] that the consequences [were] substantially certain to result from it." Phase II Jury Charge 2, ECF No. 280-1.

The Court ruled that during the new trial, the jury will decide the following issues:

1. Whether SRC, IEA, and IEAC created, contributed to, or maintained a nuisance that caused injury to Plaintiffs after April 28, 2023 (the date of the first jury verdict);

2. Whether SRC, IEA, and IEAC committed negligence that caused injury to Plaintiffs after April 28, 2023;

3. Whether SRC, IEA, and IEAC trespassed onto Plaintiffs' property and caused injury to Plaintiffs after April 28, 2023;

4. The cost to repair Plaintiffs' property;

5. The amount of damages for Plaintiffs' loss of use and enjoyment of their property because of a nuisance (capped by the fair market value of the property);

6. Whether a trespass by SRC, IEA, and/or IEAC was accompanied by physical injury, pecuniary harm, or malicious, willful, or wanton conduct;

7. Whether Plaintiffs suffered mental anguish, separate from their "loss of use" nuisance damages, caused by a trespass by SRC, IEA, and/or IEAC and, if so, the amount of damages (not capped at the value of the property); and

8. The amount of punitive damages for the conduct of SRC, IEA, and/or IEAC up to April 28, 2023.[2]

DISCUSSION

Federal Rule of Civil Procedure 59(a) permits a court to "grant a new trial on all or some of the issues" after a jury trial. A district court that finds the jury's damages verdict unsupported by the evidence may order a new trial on damages only. *McBride v. Carnival Corp.*, 102 F.4th 1194, 1205 (11th Cir. 2024). "Partial new trials are appropriate when 'the issue to be retried is so distinct and separable from the others that a trial of it alone may be had without injustice.'" *Taxinet Corp. v. Leon*, 114 F.4th 1212, 1230 (11th Cir. 2024) (quoting *Gasoline Prods. Co. v. Champlin Refin. Co.*, 283 U.S. 494, 500 (1931)).

If a determination of damages requires reexamination of the facts underlying the liability question or if there are indications that the jury reached a compromise verdict, then a damages-only retrial is not favored. *See, e.g.*, *Taxinet Corp.*, 114 F.4th at 1230 (finding that a damages-only retrial on an unjust enrichment claim was improper because it was impossible to place a value on the benefit conferred by the plaintiff without knowing what that

---

[2] It is the Court's understanding that in light of Defendants' efforts to comply with the injunction order, Defendants take the position that Plaintiffs will not, as a matter of law, be able to establish that punitive damages are warranted for their conduct after the first trial. This issue, though, has not been squarely presented to the Court. If Defendants seek a ruling from the Court on this matter, they should include this issue in their forthcoming summary judgment motion.

4

benefit was); *Lucas v. Am. Mfg. Co.*, 630 F.2d 291, 294 (5th Cir. 1980) (finding that damages-only new trial was improper where there were indications of a compromise verdict). But if the jury awards an improper amount of damages and the mistake was unrelated to the jury's liability determination, then a damages-only retrial is permitted. *See, e.g.*, *McBride*, 102 F.4th at 1206-07 (remanding for new trial on one element of compensatory damages only).

This rule is consistent with the Seventh Amendment, which states: "In Suits at common law . . ., the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law." U.S. Const. Amend. VII. If a jury reached a proper verdict on one issue of fact, the Seventh Amendment's Reexamination Clause does not compel a new trial of that issue even if a separable issue must be tried again. *Sowers v. R.J. Reynolds Tobacco Co.*, 975 F.3d 1112, 1129-30 (11th Cir. 2020); *accord Champlin Refin. Co.*, 283 U.S. at 499 ("Here we hold that, where the requirement of a jury trial has been satisfied by a verdict according to law upon one issue of fact, that requirement does not compel a new trial of that issue even though another and separable issue must be tried again."). So, if a jury finds a defendant liable but reaches an unsupported figure for damages, there is no Seventh Amendment problem with a damages-only retrial if proof on the issue of damages is distinct from proof on the

question of liability.  Simply having the second jury consider similar *evidence* to decide a distinct *factual issue* does not violate the Seventh Amendment.  A Seventh Amendment reexamination violation would only occur if the second jury was asked decide an essential factual issue that was already decided by the first jury.

Here, Defendants do not appear to contend that a damages-only retrial on the cost to repair Plaintiffs' property would be inappropriate.  Defendants argue, however, that the emotional distress elements of Plaintiffs' damages are inextricably intertwined with the liability question on Plaintiffs' claims and that the Court must thus order a new trial on liability.  In support of this argument, Defendants cite cases where the factual question of how badly the defendant injured the plaintiff depends on an examination of the defendant's conduct.  For example, where the amount of a plaintiff's emotional distress damages caused by her employer's First Amendment retaliation depended on all the circumstances surrounding the employer's misconduct, damages were too intertwined with liability to be retried alone. *Spence v. Bd. of Educ. of Christina Sch. Dist.*, 806 F.2d 1198, 1201-02 (3d Cir. 1986).

But that is not the situation in this case.  Here, as Defendants acknowledged at the first trial, the evidence established that their conduct of mass grading the solar site without taking appropriate erosion control measures permitted

6

significant sediment to flow onto Plaintiffs' property and pollute their wetlands, streams, and fishing lake. The jury found that Defendants' conduct amounted to a trespass and a nuisance that caused injury to Plaintiffs. It is clear to the Court that those factual findings need not be reexamined to determine the remaining fact question: how much damage that sediment caused Plaintiffs (whether injury to the property or injury to the person because of the trespass and nuisance) up to the time of the first trial. For these reasons, the Court finds that it may conduct a new trial on compensatory damages up to the date of the first trial without retrying liability.

As to Plaintiffs' claims that they suffered trespass, nuisance, or negligence damages after the date of the first trial, they will have to prove that Defendants committed trespass, created a nuisance, and/or committed negligence *after* April 28, 2023 that resulted in injury to them. Such a determination does not require any reexamination of the first jury's factual findings regarding Defendants' trespass, nuisance, and negligence that occurred *before* the first trial. The Court is certain that these issues will not be too confusing for a properly instructed jury.

Turning to the issue of punitive damages, Defendants argue that the second jury should not be permitted to decide the amount of punitive damages without reevaluating whether Defendants should be held liable for punitive damages. Defendants contend that the

7

punitive liability and damages issues are inextricably intertwined because the second jury would have to reexamine the first jury's factual findings on punitive liability to set the amount of punitive damages. Defendants are correct that the question of whether to impose punitive damages is a fact question for the jury. But the *amount* of punitive damages is not a "fact" determined by the jury. *Cooper Indus., Inc. v. Leatherman Tool Grp., Inc.*, 532 U.S. 424, 437 (2001). Therefore, if a jury finds, as a matter of fact supported by the evidence, that a defendant's conduct warrants punitive damages but that jury makes a mistake concerning the amount, the Court is not convinced that the Seventh Amendment prohibits a second jury from deciding only the amount of punitive damages. Accordingly, the Court finds that it may conduct a new trial on the amount of punitive damages without retrying liability for such punitive damages.[3]

## CONCLUSION

For the reasons set forth above, the Court finds that its planned approach to the new trial is consistent with Rule 59(a) and the Seventh Amendment.

At the recent status conference, Defendants announced that they intend to file a short partial summary judgment motion before

---

[3] The Court hastens to add, however, that if Plaintiffs seek to impose punitive damages based in part upon Defendants' conduct after the first verdict, then the issue of whether punitive damages should be awarded at all may have to be considered by the new jury.

the new trial.  The parties are reminded that they should submit a proposed amended scheduling order setting a deadline for that motion, which should be fully briefed no later than February 28, 2025.

    IT IS SO ORDERED, this 8th day of November, 2024.

                                        S/Clay D. Land
                                        CLAY D. LAND
                                        U.S. DISTRICT COURT JUDGE
                                        MIDDLE DISTRICT OF GEORGIA